**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

SHURE INCORPORATED, )
)
         and )   C.A. NO. 19-1343-RGA-CJB
)
SHURE ACQUISITION HOLDINGS, INC., )   JURY TRIAL DEMANDED
)
        Plaintiffs, )
)
        v. )
)
CLEARONE, INC., )
)
        Defendant. )

## AMENDED COMPLAINT

Plaintiffs Shure Incorporated and Shure Acquisition Holdings, Inc. (collectively, "Shure"), by counsel and pursuant to Federal Rules of Civil Procedure 8(a) and 15(a)(1)(B), hereby allege the following in support of their Amended Complaint against Defendant ClearOne, Inc. ("ClearOne"):

## NATURE OF THE ACTION

1.     Healthy competition is a cornerstone of the economy. But that competition must be fair. When Shure first pioneered the design of a ceiling array microphone, offering powerful acoustic benefits with flexible mounting options and minimal aesthetic drawbacks in rooms where it would be implemented, Shure built an entire new product market. Shure's MXA910 product, part of the Microflex Advance (MXA) family of products, was and continues to be very popular with customers because of its many innovative features. In recognition of the MXA910's inventive features, the U.S. Patent and Trademark Office issued to Shure U.S. Patent No. 9,565,493 (the "'493 Patent") (Exhibit A). ClearOne's reaction to the success of the MXA910 was not to innovate or fairly compete, but rather to generate its own version of the

same product, the BMA CT, which infringes the '493 Patent.  In an effort to induce customers to buy ClearOne's BMA CT, and to deter purchases of Shure's MXA910 products, ClearOne began a campaign of false and misleading statements to customers.  This is not fair and honest competition.  It is unlawful and has damaged Shure and its customers.

2.     This civil action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) *et seq.*, the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2532 *et seq.*, and Delaware common law, and relates to ClearOne's products, including ClearOne's BMA CT product, and its deceptive trade practices.

## PARTIES

3.     Plaintiff Shure Incorporated is a corporation organized under the laws of Illinois with a principal place of business at 5800 W. Touhy Avenue, Niles, Illinois 60714.

4.     Plaintiff Shure Acquisition Holdings, Inc. is a corporation organized under the laws of Illinois with a principal place of business at 5800 W. Touhy Avenue, Niles, Illinois 60714.  Shure Acquisition Holdings, Inc. is a wholly-owned subsidiary of Shure Incorporated.

5.     On information and belief, Defendant ClearOne is a corporation organized and existing under the laws of the State of Delaware, and is headquartered at 5225 Wiley Post Way, Suite 500, Salt Lake City, Utah.

## JURISDICTION AND VENUE

6.     This Court has personal jurisdiction over ClearOne because, on information and belief, ClearOne is incorporated in Delaware.

7.     On information and belief, this Court also has personal jurisdiction over ClearOne because ClearOne has established minimum contacts with the forum such that the exercise of

personal jurisdiction over ClearOne would not offend traditional notions of fair play and substantial justice.

8.      On information and belief, ClearOne has regularly and purposefully availed itself of the privilege of conducting business activities within Delaware and this Judicial District.  On information and belief, ClearOne has purposefully availed itself of the rights and benefits of Delaware law and has engaged in systematic and continuous contacts with Delaware.   On information and belief, ClearOne derives substantial revenue from the sale of infringing products and/or services in Delaware and has availed itself of the privilege of conducting business within Delaware.

9.      On information and belief, personal jurisdiction is proper because ClearOne has committed acts of infringement in this Judicial District.  This Court has personal jurisdiction over ClearOne because, *inter alia*, this action arises at least in part from activities ClearOne directed towards Delaware.

10.      On information and belief, ClearOne has appointed a registered agent in Delaware at Capitol Services, Inc., 1675 S. State Street, Ste. B, Dover, Delaware 19901.

11.      Exercising personal jurisdiction over ClearOne in this District would not be unreasonable given ClearOne's contacts in this District, the interest in this District of resolving disputes related to products and/or services sold herein, and the harm that would occur to Shure in this District.

12.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) as to the claims arising under federal law, and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 as to the claims arising under state law because they form part of the same case and controversy as the claims arising under federal law.

13.    Venue is proper under 28 U.S.C. §§ 1391(b) and 1391(c) because the Court has personal jurisdiction over ClearOne in Delaware and ClearOne resides in Delaware.  Venue is proper under 28 U.S.C. § 1400(b) because ClearOne is in incorporated in Delaware and thus resides in this Judicial District, and because, on information and belief, infringing activity has occurred and continues to occur in this Judicial District.

## FACTUAL BACKGROUND

14.    Shure has been a pioneer in the audio electronics industry since its founding in 1925.  From its beginnings as a one-man company selling AM radio kits and components, Shure has grown to become the worldwide standard-bearer for superior and reliable professional audio equipment, including microphones, earphones, headphones, monitoring equipment, conference room equipment, mixing equipment, software, and more.

15.    With respect to at least some of the products Shure sells, ClearOne is a direct competitor of Shure.  Since 2017, ClearOne and Shure have been engaged in litigation involving several patents and competing products in the Northern District of Illinois and the District of Utah, as well as before the Patent Trial and Appeal Board ("PTAB").

16.    On February 9, 2016, Shure publicly announced its Microflex Advance portfolio of networked conferencing products, offering "elegant, versatile, and scalable solutions for A/V conferencing spaces that require pristine speech intelligibility."  Exhibit B at 1.  One of Shure's current products in this line, the MXA910, is a ceiling-mounted array microphone that performs beamforming in a highly accurate and targeted manner, and provides a variety of flexible mounting options while preserving room aesthetics.  To protect the innovative technologies of this product, Shure filed, among other patent applications, U.S. Patent Application No. 14/701,376 (the "'376 application") with the United States Patent and Trademark Office

("USPTO") on April 30, 2015. The '376 application subsequently issued as the '493 Patent to Mathew T. Abraham et al., on February 7, 2017. The '493 Patent is titled "Array Microphone System and Method of Assembling the Same." A true and accurate copy of the '493 Patent is attached as Exhibit A.

17.     Shure is the owner and assignee of all rights, title, and interest in the '493 Patent, and holds the right to sue and recover damages and lost profits for infringement thereof, including current and past infringement.

18.     ClearOne has had knowledge of the '493 Patent since before the filing of this Complaint. For example, ClearOne filed a petition for *inter partes* review of the '493 Patent on February 15, 2019. That proceeding, Case IPR2019-00683, is ongoing. Even earlier, ClearOne submitted an Information Disclosure Statement on July 19, 2017, during prosecution of ClearOne's U.S. Patent Application No. 14/475,849, affirmatively identifying the '493 Patent.

19.     Despite its knowledge of the '493 Patent, ClearOne released its BMA CT product in 2019, which it marketed as a ceiling tile beamforming microphone array. According to ClearOne's website, ClearOne announced on February 25, 2019 that it had begun shipments of the BMA CT. In doing so, ClearOne adopted technologies developed and implemented by Shure in the MXA910 product and patented in the '493 Patent.

20.     In addition to incorporating Shure's patented technology in its BMA CT product, ClearOne also attempted to mislead Shure's customers as to the availability, legitimacy, and viability of Shure's MXA910 product based on the ongoing litigation between the parties. Since at least March 2019, ClearOne's communications with more than a dozen installers and integrators included false and misleading statements as to the status and alleged outcome of the parties' ongoing litigation. On information and belief, these statements were made by at least

John Schnibbe, a Regional Sales Manager for ClearOne, and were made to customers such as installers and integrators of conferencing equipment.  For example, ClearOne has falsely and with bad faith stated, *inter alia*, that Shure's MXA910 has been found to infringe ClearOne's patents, that two separate court rulings found that the MXA910 infringed ClearOne's patents, that such rulings were "unanimous," that ClearOne had "won" its lawsuit against Shure, that the MXA910 will soon be unavailable, that Shure will soon have to stop selling the MXA910, that Shure was then unable to sell MXA910 products, and that integrators, installers, and/or end users will need to tear or rip out existing installations of the MXA910.  These statements are all factually false and, on information and belief, were intentionally misleading and were made in bad faith, and with the intent to induce customers to refrain from purchasing MXA910 products. These false and deceptive statements harmed Shure's business by purposefully deceiving buyers and potential buyers of the MXA910 product, and discouraging purchases of the MXA910, as well as other Shure products.

21.    ClearOne has also attempted to mislead customers, including installers and integrators, through written communications.  For example, ClearOne's Senior Vice President of Finance, Narsi Narayanan, issued a letter to customers dated August 29, 2019, that purported to summarize the effect of a preliminary injunction order that issued in the parties' parallel N.D. Ill. litigation.  ClearOne's letter includes the following intentionally false and misleading statements:

> The Court's infringement analysis applies equally to third parties such as integrators and consultants. If Shure is likely infringing the '806 Patent by manufacturing, marketing, and selling the MXA910 product to be used in a drop-ceiling mounting configuration, then third-party integrators are also likely infringing the '806 Patent if they install the MXA910 product in a drop-ceiling mounting configuration, and third-party consultants are likely inducing infringement if they recommend installation of the MXA910 product in a drop-ceiling mounting configuration.

Please be aware that it is likely an act of infringement to install a Shure MXA910 product (Model Nos. MXA910B, MXA910W, MXA910AL, MXA910B-60CM, MXA910W-60CM, and MXA910AL-60CM) in a drop-ceiling mounting configuration. This is so regardless of when, or how, the installing company received the MXA910 that it installs. Please also be aware that a finding of willful patent infringement may result in the infringer having to pay treble damages pursuant to 35 U.S.C. § 284.

22.     These statements are false and misleading for many reasons. For example, it is not true that all "drop-ceiling mounting configuration[s]" of the MXA910 are preliminarily enjoined. There is no dispute, for example, that when the MXA910 is mounted to a drop-ceiling tile or other structure, such that the microphones of the MXA910 are not in the drop space (i.e., they are below the track of the drop ceiling), there is no infringement. Customers are free to install the MXA910 in this manner, and sometimes do, yet ClearOne's letter falsely suggests that such a use of the MXA910 is infringing and forbidden. The falsity of ClearOne's statements in this regard is not disputable and is not a matter of interpretation of the preliminary injunction order. By misleading customers to think that they are at risk of infringement liability, and possibly "willful" infringement which may lead to "treble damages," ClearOne intentionally and with bad faith attempted to mislead customers into ceasing purchases of the MXA910 and instead purchasing ClearOne's products.

23.     As another example, ClearOne's threat of "infringement" liability for customers is highly misleading and false. In ClearOne's operative pleading in the first N.D. Ill. action, ClearOne asserts both direct and indirect infringement, including allegations that Shure is liable for infringement by "customers." *Shure Inc. v. ClearOne, Inc.*, No. 1:17-cv-03078, Dkt. 430 ¶¶ 46, 59 (N.D. Ill. Oct. 30, 2018). ClearOne is thus attempting to hold Shure wholly liable for alleged infringement by customers. ClearOne's allegations will either be proven incorrect or correct, but in either scenario Shure's customers themselves will not be liable. By intentionally misleading customers into thinking that they will be held liable for "infringement," and possibly

"willful" infringement with treble damages, ClearOne again misrepresents facts to customers and evidences its bad faith behind such communications.

24.     Additionally, ClearOne's letter falsely misleads customers into thinking that there is no permissible use of the MXA910.  This is because ClearOne intentionally and in bad faith omitted from its letter the several and significant noninfringing uses of the MXA910.  Again, there is no dispute about these noninfringing uses.  ClearOne itself asserts them in the first N.D. Ill. suit.  According to ClearOne, "Shure's MXA910 has multiple mounting options" and "even if Shure is unable to manufacture or sell the MXA910 in a way that allows it to be installed in a drop-ceiling mounting configuration, Shure will be able to continue to sell MXA910s for use in other configurations."  *Shure Inc. v. ClearOne, Inc.*, No. 1:17-cv-03078, Dkt. 567 at 6 (N.D. Ill. Aug. 7, 2019).  Despite making these admissions in the first N.D. Ill. suit on August 7, 2019, ClearOne omitted any reference to these non-infringing uses of the MXA910 in its August 29, 2019 letter.  Instead, ClearOne's letter was designed to mislead customers into believing that there is no non-infringing use of the MXA910, and that installing the MXA910 will lead to infringement liability.

25.     Further, ClearOne's letter falsely and misleadingly tells customers that they may not install the MXA910 in a drop-ceiling mounting configuration "regardless of when, or how, the installing company received the MXA910 that it installs."  This is false and misleading for at least two reasons.  First, the preliminary injunction order does not apply to exterritorial uses of the MXA910, as ClearOne knows, and in fact conceded in the first N.D. Ill. suit.  Customers reading the letter would falsely be misled to understand that they may not install the MXA910 outside of the United States.  Further, the preliminary injunction specifically allowed that "Shure customers that have already installed the MXA910 in a drop-ceiling mounting configuration

shall be permitted to continue using their MXA910s in that way, and Shure will be able to continue servicing those already-installed products." *Shure Inc. v. ClearOne, Inc.*, No. 1:17-cv-03078, Dkt. 551 at 64 (N.D. Ill. Aug. 5, 2019).  It was false and misleading for ClearOne to omit this specific carve-out from the preliminary injunction in its August 29, 2019 letter.

## FIRST CAUSE OF ACTION

## INFRINGEMENT OF U.S. PATENT NO. 9,565,493

26.     Shure realleges and incorporates by reference the foregoing paragraphs as though fully restated herein.

27.     The '493 Patent is valid and enforceable.

28.     The '493 Patent addresses significant problems when deploying microphones in a conference room setting and in other environments with background noise or multiple noise sources.  The '493 Patent explains that existing technologies suffered from drawbacks, including picking up unwanted sound from nearby noise sources, detecting sound from more than one direction, and mounting complex installations to a ceiling.  Exhibit A, '493 Patent at 1:15-63.  The '493 Patent addresses these problems by, *inter alia*, providing an array microphone that is "unobtrusive, easy to install into an existing environment, and can enable the adjustment of the microphone array to optimally detect sounds from an audio source, e.g., a human speaker, and reject unwanted noise and reflections." *Id*. at 1:64-2:3.

29.     Claim 17 of the '493 Patent recites:

17.  A microphone assembly comprising:

an array microphone comprising a plurality of microphones; and

a housing configured to support the array microphone, the housing being sized and shaped to be mountable in a drop ceiling in place of at least one of a plurality of ceiling tiles included in the drop ceiling,

> wherein a front face of the housing includes a sound-permeable screen having a size and shape that is substantially similar to the at least one of the plurality of ceiling tiles.

30.    ClearOne, in violation of 35 U.S.C. § 271, has infringed and continues to infringe at least claims 17-20 and 23-27 of the '493 Patent by making, using, offering to sell, selling, and/or importing beamforming microphone arrays in the United States, including but not limited to, the BMA CT product, without authority, either individually and/or jointly with its customers using the BMA CT product.  For example, the BMA CT product infringes each and every element of at least claims 17-20 and 23-27 of the '493 Patent, either literally and/or under the doctrine of equivalents.[1]

31.    Upon information and belief, ClearOne has distributed and continually distributes the BMA CT product through established distribution channels throughout the United States, including, but not limited to ClearOne's own sales network.

32.    ClearOne's acts with respect to the BMA CT product have been without license or authority from Shure with respect to the '493 Patent.  As indicated below, ClearOne directly infringes the '493 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing the BMA CT in the United States.

33.    The BMA CT comprises a microphone assembly as recited in claim 17 of the '493 Patent.  For example, ClearOne's literature confirms:

---

[1] Claims 17-20 and 23-27 are identified in this Complaint solely to provide an exemplary basis of ClearOne's infringement of the '493 Patent. This listing of claims is by no means limiting, and Shure retains all rights to supplement and/or amend its listing of asserted claims during this action.

-10-

## THE BMA CT

The BMA CT is a 2nd-generation Beamforming Microphone Array solution for ceiling-tile installations, featuring 24 microphones, and beamforming and adaptive-steering technology (think of it as smart beam selection) designed specifically for the CONVERGE® Pro 2 (CP2) products: 128, 128D, 128T, 128TD, 128V, 128VD, 128VT, 128VTD, 120, , 48T, 48VT, 48VTD, and 48V. The arrays connect with the CONVERGE Pro 2 through a Peripheral Link (P-Link) port with either Regular (200 ft.)

BMA CT, Quick-Start Guide (Rev. 2.4, Mar. 2019) at 2 (Exhibit C).



BMA CT, Datasheet (Rev. 2.0, 2019) at 1 (Exhibit D).

**24 microphones**

- 1 Channel In (Uses P-Link channels or C-Link channels for speakers, no input channels in CP2)
- Number of Beams: Two patterns, either 5 or 6 beams
- Polar Pattern: Custom
- Frequency Response: 150Hz — 16kHz, +/- 3dB
- Dynamic Range: 150Hz — 16kHz, > 70dB

**Amplifier Output**

- Type: 5.08mm Black Header, Male, Phoenix type Euroblock
- Audio: 2 Channels
- Frequency Response: 20Hz — 22kHz @ +10dBu, +/- 0.5dB
- THD + Noise: 20Hz — 22kHz @ +10dBu, 1W, < 0.2%
- Dynamic Range: 20Hz — 22kHz @ +20dB, > 102dB, with 20kHz digital low pass filter
- Crosstalk: Channel to Channel, stimulus at +20dBu to receptor 10W output 8Ω load, 20Hz — 22kHz, < 60dB

BMA CT Specifications, http://www.clearone.com/bma-ct (Exhibit E).

34.     The BMA CT includes an array microphone comprising a plurality of microphones as recited in claim 17 of the '493 Patent.  For example:



**THE BMA CT**

The BMA CT is a 2nd-generation Beamforming Microphone Array solution for ceiling-tile installations, featuring 24 microphones, and beamforming and adaptive-steering technology (think of it as smart beam selection) designed specifically for the CONVERGE® Pro 2 (CP2) products: 128, 128D, 128T, 128TD, 128V, 128VD, 128VT, 128VTD, 120, , 48T, 48VT, 48VTD, and 48V. The arrays connect with the CONVERGE Pro 2 through a Peripheral Link (P-Link) port with either Regular (200 ft.)

BMA CT, Quick-Start Guide (Rev. 2.4, Mar. 2019) at 2 (Exhibit C).

> Each ceiling tile microphone array supports long distance P-Link mode with 200 m / 650 ft between tiles, for a total cable reach of 600 m / 1950 ft

BMA CT Product Overview, http://www.clearone.com/bma-ct (Exhibit F).



BMA CT, Quick-Start Guide (Rev. 2.4, Mar. 2019) at 9 (Exhibit C).

35.     The BMA CT includes a housing configured to support the array microphone, the housing being sized and shaped to be mountable in a drop ceiling in place of at least one of a plurality of ceiling tiles included in the drop ceiling as recited in claim 17 of the '493 Patent.  For example:

> The BMA CT is a patented ceiling tile beamforming mic array that blends in perfectly with today's drop ceilings.

BMA CT, Datasheet (Rev. 2.0, 2019) at 1 (Exhibit D).

**Convenient Ceiling-Tile Form Factor**

+ Drops easily into standard ceiling-tile grid systems

+ Integrated features significantly reduce system design complexity

+ Simple installation

+ Consumes less rack space

+ Lower cost

+ Three sizes available to fit US and international ceiling-grid tile sizes

BMA CT, Datasheet (Rev. 2.0, 2019) at 1 (Exhibit D).



BMA CT, Datasheet (Rev. 2.0, 2019) at 1 (Exhibit D).

ME1 31395810v.1



BMA CT, Quick-Start Guide (Rev. 2.4, Mar. 2019) at 11 (Exhibit C).

36.     The housing of the BMA CT includes a front face with a sound-permeable screen having a size and shape that is substantially similar to the at least one of the plurality of ceiling tiles as recited in claim 17 of the '493 Patent.  For example:



BMA CT, Datasheet (Rev. 2.0, 2019) at 1 (Exhibit D).

ME1 31395810v.1



BMA CT, Quick-Start Guide (Rev. 2.4, Mar. 2019) at 1 (Exhibit C).

37.    In violation of 35 U.S.C. § 271(b), ClearOne actively and knowingly induces third-party retailers, distributors, integrators, installers, and end-users of the BMA CT product to directly infringe claims 17-20 and 23-27 of the '493 Patent.  ClearOne induces infringement, at least, by knowingly selling the BMA CT product with the intent that its customers directly infringe the '493 Patent through sales and use of the BMA CT product in the United States.  As discussed above, ClearOne has been aware of the '493 Patent since before this Complaint was filed, and on information and belief knows that the BMA CT infringes at least claims 17-20 and 23-27 of the '493 Patent.

38.    ClearOne has contributed to the infringement of, and continues to contribute to the infringement of, one or more claims of the '493 Patent under 35 U.S.C. § 271(c), either literally and/or under the doctrine of equivalents, by selling, offering to sell, and/or importing within or into the United States the BMA CT product.  These instrumentalities constitute a

material part of the invention of the '493 Patent, are known by ClearOne to be especially made or adapted for use in infringing the '493 Patent, and are not a staple article or commodity of commerce suitable for substantial noninfringing use.

39.     Despite ClearOne's knowledge of the '493 Patent and knowledge of its infringing activities, ClearOne has and continues to willfully and deliberately infringe one or more claims of the '493 Patent by continuing to manufacture, use, sell, offer for sale, and/or import the BMA CT product in the United States.  As the above summary of ClearOne's infringement of claim 17 of the '493 Patent makes clear, ClearOne's infringement is obvious and notorious.  On information and belief, ClearOne has no good faith basis that the BMA CT does not infringe the '493 Patent.  ClearOne's decision to challenge the '493 Patent in *inter partes* review, as noted above, further underscores its knowledge that it infringes the '493 Patent.  This willful infringement, without regard for Shure's lawful patent rights, constitutes egregious and wanton conduct sufficient to establish willful infringement under 35 U.S.C. § 284.

40.     By reason of the ongoing and continuous infringement by ClearOne of the '493 Patent, Shure is entitled to the entry of a permanent injunction, enjoining ClearOne from further infringing of Shure's patent rights, pursuant to 35 U.S.C. § 283.

41.     Shure has suffered, and is continuing to suffer, damages as a result of ClearOne's infringement of the '493 Patent, and Shure is entitled to compensation and other monetary relief to the fullest extent allowed by law, including attorneys' fees, pursuant to 35 U.S.C. §§ 284 and 285.

## SECOND CAUSE OF ACTION

## FALSE ADVERTISING UNDER THE LANHAM ACT

42.     Shure realleges and incorporates by reference the foregoing paragraphs as though fully restated herein.

43.     As described above, on information and belief, ClearOne through one or more of its officers, directors, agents, servants, employees, licensees, and/or persons acting in concert or active participation with ClearOne or on its behalf, including but not limited to John Schnibbe, engaged in false, deceptive and/or misleading advertising and promotion to Shure's customers and potential customers related to Shure's products, including at least installers and integrators of conferencing equipment.   On information and belief, this advertising and promotion was conducted in bad faith and included at least false representations that Shure's MXA910 has been found to infringe ClearOne's patents, that two separate court rulings found that the MXA910 infringed ClearOne's patents, that such rulings were "unanimous," that ClearOne had "won" its lawsuit against Shure, that the MXA910 will soon be unavailable, that Shure will soon have to stop selling the MXA910, that Shure was then unable to sell MXA910 products, and that integrators, installers and/or end users will need to tear or rip out existing installations of the MXA910.

44.     These false and misleading statements were made by ClearOne in connection with goods and services, including in connection with the MXA910 and the BMA CT.  Both products are sold in interstate commerce in the United States.

45.     On information and belief, ClearOne's false, deceptive, and/or misleading advertising and promotion has caused injury to Shure in the form of lost sales, commercial interest, loss of reputation, lost employee time, and legal expenses.

ME1 31395810v.1

46.     On information and belief, Shure's injuries flowed directly from the deception wrought by ClearOne's false, deceptive, and/or misleading advertising and promotion.   On information and belief, Shure's customers and potential customers withheld purchasing products and services from Shure, including purchases of the MXA910, based on ClearOne's statements.

47.     ClearOne's acts alleged herein constitute false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

48.     As a direct, proximate, and foreseeable result of ClearOne's actions, Shure has suffered, and unless ClearOne's actions are enjoined by this Court, will continue to suffer, irreparable harm.

49.     As a direct and proximate result of ClearOne's conduct, Shure has suffered and will continue to suffer damages in an amount to be proved at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF DELAWARE DECEPTIVE TRADE PRACTICES ACT

50.     Shure realleges and incorporates by reference the foregoing paragraphs as though fully restated herein.

51.     On information and belief, ClearOne through one or more of its officers, directors, agents, servants, employees, licensees, and/or persons acting in concert or active participation with ClearOne or on its behalf, including but not limited to John Schnibbe and Narsi Narayanan, made false, deceptive and/or misleading statements to Shure's customers and potential customers related to Shure's products, including at least installers and integrators of conferencing equipment.   On information and belief, these statements were made in bad faith, and include at least false representations that Shure's MXA910 has been found to infringe ClearOne's patents, that two separate court rulings found that the MXA910 infringed ClearOne's

ME1 31395810v.1

patents, that such rulings were "unanimous," that ClearOne had "won" its lawsuit against Shure, that the MXA910 will soon be unavailable, that Shure will soon have to stop selling the MXA910, that Shure was then unable to sell MXA910 products, and that integrators, installers and/or end users will need to tear or rip out existing installations of the MXA910. These false statements made in bad faith also include misrepresentations of fact and omissions of material facts in the August 29, 2019 letter from Narsi Narayanan to customers of ClearOne and Shure, as set forth above.

52.    On information and belief, ClearOne's false, deceptive, and/or misleading conduct led to injury to Shure by deceiving or having the tendency to deceive customers from engaging in business with Shure, reducing Shure's commercial interest, harming its reputation, and causing lost sales. ClearOne's deceptive statements were material to customers' purchasing decisions, by design, because they addressed the availability, legitimacy, and viability of the MXA910 to Shure's customers and potential customers.

53.    On information and belief, Shure's injuries flow directly from the deception wrought by ClearOne's false, deceptive, and/or misleading statements. On information and belief Shure's customers and potential customers have withheld purchasing products and services from Shure, including purchases of the MXA910 based on ClearOne's statements.

54.    ClearOne's acts alleged herein constitute unfair competition in violation of the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2532. For example, ClearOne's false and misleading statements violate at least 6 Del. C. § 2532(a)(2), (5), (8), and (12).

55.    As a direct, proximate, and foreseeable result of ClearOne's actions, Shure has suffered, and unless ClearOne's actions are enjoined by this Court, will continue to suffer, irreparable harm.

56.     As a direct and proximate result of ClearOne's conduct, Shure has suffered and will continue to suffer damages in an amount to be proved at trial, and Shure is entitled to compensation and other monetary relief to the fullest extent allowed by law, pursuant to 6 Del. C. § 2533(a), including attorneys' fees, costs, and enhanced damages under 6 Del. C. § 2533(b), (c).

## FOURTH CAUSE OF ACTION

## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

57.     Shure realleges and incorporates by reference the foregoing paragraphs as though fully restated herein.

58.     On information and belief, ClearOne through one or more of its officers, directors, agents, servants, employees, licensees, and/or persons acting in concert or active participation with ClearOne or on its behalf, including but not limited to John Schnibbe and Narsi Narayanan, made false, deceptive and/or misleading statements to Shure's customers and potential customers related to Shure's products, including at least installers and integrators of conferencing equipment.  On information and belief, these statements were made in bad faith, and include at least false representations that Shure's MXA910 has been found to infringe ClearOne's patents, that two separate court rulings found that the MXA910 infringed ClearOne's patents, that such rulings were "unanimous," that ClearOne had "won" its lawsuit against Shure, that the MXA910 will soon be unavailable, that Shure will soon have to stop selling the MXA910, that Shure was then unable to sell MXA910 products, and that integrators, installers and/or end users will need to tear or rip out existing installations of the MXA910.  These false statements made in bad faith also include misrepresentations of fact and omissions of material

facts in the August 29, 2019 letter from Narsi Narayanan to customers of ClearOne and Shure, as set forth above.

59. On information and belief, Shure had reasonable probabilities of new and continuing business opportunities with its customers, which were deterred and interfered with by ClearOne's false, deceptive, and/or misleading statements. As described above, ClearOne's conduct has caused Shure customers to withhold trade with Shure involving the MXA910.

60. On information and belief, ClearOne's false, deceptive, and/or misleading statements were intentional and directed to harm Shure's business opportunities with current and potential customers. The false, deceptive, and/or misleading statements by ClearOne are the cause of the interference with Shure's business relationships with customers.

61. On information and belief, ClearOne's false, deceptive, and/or misleading statements led to a likelihood of, and realization of, actual damages to Shure in the form of lost sales, commercial interest, loss of reputation, lost employee time, and legal expenses.

62. ClearOne's acts alleged herein constitute tortious interference with business relations under Delaware law. As a direct, proximate, and foreseeable result of ClearOne's actions, Shure has suffered, and unless ClearOne's actions are enjoined by this Court, will continue to suffer, irreparable harm.

63. As a direct and proximate result of ClearOne's conduct, Shure has suffered and will continue to suffer damages in an amount to be proved at trial.

## FIFTH CAUSE OF ACTION

### UNFAIR COMPETITION UNDER DELAWARE COMMON LAW

64. Shure realleges and incorporates by reference the foregoing paragraphs as though fully restated herein.

65.     On information and belief, ClearOne through one or more of its officers, directors, agents, servants, employees, licensees, and/or persons acting in concert or active participation with ClearOne or on its behalf, including but not limited to John Schnibbe and Narsi Narayanan, made false, deceptive and/or misleading statements to Shure's customers and potential customers related to Shure's products, including at least installers and integrators of conferencing equipment.  On information and belief, these statements were made in bad faith, and include at least false representations that Shure's MXA910 has been found to infringe ClearOne's patents, that two separate court rulings found that the MXA910 infringed ClearOne's patents, that such rulings were "unanimous," that ClearOne had "won" its lawsuit against Shure, that the MXA910 will soon be unavailable, that Shure will soon have to stop selling the MXA910, that Shure was then unable to sell MXA910 products, and that integrators, installers and/or end users will need to tear or rip out existing installations of the MXA910.  These false statements made in bad faith also include misrepresentations of fact and omissions of material facts in the August 29, 2019 letter from Narsi Narayanan to customers of ClearOne and Shure, as set forth above.

66.     On information and belief, Shure had reasonable expectancies of entering valid business relationships with installers and integrators, with which ClearOne wrongfully interfered and continues to interfere, and ClearOne has thereby defeated and continues to attempt to defeat Shure's legitimate expectancies, thus causing Shure harm.  ClearOne's wrongful interference includes the false, deceptive, and/or misleading statements described above.  ClearOne's conduct has caused Shure customers to withhold trade with Shure involving the MXA910.

67.     On information and belief, ClearOne's false, deceptive, and/or misleading statements were intentional and directed to harm Shure's business expectancies with current and

potential customers.  The false, deceptive, and/or misleading statements by ClearOne are the cause of the interference with Shure's legitimate expectancies.

68.     On information and belief, ClearOne's false, deceptive, and/or misleading statements led to a likelihood of, and realization of, actual damages to Shure in the form of lost sales, commercial interest, loss of reputation, lost employee time, and legal expenses.

69.     ClearOne's acts alleged herein constitute unfair competition under Delaware common law.  As a direct, proximate, and foreseeable result of ClearOne's actions, Shure has suffered, and unless ClearOne's actions are enjoined by this Court, will continue to suffer, irreparable harm.

70.     As a direct and proximate result of ClearOne's conduct, Shure has suffered and will continue to suffer damages in an amount to be proved at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Shure respectfully requests the following relief:

(a)     A judgement against ClearOne as to infringement of claims 17-20 and 23-27 of the '493 Patent;

(b)     Preliminary and permanent injunctions under 35 U.S.C. § 283, enjoining ClearOne and its officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assigns, and customers, and all others acting in concert or participation with them, from further acts of infringing, inducing infringement, and/or contributing to the infringement of the '493 Patent;

(c)     A judgment against ClearOne for money damages sustained as a result of ClearOne's infringement of the '493 Patent in an amount to be determined at trial as provided

under 35 U.S.C. § 284, including enhanced damages due to, for example, ClearOne's willful infringement of the '493 Patent;

(d)     An accounting for infringing sales not presented at trial and an award by the Court of additional damages for any such infringing sales;

(e)     An award of pre-judgment and post-judgment interest on the damages caused by ClearOne's infringing activities and other conduct complained of herein;

(f)     A finding that this case is an exceptional case under 35 U.S.C. § 285;

(g)     An award of reasonable attorneys' fees and costs incurred in connection with this action;

(h)     A judgment against ClearOne for money damages sustained as a result of ClearOne's violation of 15 U.S.C. § 1125(a)(1)(B), in an amount to be determined at trial;

(i)     Preliminary and permanent injunctions enjoining ClearOne and its officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assigns, and customers, and all others acting in concert or participation with them, from further acts in violation of 15 U.S.C. § 1125(a)(1)(B);

(j)     A judgment against ClearOne for money damages, pursuant to 6 Del. C. §§ 2532, 2533, sustained as a result of ClearOne's violation of the Delaware Deceptive Trade Practices Act, 6 Del. C. § 2532, in an amount to be determined at trial;

(k)     Preliminary and permanent injunctions, pursuant to 6 Del. C. § 2533, enjoining ClearOne and its officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assigns, and customers, and all others acting in concert or participation with them, from further acts in violation of 6 Del. C. § 2532;

(l)     An award of attorneys' fees, costs, and enhanced damages under 6 Del. C. § 2533(b), (c) based on ClearOne's violation of 6 Del. C. § 2532;

(m)     A judgment against ClearOne for money damages sustained as a result of ClearOne's violation of the common law tort of interference with business relations, in an amount to be determined at trial;

(n)     Preliminary and permanent injunctions enjoining ClearOne and its officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assigns, and customers, and all others acting in concert or participation with them, from further acts in violation the common law tort of interference with business relations;

(o)     A judgment against ClearOne for money damages sustained as a result of ClearOne's unfair competition under Delaware common law, in an amount to be determined at trial;

(p)     Preliminary and permanent injunctions enjoining ClearOne and its officers, directors, agents, servants, affiliates, employees, subsidiaries, parents, licensees, assigns, and customers, and all others acting in concert or participation with them, from further unfair competition under Delaware common law;

(q)     Any and all other relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Shure hereby respectfully requests a trial by jury on all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure.

ME1 31395810v.1

Dated: September 9, 2019

McCARTER & ENGLISH, LLP

OF COUNSEL:

/s/ Michael P. Kelly
Michael P. Kelly (#2295)
Gerald F. Ivey                          Brian R. Lemon (#4730)
Mareesa A. Frederick                    Alexandra M. Joyce (#6423)
FINNEGAN, HENDERSON, FARABOW,           405 N. King St., 8th  Floor
GARRETT & DUNNER, LLP                   Wilmington, DE 19801
901 New York Avenue, N.W.               (302) 984-6300
Washington, D.C. 20001-4413             mkelly@mccarter.com
(202) 408-4000                          blemon@mccarter.com
                                        ajoyce@mccarter.com
Elliot C. Cook
Alexander M. Boyer
FINNEGAN, HENDERSON, FARABOW,           *Counsel for Plaintiffs*
GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
(571) 203-2700