# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

SHURE INCORPORATED, and )
SHURE ACQUISITION HOLDINGS, INC. )
                     )         C.A. NO. 19-1343 (RGA) (CJB)
            Plaintiffs, )
                     )         **JURY TRIAL DEMANDED**
            v. )
                     )
CLEARONE, INC., )
                     )
           Defendant. )

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

# TABLE OF CONTENTS

I.      Stage of the Proceedings ...................................................................................1

II.     Summary of Argument ......................................................................................1

III.    Statement of Facts .............................................................................................2

IV.     Applicable Law ..................................................................................................2

V.      Arguments ..........................................................................................................3

      A.      ClearOne's Compulsory Counterclaim Argument is Fundamentally Incorrect and Misleading ........................................................................................................3

      B.      Shure's Patent Claims Are Not Compulsory Counterclaims .................................4

      C.      Shure's False Advertising, Deceptive Trade Practices, Tortious Interference, and Unfair Competition Claims Are Not Compulsory Counterclaims ........................8

      D.      Shure's Lanham Act False Advertising Claim is Adequately Pled .....................10

            1.      The Amended Complaint Contains Sufficient Factual Detail Supporting False Advertising Under the Lanham Act .........................................................10

            2.      ClearOne is Answerable for False Advertising Under the Lanham Act .......12

            3.      Shure Need Not Plead Actual Deception ...................................................16

      E.      The Delaware Deceptive Trade Practices Act Claim is Adequately Pled............17

      F.      Shure Adequately Pled Tortious Interference and Unfair Competition...............19

VI.     Conclusion ......................................................................................................20

ME1 31645992v.1

## <u>TABLE OF AUTHORITIES</u>

**CASES**

*Am. Packaging Corp. v. Golden Valley Microwave Foods, Inc.*,
No. 94-1839, 1995 WL 262522 (E.D. Pa. May 1, 1995).....................................................7

*Anspach v. Meyer*,
No. 13-01877, 2014 WL 345676 (D. Ariz. Jan. 30, 2014) ...............................................8

*Arroyo v. Pfizer, Inc.*,
No. 12-4030, 2013 WL 415607 (N.D. Cal. Jan. 31, 2013).........................................11-12

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...........................................................................................................2

*Automated Prods. Int'l, LLC v. Norco Indus., Inc.*,
No. 3:13-cv-396, 2014 WL 29095 (N.D. Ind. Jan. 3, 2014)...........................................5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...........................................................................................................2

*Castrol Inc. v. Pennzoil Co.*,
987 F.2d 939 (3d Cir. 1993).............................................................................................16

*ClearOne, Inc. v. Shure, Inc.*,
No. 1-19-cv-02421 (N.D. Ill. Apr. 10, 2019)...........................................................*passim*

*Destiny Tool v. SGS Tools Co.*,
344 F. App'x 320 (9th Cir. 2009).......................................................................................7

*Deston Therapeutics LLC v. Trigen Labs. Inc.*,
723 F. Supp. 2d 665 (D. Del. 2010) ................................................................................17

*Dynamis Therapeutics, Inc. v. Alberto-Culver Int'l Inc.*,
No. 09-773, 2010 WL 3834405 (D. Del. Sept. 24, 2010) ...............................................19

*Emerson Elec. Co. v. Emerson Quiet Kool Co.*,
No. 17-1846, 2019 WL 1397244 (D. Del. Mar. 28, 2019) ..............................................17

*Enzo Life Scis., Inc. v. Digene Corp.*,
295 F. Supp. 2d 424 (D. Del. 2003) ..................................................................... 13, 14, 19

*Goodman Mfg. Co., L.P. v. Carrier Corp.*,
No. 13-2014, 2014 WL 4954281 (D. Del. Sept. 23, 2014)...............................................7

*Grupke v. Linda Lori Sportswear, Inc.*,
174 F.R.D. 15 (E.D.N.Y. 1997) .........................................................................................9

ME1 31645992v.1

*Hologic, Inc. v. Minerva Surgical, Inc.*,
No. 1:15-cv-1031, 2019 WL 1958020 (D. Del. May 2, 2019) .......................................17

*Interlink Prods. Int'l, Inc. v. Cathy Trading, LLC*,
No. 16-2153, 2017 WL 931712 (D. N.J. Mar. 9, 2017) .................................................11

*Int'l Controls & Measurements Corp. v. Honeywell Int'l, Inc.*,
No. 5:12-cv-1766, 2013 WL 4805801 (N.D.N.Y. Sept. 9, 2013) .....................................5

*Isco Int'l, Inc. v. Conductus, Inc.*,
279 F. Supp. 2d 489 (D. Del. 2003) ...........................................................................15

*Kimberly-Clark Worldwide, Inc. v. Cardinal Health 200, LLC*,
No. 11-1228, 2012 WL 3063974 (D. Del. July 27, 2012) ................................... 10, 11, 16

*Keurig, Inc. v. Strum Foods, Inc.*,
769 F. Supp. 2d 699 (D. Del. 2011) ...........................................................................17

*Koufakis v. Carvel*,
425 F.2d 892 (2d Cir. 1970).........................................................................................6

*Lewis Mfg. Co., Inc. v. Chisholm-Ryder Co., Inc.*,
82 F.R.D. 745 (W.D. Pa. 1979).....................................................................................7

*Maio v. Aetna, Inc.*,
221 F.3d 472 (3d Cir. 2000).........................................................................................2

*Measurements Corp. v. Ferris Instrument Corp.*,
159 F.2d 590 (3d Cir. 1947).........................................................................................5

*Med. Components, Inc. v. C.R. Bard, Inc.*,
No. 2:17-cv-01047, 2018 WL 1470572 (D. Utah Mar. 23, 2018) .....................................5

*Metallgesellschaft AG v. Foster Wheeler Energy Corp.*,
143 F.R.D. 553 (D. Del. 1992)................................................................................4, 6, 7

*Monsanto Co. v. Syngenta Seeds, Inc.*,
443 F. Supp. 2d 648 (D. Del. 2006) ...........................................................................17

*New Jersey Physicians United Reciprocal Exch. v. Boynton & Boynton, Inc.*,
141 F. Supp. 3d 298 (D. N.J. 2015).......................................................................12, 13

*Nespresso USA, Inc. v. Ethical Coffee Co. SA*,
No. 16-194, 2017 WL 3021066 (D. Del. July 14, 2017) .................................................13

*Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*,
290 F.3d 578 (3d Cir. 2002).......................................................................................16

*PhishMe, Inc. v. Wombat Sec. Techs., Inc.*,
No. 16-403, 2017 WL 3821107 (D. Del. Aug. 31, 2017)................................15

*Pitney Bowes, Inc. v. ITS Mailing Sys., Inc.*,
No. 09-05024, 2010 WL 1005146 (E.D. Pa. Mar. 17, 2010) ..........................14

*Pochiro v. Prudential Ins. Co. of Am.*,
827 F.2d 1246 (9th Cir. 1987)..........................................................................8

*Robert Bosch LLC v. Pylon Mfg. Corp.*,
632 F. Supp. 2d 362 (D. Del. 2009) ..........................................................10, 11

*Rohm & Haas Co. v. Brotech Corp.*,
770 F. Supp. 928 (D. Del. 1991) ......................................................................7

*Shure, Inc. v. ClearOne, Inc.*,
No. 1:17-cv-03078 (N.D. Ill. Apr. 24, 2017)............................................3, 4, 9

*SurgiQuest v. Lexion Medical, Inc.*,
No. 14-382, 2018 WL 2247216 (D. Del. May 16, 2018) ................................12

*Synthes, Inc. v. Emerge Med., Inc.*,
No. 11-1566, 2012 WL 4205476 (E.D. Pa. Sept. 19, 2012)............................13

## STATUTES

15 U.S.C. § 1125(a)(1)(B) ..............................................................................10

6 Del. C. § 2532 ..............................................................................................17

## RULES

Fed. R. Civ. P. 9(b)..........................................................................................11

Fed. R. Civ. P. 13(a).....................................................................................3, 4

ME1 31645992v.1

The Court should deny ClearOne, Inc.'s ("ClearOne") motion to dismiss (D.I. 21, 22) because Shure Incorporated and Shure Acquisition Holdings, Inc. (collectively, "Shure") adequately pled each of their causes of action. ClearOne has failed to carry its burden of demonstrating otherwise.

## I.      Stage of the Proceedings

Shure and ClearOne are direct competitors in the installed audioconferencing market. On July 18, 2019, Shure filed its original complaint, D.I. 1, seeking recovery based on ClearOne's patent infringement and misrepresentations to the marketplace. In response, ClearOne initiated a barrage of motion practice. On August 23, 2019, ClearOne filed a motion to stay the patent cause of action. D.I. 12, 13. ClearOne also filed a motion to dismiss the same day. D.I. 10, 11. Shure amended its complaint on September 9, 2019, addressing new market deception and misconduct by ClearOne occurring after Shure's original complaint. D.I. 19. ClearOne then refiled its motion to dismiss, substantially repeating its arguments, on September 23, 2019. D.I. 21, 22.[1] The same day, ClearOne filed yet another motion, requesting a stay of discovery. D.I. 26, 27. As yet even more motion practice, ClearOne filed a motion to transfer on October 1, 2019. D.I. 29, 30. In short, rather than answer for its tortious conduct in its state of incorporation—Delaware— ClearOne seeks to delay or even avoid liability altogether. Shure opposes ClearOne's motions.

## II.     Summary of Argument

Shure's amended complaint (D.I. 19) states well-pleaded, plausible causes of action for patent infringement, false advertising under the Lanham Act, violation of Delaware's Deceptive

---

[1] Following Shure's amended complaint, ClearOne also attempted to assert similar non-patent claims against Shure in the "2019 IL Case," based on supposed misstatements by Shure. *ClearOne, Inc. v. Shure Inc.*, No. 1:19-cv-02421, D.I. 43 (N.D. Ill. Sept. 26, 2019) (Ex. C). Ironically, ClearOne's allegations are vague and nonspecific, in contrast to Shure's concrete and particularized allegations here. ClearOne declines to hold its own reflexive pleading to the same heightened standards it seeks to impose on Shure. *Id.* at D.I. 43-1 (Ex. D) ¶¶ 65-72.

Trade Practices Act (DTPA), tortious interference with business relations, and unfair competition under Delaware common law. ClearOne's motion to dismiss relies on erroneous legal theories and flawed logic to suggest that Shure's causes of action should be counterclaims in a factually and logically disparate Northern District of Illinois case where, by ClearOne's own admission, the deadline for amended pleadings has passed. The Court should deny ClearOne's motion.

## III.    Statement of Facts

ClearOne devotes much of its "Background and Statement of Facts" section to two distinct Northern District of Illinois cases and an *inter partes* review ("IPR") proceeding between the parties. D.I. 22 at 2-5. Each of these proceedings, however, involved *different* patents, *different* accused products, and *different* legal issues than are being litigated here.[2] ClearOne also criticizes Shure's initial complaint, rather than the operative amended complaint. *Id.* at 3-4. It then confusingly asserts that Shure's non-patent claims fail to identify "who" made allegedly false and misleading statements, while in the same sentence identifying the who: "Shure still does not identify who, *other than* John Schnibbe. . . ." *Id.* at 5 (emphasis added). This captures the essence of ClearOne's motion. ClearOne ignores the pleaded factual allegations and instead attacks a fictional portrayal of Shure's pleading. ClearOne's errors are discussed below.

## IV.    Applicable Law

On a motion to dismiss, the Court must accept as true all material allegations of the complaint and view them in a light most favorable to the nonmoving party. *Maio v. Aetna, Inc.*, 221 F.3d 472, 481-82 (3d Cir. 2000). A well-pleaded complaint contains facts showing that a claim has substantive plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[2] Shure does not ascribe to ClearOne's narrative of these proceedings, but for brevity does not address each mischaracterization here.

## V.      Arguments

The Court should deny ClearOne's motion because Shure's amended complaint (D.I. 19) states plausible causes of action for each count and ClearOne fails to demonstrate otherwise.

### A.      ClearOne's Compulsory Counterclaim Argument is Fundamentally Incorrect and Misleading

ClearOne's motion is intentionally vague as to *which* "ongoing litigation" causes Shure's causes of action here to be compulsory counterclaims. In the earlier of the two Illinois litigations, filed on April 24, 2017—almost twenty-two months *before* ClearOne debuted its infringing BMA CT product—the deadline for amended pleadings has long since passed. Shure's latest pleading was filed on November 26, 2018. *See Shure, Inc. v. ClearOne, Inc.*, No. 1:17-cv-03078, ECF No. 458 (N.D. Ill. Nov. 26, 2018). "[A]t the time of its service," Shure's pleading could not have asserted infringement of the '493 patent or the non-patent claims addressed in Shure's amended complaint. Fed. R. Civ. P. 13(a)(1).

Faced with an inability to connect its compulsory counterclaim theory to the earlier "2017 IL Case," ClearOne muddies the facts. ClearOne contends that its misleading statements "relate directly" to "the pending cases," in the plural, and thus Shure's non-patent causes of action must be compulsory counterclaims. D.I. 22 at 7. In doing so, ClearOne identifies three events supposedly implicated: "the court [finding] that there was a likelihood of success on ClearOne's infringement claim," that "there was a unanimous ruling upholding the claims of the '553 Patent," and "rulings [that] would affect the availability of the MXA910 product." *Id.* Each of these events, however, pertains to a ruling in either the *first* Northern District of Illinois case (the "2017 IL Case") or at the PTAB—*not* the "2019 IL Case." Without explanation, however, ClearOne then asserts that Shure's non-patent claims are somehow "compulsory" counterclaims in the *second* Northern District of Illinois case (the "2019 IL Case"). This is nonsensical.

As ClearOne concedes in its motion, Shure only just filed its answer to ClearOne's complaint in the "2019 IL Case." *See* D.I. 22 at 6-7. There has been no "likelihood of success" finding or "ruling" in that case. Nothing about the "2019 IL Case" could compel Shure's causes of action here to be compulsory counterclaims there. Nor has ClearOne explained how misleading statements made about a PTAB proceeding could trigger a compulsory counterclaim in a separate district court case. ClearOne's position that Shure's claims are compulsory counterclaims in the "2019 IL Case" because of events in other cases therefore necessarily fails. Indeed, the Court should completely disregard the "2017 IL Case" in terms of ClearOne's compulsory counterclaim argument.

## B.     Shure's Patent Claims Are Not Compulsory Counterclaims

Shure's assertion of the '493 patent is not a compulsory counterclaim in the Northern District of Illinois and ClearOne's contention otherwise is incorrect and contrary to law. D.I. 22 at 6-9. The same argument that ClearOne makes in its motion—that competitors in patent litigation must counter-assert their own patents or risk losing the opportunity—has been made before and rejected by this Court. *See Metallgesellschaft AG v. Foster Wheeler Energy Corp.*, 143 F.R.D. 553, 557 (D. Del. 1992). In fact, ClearOne makes nearly identical allegations to those presented in *Metallgesellschaft*. ClearOne's motion should be denied for the same reasons.

In *Metallgesellschaft*, the Court reviewed a patent counterclaim under Fed. R. Civ. P. 13 for purposes of determining whether the defendant's joinder request was required or permissive. 143 F.R.D. at 557. The Court noted that the asserted and counter-asserted patents involved "related technology," and implicated similar "evidence and witnesses." *Id.* The Court went so far as to state that proving noninfringement and infringement would likely have required "essentially the same proof." *Id.* Despite this, the Court held that the patent counterclaim was permissive and not compulsory. 143 F.R.D. at 557. Despite some factual overlap, the Court held that the patents

-4-

were not related, the accused systems were different, and assertion of the counterclaimed patent in a subsequent suit "would not be barred by the doctrine of res judicata." *Id.* at 558. Other districts have ruled similarly when faced with this argument. *See Int'l Controls & Measurements Corp. v. Honeywell Int'l, Inc.*, No. 5:12-cv-1766, 2013 WL 4805801, at *7 (N.D.N.Y. Sept. 9, 2013); *Med. Components, Inc. v. C.R. Bard, Inc.*, No. 2:17-cv-01047, 2018 WL 1470572, at *2 (D. Utah Mar. 23, 2018); *Automated Prods. Int'l, LLC v. Norco Indus., Inc.*, No. 3:13-cv-396, 2014 WL 29095, at *2 (N.D. Ind. Jan. 3, 2014). So has the Third Circuit. *See Measurements Corp. v. Ferris Instrument Corp.*, 159 F.2d 590, 594 (3d Cir. 1947).

Here, there is nearly no factual overlap and no compulsory counterclaim exists. The only overlap between this case and ClearOne's second case in the Northern District of Illinois (the "2019 IL Case") is the party names and, candidly, a portion of sales data that may be relevant to lost profit damages *if* that form of damages is elected in either case (as opposed to "reasonable royalty" damages). The overlap ends there. In the "2019 IL Case," ClearOne asserts infringement of its own '553 patent. *ClearOne, Inc. v. Shure, Inc.*, No. 1-19-cv-02421, ECF No. 1 ¶¶ 43-46 (N.D. Ill. Apr. 10, 2019) (Ex. A). The accused product is Shure's MXA910. *Id.* The proof required to demonstrate alleged infringement will involve the technical functionality of the MXA910 product and activities by Shure's employees. Likewise, proof of Shure's defenses will involve the technical functionality of the MXA910 product (e.g., noninfringement), the '553 patent (e.g., validity), and ClearOne's actions during prosecution (e.g., unenforceability). *ClearOne, Inc. v. Shure, Inc.*, No. 1-19-cv-02421, ECF No. 24 at 29-35 (N.D. Ill. Apr. 10, 2019) (Ex. B). *None* of this evidence is at issue here. Instead, this case relates to *Shure's* '493 patent, ClearOne's *BMA CT* product, and *ClearOne's activities* related to that product. D.I. 19 ¶¶ 14-19, 26-41. Because there is no cognizable logical relationship between the actual litigated claims of

the two cases, the compulsory counterclaim doctrine has no place here. *Metallgesellschaft*, 143

F.R.D. at 557.

To illustrate the factual gulph between the cases, the following table makes clear the lack

of factual or evidentiary overlap.

| Case | Technical Operation of Shure's MXA910 | Infringement, Validity, and Enforceability of ClearOne's Patents | Infringement Damages to ClearOne | Technical Operation of ClearOne's BMA CT | Infringement and Validity of Shure's '493 Patent | Infringement Damages to Shure |
|---|---|---|---|---|---|---|
| D. Del. | -- | -- | -- | Yes | Yes | Yes |
| 2019 IL Case | Yes | Yes | Yes | -- | -- | -- |

ClearOne's cited cases are inapplicable. ClearOne first cites *Koufakis v. Carvel* for its

contention that proof in both cases about the same "products-at-issue" mandates a compulsory

counterclaim. D.I. 22 at 8 (citing 425 F.2d 892, 899 (2d Cir. 1970)). First, the present case and

the 2019 IL Case do not involve a dispute over the same "products-at-issue." The accused

product in the 2019 IL Case is Shure's MXA910, but in the present case it is ClearOne's BMA

CT. Second, *Koufakis* does not stand for this purported proposition. Instead, *Koufakis*—a Second

Circuit decision from 1970 having nothing to do with patent law—found that a breach of

contract action and a counterclaim of fraud relating to the disputed contract were sufficiently

related for the counterclaim to be compulsory. *See Koufakis*, 425 F.2d at 899 (finding

compulsory counterclaims where "selling diluted and contaminated products" and "laboratory

tests relied on by [f]ranchise [l]icensors" for those products required interrelated proof).

ClearOne's remaining case law stands for an inapposite proposition: that a party cannot

bring a new antitrust cause of action asserting that a patent was fraudulently obtained when it

failed to raise the same issue as an affirmative defense in an earlier case involving the *same*

*patent. See* D.I. 22 at 8-9. *Rohm & Haas Co. v. Brotech Corp.*, cited by ClearOne, found that "claims of fraud on the PTO directly implicate issues of patent law, and stem from the same 'roots' as infringement claims." 770 F. Supp. 928, 934 (D. Del. 1991). *Destiny Tool v. SGS Tools Co.*—a Ninth Circuit case applying Sixth Circuit law—similarly found that a new antitrust suit raised "the same inequitable conduct allegation" made in the first case. 344 F. App'x 320, 323 (9th Cir. 2009). The same is true of the *Goodman*, *Lewis*, and *American Packaging* cases. No. 13-2014, 2014 WL 4954281, at *2 (D. Del. Sept. 23, 2014) ("These are the same allegations made in [plaintiff's] proposed amended answer in the [earlier] infringement action."); 82 F.R.D. 745, 747 (W.D. Pa. 1979) (same); No. 94-1839, 1995 WL 262522, at *2 (E.D. Pa. May 1, 1995) (same). Shure does not assert any cause of action related to the '493 patent in ClearOne's "2019 IL Case," let alone an antitrust action or defense that should have been raised there.

ClearOne's closing arguments pertaining to "forum shopping" are also erroneous. D.I. 22 at 9. ClearOne is a Delaware corporation and is answerable for its tortious conduct in this District. D.I. 19 ¶ 5. Shure promptly brought suit in this case soon after the infringement (and ClearOne's tortious conduct), and in the most appropriate venue. To the extent policy is relevant, ClearOne's attempt to avoid liability for its infringement and deceptive statements should be the controlling factor. Moreover, any rule that would require competitors to countersue each other for all possible patent infringement (and all other conceivable claims) whenever one sues the other would deluge the court system with unnecessary claims. Competitors in the same field will naturally have "similar technology." But their products will be different, their patents will be different, and their infringing (or noninfringing) activities will be different. Indeed, claim preclusion is not operative in this situation, as decided in *Metallgesellschaft*, and thus patent

-7-

infringement counterclaims (apart from a declaratory judgment context involving the same patent) are never compulsory.

**C.      Shure's False Advertising, Deceptive Trade Practices, Tortious Interference, and Unfair Competition Claims Are Not Compulsory Counterclaims**

Shure's non-patent causes of action are similarly not compulsory counterclaims barred from assertion here. D.I. 22 at 6-9. ClearOne mischaracterizes its statements as "relat[ing] to ClearOne's beliefs about the merits of its patent infringement claims and ongoing litigation pending in Illinois." D.I. 22 at 7. But as pled in the amended complaint, Shure alleges ClearOne made intentionally false and anticompetitive statements to Shure's customers regarding the availability of Shure's products. D.I. 19 ¶¶ 20-25, 42-70. These are purported statements of fact that are misleading and false; they are not mere "beliefs." Moreover, ClearOne identifies no logical relationship between statements *about* a lawsuit and issues being litigated *in* the case.

ClearOne's motion also identifies no controlling or even persuasive authority that would require Shure's non-patent claims to be compulsory counterclaims. *See* D.I. 22 at 7-8. *Pochiro v. Prudential Ins. Co. of Am.*, an unrelated Ninth Circuit decision, involved stolen business records and a follow-on suit alleging statements regarding the use of those same records. 827 F.2d 1246, 1250 (9th Cir. 1987). In addition to not being controlling, *Pochiro* is distinguishable because it determined the use of the allegedly stolen records was "inextricably intertwined" with the facts of the second case, and that "the collateral estoppel effect of [a] victory in the first action would preclude the [defendant] from denying the truth of [those] statements" in the second action. *Id.* at 1250-51. *Anspach v. Meyer*—an Arizona case—emphasizes these distinctions. *See* D.I. 22 at 7-8 (citing No. 13-01877, 2014 WL 345676, at *6 (D. Ariz. Jan. 30, 2014)).

These cases are not relevant here. The 2019 IL Case has no preclusive effect on Shure's false advertising, deceptive trade practices, tortious interference, and unfair competition claims.

-8-

Whether Shure is found to infringe any of ClearOne's patents in the 2019 IL Case does not change whether ClearOne's statements were misleading and caused harm to Shure at the time they were made. The facts in the 2019 IL Case—relating to Shure's activities and ClearOne's patents—are not "inextricably intertwined" with ClearOne's misleading and tortious statements. This is even more obviously the case with respect to the earlier 2017 IL Case, where the deadline for amended pleadings has passed even before the tortious statements were made.

*Grupke v. Linda Lori Sportswear, Inc.* is also distinguishable. *See* D.I. 22 at 8 (citing 174 F.R.D. 15, 17 (E.D.N.Y. 1997)). There, the plaintiff told the defendant's customers that the defendants were infringing a copyright, and whether the statements were false or misleading would therefore turn on the outcome of the underlying copyright case. *Id.* ("At issue in the counterclaim will be the truth of plaintiffs' statements—whether defendants in fact willfully infringed plaintiffs' copyright."). Here, ClearOne made *factually* false statements about Shure's product as well as statements related to the *status* and *outcome* of its 2017 litigation and the '553 IPR,  i.e., prior events, which misled customers into thinking that the Northern District of Illinois and the PTAB had issued rulings that affected the availability and utility of Shure's MXA910 product. D.I. 19 ¶¶ 20-25, 42-70. The ultimate outcome of the 2017 IL Case will not make ClearOne's improper statements any less false or misleading than when they were made. Shure's MXA910 product, for instance, was not in fact found to infringe any of ClearOne's patents, and no decision by the court required customers to "tear or rip out existing installations of the MXA910," as ClearOne falsely stated. *Id.* Nor are ClearOne's statements the type of puffery opinion in *Grupke* where one party asserts the other is likely infringing. ClearOne's tortious statements about Shure's product and the impact of its litigation were false and misleading (and thus actionable) when made, verifiable, and lack any connection to the 2019 IL Case.

### D.      Shure's Lanham Act False Advertising Claim is Adequately Pled

ClearOne's attacks on Shure's second cause of action—false advertising under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B)—rely on two false premises: that Shure failed to adequately plead its claim and the claim is not actionable. ClearOne is incorrect.

#### 1.      The Amended Complaint Contains Sufficient Factual Detail Supporting False Advertising Under the Lanham Act

Shure's amended complaint, D.I. 19, is sufficiently detailed and specific. There is no doubt that ClearOne is on notice of the "nature" of its falsehoods for it to "make a proper defense," should any defense exist. *Robert Bosch LLC v. Pylon Mfg. Corp.*, 632 F. Supp. 2d 362, 365 (D. Del. 2009). The amended complaint alleges that ClearOne sought to "mislead Shure's customers as to the availability, legitimacy, and viability of Shure's MXA910 product based on the ongoing litigation between the parties." D.I. 19 ¶ 20. Supporting this allegation, the amended complaint alleges that ClearOne has engaged in a campaign of false communications with "installers and integrators" of Shure's MXA910 since "at least March 2019." *Id.* The amended complaint further identifies specific statements by John Schnibbe, a Regional Sales Manager for ClearOne. *Id.* The amended complaint further details the content of those statements and explains they were made in bad faith. *Id.* ("These statements are all factually false and, on information and belief, were intentionally misleading and were made in bad faith, and with the intent to induce customers to refrain from purchasing MXA910 products."). These allegations are part of Shure's second cause of action (*id.* ¶¶ 42-49) and fully put ClearOne on notice of the nature of its false statements. *Kimberly-Clark Worldwide, Inc. v. Cardinal Health 200, LLC*, No. 11-1228, 2012 WL 3063974, at *3 (D. Del. July 27, 2012) ("When read in a light favorable to [the nonmoving party], as this Court must . . . , these allegations support the inference of a campaign" which is an issue "best addressed on summary judgment or at trial.").

-10-

ClearOne asserts that a "heightened pleading standard" applies to Lanham Act claims and that the amended complaint does not meet this standard. D.I. 22 at 10-11. ClearOne then abandons this standard and holds Shure to what appears to be the fraud pleading standard of Fed. R. Civ. P. 9(b). *Id.* (asserting that the amended complaint fails to provide the who-what-when-where-how surrounding the alleged communications). ClearOne is legally incorrect. The pleading standard for false advertising under the Lanham Act requires only that the allegations to explain "the nature of the alleged falsehood[s] to allow defendant to make a proper defense." *Robert Bosch*, 632 F. Supp. 2d at 365 (citation omitted); *Kimberly-Clark*, 2012 WL 3063974, at *3. No further particularity is required.

ClearOne is also factually incorrect. It incredibly asserts that the amended complaint fails to include "any detail" about the alleged false statements. D.I. 22 at 10. As explained above, this is abundantly wrong based on the plain language of Shure's allegations. The amended complaint goes further than required by identifying specific ClearOne representatives by name (e.g., John Schnibbe), what they said and to whom (e.g., integrators and installers), when the statements were made (e.g., between March 2019 and the present), and why the statements were false or misleading. D.I. 19 ¶¶ 19-25, 42-49. The amended complaint unmistakably alleges that since March 2019 ClearOne has engaged in a campaign of false and misleading statements, details what some of those statements were, and explains that the statements were made with bad faith. *Id.* No part of Shure's allegations are "vague and conclusory." *See* D.I. 22 at 10-11.

ClearOne's effort to find contrary authority fails. *Interlink Prods. Int'l, Inc. v. Cathy Trading, LLC* is inapposite because Shure's amended complaint here provides several paragraphs explaining why ClearOne's statements were false or misleading. D.I. 22 at 11 (citing No. 16-2153, 2017 WL 931712, at *5 (D. N.J. Mar. 9, 2017)); *see* D.I. 19 ¶¶ 22-25. And *Arroyo v.*

*Pfizer, Inc.*, a Northern District of California case, failed to address any Lanham Act claim. D.I. 22 at 11 (citing No. 12-4030, 2013 WL 415607, at *1 (N.D. Cal. Jan. 31, 2013)). ClearOne concludes its insufficient-pleading arguments by citing two District of New Jersey cases and asserting that Shure has failed to identify "these minimal details." D.I. 22 at 11. This assertion itself is vague. To be clear, the amended complaint identified specific representatives of ClearOne, specific instances of false or misleading communications by these individuals, when the communications occurred, and the content of those communications. D.I. 19 ¶¶ 19-25, 42-49. This is more than adequate for ClearOne to mount a defense, should any exist.

### 2. ClearOne is Answerable for False Advertising Under the Lanham Act

ClearOne's remaining attacks on Shure's Lanham Act claim also fail. *See* D.I. 22 at 12-16. Shure adequately pled false advertising in a "commercial" context, explained that the statements were made in bad faith, and pled literal falsity. *See* D.I. 19 ¶¶ 19-25, 42-49.

### a. "Commercial Advertising or Promotion"

ClearOne first asserts that Shure failed to demonstrate that its misleading statements were "commercial advertising or promotion" under Section 43(a)(1)(B). D.I. 22 at 12-13. This is legally incorrect and fails to adequately recognize the market in which Shure and ClearOne compete. First, Shure did not assert that ClearOne's statements were isolated or one-off misrepresentations. Instead, Shure alleged in its amended complaint ClearOne's "campaign of false and misleading statements" to Shure's customers. D.I. 19 ¶ 1. Shure also alleged that ClearOne attempted to mislead "more than a dozen" of those customers, including installers and integrators. *Id.* ¶ 20.

Second, and contrary to ClearOne's assumption, actionable false advertising may occur in sales presentations and is not limited to anonymous mass-media advertising. *See, e.g.*, *SurgiQuest v. Lexion Medical, Inc.*, No. 14-382, 2018 WL 2247216, at *3 (D. Del. May 16,

2018) (finding liability for false advertising based on false representations made by defendant's salespersons); *New Jersey Physicians United Reciprocal Exch. v. Boynton & Boynton, Inc.*, 141 F. Supp. 3d 298, 308 (D. N.J. 2015) (finding allegations of an "unknown representative" that "verbally advised" competitor's client of false favorable rating sufficiently plead). Indeed, in the audioconferencing market where Shure and ClearOne compete, face-to-face sales is where the bulk (and most relevant) of the advertising occurs.

ClearOne cites cases in other districts and other circuits for the proposition that "commercial advertising or promotion" under the Lanham Act requires more. D.I. 22 at 13. This is incorrect. Although the Third Circuit has not defined this term, it has been held by sister courts in this Circuit (with approval from this District) to be "contested representations [that] are part of an organized campaign to penetrate the relevant market." *Synthes, Inc. v. Emerge Med., Inc.*, No. 11-1566, 2012 WL 4205476, at *31 (E.D. Pa. Sept. 19, 2012); *Nespresso USA, Inc. v. Ethical Coffee Co. SA*, No. 16-194, 2017 WL 3021066, at n.1 (D. Del. July 14, 2017). A four-element test has also been employed, considering whether the speech is: "(1) commercial speech; (2) by a defendant in commercial competition with the plaintiff; (3) designed to influence customers to buy the defendant's products; (4) that is sufficiently disseminated to the relevant purchasing public to constitute advertising or promotion within the industry." *Synthes*, 2012 WL 4205476, at *31; *see also Enzo Life Scis., Inc. v. Digene Corp.*, 295 F. Supp. 2d 424, 428 (D. Del. 2003) (same). Critically, the test considers whether the advertising or promotion is "within the industry" and thus may vary with industry customs. Nowhere in the test are sales presentations— the customary method of advertising in Shure's and ClearOne's industry—excluded.

The amended complaint identifies "commercial advertising or promotion" because it sufficiently pleads facts demonstrating that ClearOne and Shure are competitors, that ClearOne's

statements were commercial in nature, that ClearOne's false and misleading statements were designed to dissuade Shure's customers from purchasing Shure's products, and the statements were disseminated widely among integrators and installers. D.I. 19 ¶¶ 20-25, 42-70. ClearOne's citation to *Pitney Bowes, Inc. v. ITS Mailing Sys., Inc.* is misleading and does not stand for the excerpted quotation it presents to the Court. *See* D.I. 22 at 13 (citing No. 09-05024, 2010 WL 1005146, at *5 (E.D. Pa. Mar. 17, 2010)). Instead, *Pitney Bowes* granted a motion to dismiss where the "[d]efendants communicated the statements at issue . . . directly to their *competitor*, [p]laintiff," instead of to the competitor's *customers*. 2010 WL 1005146, at *5 (emphasis added). The Court granted the motion to dismiss because "private statements *to competitors*—without more—falls short of commercial advertising." *Id.* (emphasis in original).

### b.    "Bad Faith"

As alleged in the amended complaint, ClearOne's statements were made in bad faith. D.I. 19 ¶¶ 20-25. ClearOne incorrectly asserts that its false and misleading statements were "beliefs and opinions about the enforceability of ClearOne's patent rights and related effects." D.I. 22 at 14. This self-serving characterization is far from the truth.

ClearOne's statements, as alleged in the amended complaint, were not related to its beliefs about its "patent rights." They were statements of fact that falsely and misleadingly portrayed rulings and events from ClearOne's litigation in the Northern District of Illinois and proceedings at the PTAB to dissuade Shure's customers from purchasing the MXA910. *See* D.I. 19 ¶¶ 20-25. Far from puffery or assertions of likely infringement, the alleged statements were false and misleading conclusions about the factual status and availability of Shure's products. Accordingly, Shure pled this claim as based on factually false statements—assertions that must be taken as true at this stage. *Enzo*, 295 F. Supp. 2d at 427-28.

ClearOne's attempt to identify supporting case law again fails. *See* D.I. 22 at 15. *Isco Int'l, Inc. v. Conductus, Inc.* involved a press release asserting that the defendants were infringing a patent despite knowledge of its unenforceability. 279 F. Supp. 2d 489, 504-505 (D. Del. 2003), *aff'd*, 123 F. App'x 974 (Fed. Cir. 2005). As explained above, ClearOne's statements do not go to the enforceability of its patent rights, and that is not what Shure pled was false. What is at issue are ClearOne's false portrayals of facts and the availability of Shure's products. ClearOne's citation to *PhishMe, Inc. v. Wombat Sec. Techs., Inc.* involves the same inapposite holding as *Isco Int'l. See* D.I. 22 at 15 (citing No. 16-403, 2017 WL 3821107, at *10 (D. Del. Aug. 31, 2017)). ClearOne cannot avoid liability for its false and misleading statements based on these irrelevant cases, nor can it recast its statements as going to mere "opinions" of enforceability. Shure has adequately plead the falsity of these misrepresentations.

### c.    ClearOne's Statements are Not Opinions

ClearOne's statements, contrary to its motion, are also not "opinions" that cannot be proven false. *See* D.I. 22 at 15-16. ClearOne asserts that its false and misleading statements were merely "opinions about the effects of its patent rights and affirmative litigation." *Id.* This is double-talk. As explained above, nowhere does the amended complaint characterize ClearOne's false and misleading statements as mere allegations of infringement or puffery over ClearOne's patent rights. Instead, the allegations in the Amended Complaint make clear that ClearOne's misrepresentations are purported statements of fact about verifiable events that occurred in the Northern District of Illinois and at the PTAB, made to Shure's customers, with the intent to dissuade them from purchasing Shure's products based on the court's and the PTAB's orders (or lack thereof), and false statements about the availability of the MXA910. This has nothing to do with ClearOne's beliefs about its "rights," or the "effects" of those beliefs, to the extent the latter has any legal meaning. And ClearOne's alternate characterizations do not control here—the

-15-

allegations in the amended complaint do. For example, ClearOne made statements that Shure's products will no longer be available. This is false, misleading, and caused Shure harm. Moreover, it is not opinion to state that "Shure's MXA910 has been found to infringe ClearOne's patents," let alone that "two separate court rulings" made that legal conclusion. D.I. 19 ¶¶ 20-25, 42-70. Nor is it opinion that Shure is "unable to sell MXA910 products" because of ClearOne's lawsuit, or that "integrators, installers, and/or end users," e.g., Shure's customers, "will need to tear or rip out existing installations of the MXA910." *Id.* These are verifiably false statements of fact that are actionable.

### 3.      Shure Need Not Plead Actual Deception

ClearOne next asserts that the amended complaint failed to plead "actual deception" and thus Shure's Lanham Act claim must be dismissed. D.I. 22 at 16. This argument is legally deficient. Proof of actual deception is unnecessary in this case because Shure pled literal falsity. *Kimberly-Clark*, 2012 WL 3063974, at *3 (where actual falsity is sufficiently alleged, there is "a complete Lanham Act claim even though it has no factual allegations that any customers have actually been misled."); *Castrol Inc. v. Pennzoil Co.*, 987 F.2d 939, 943 (3d Cir. 1993) ("[A] plaintiff must prove either literal falsity or consumer confusion, but not both."); *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 586 (3d Cir. 2002) (same). The amended complaint alleges that ClearOne's statements were literally false when they were made. D.I. 19 ¶ 20-25 ("ClearOne has falsely and with bad faith stated"; "These statements are all factually false"; "These false and deceptive statements harmed Shure's business"; "ClearOne's letter includes the following intentionally false and misleading statements"; "These statements are false and misleading for many reasons."). This is sufficient for a Lanham Act claim of false advertising. ClearOne's position to the contrary is baseless.

### E.     The Delaware Deceptive Trade Practices Act Claim is Adequately Pled

ClearOne asserts that Shure's third cause of action for violation of Delaware's Deceptive

Trade Practices Act (DTPA), 6 Del. C. § 2532, should be dismissed for the "same reasons" it

offered for Shure's Lanham Act claims. D.I. 22 at 17. To the extent ClearOne is asserting that

the DTPA claim must fail if the Lanham Act claim fails, it is incorrect. While true that "proof of

a Lanham Act claim would necessarily meet the requirements for a claim under the DTPA,"

*Deston Therapeutics LLC v. Trigen Labs. Inc.*, 723 F. Supp. 2d 665, 676 (D. Del. 2010), the

converse is not true, *see Monsanto Co. v. Syngenta Seeds, Inc.*, 443 F. Supp. 2d 648, 653

(D. Del. 2006) (dismissing Lanham Act claim but not DTPA claim); *see also Hologic, Inc. v.

Minerva Surgical, Inc.*, No. 1:15-cv-1031, 2019 WL 1958020, at *7 (D. Del. May 2, 2019) ("The

DTPA has a lower burden of proof than the Lanham Act since 'a complainant need not prove

competition between the parties or actual confusion or misunderstanding' to prevail in an action

under the DTPA.") (citing 6 Del. C. § 2532(b)); *see also Keurig, Inc. v. Strum Foods, Inc.*, 769

F. Supp. 2d 699, 712 (D. Del. 2011)).  ClearOne is also incorrect that a claim under the DTPA

requires a Rule 9(a) heightened pleading standard. *See, e.g.*, *Emerson Elec. Co. v. Emerson Quiet

Kool Co.*, No. 17-1846, 2019 WL 1397244, at *4 (D. Del. Mar. 28, 2019) (denying a motion to

dismiss on DTPA claims without applying heightened pleading standard).

ClearOne's next assertion essentially repeats its "opinion" defense to the Lanham Act

claim. D.I. 22 at 17-19. As much as ClearOne avers to the contrary, Mr. Narayanan's letter

expresses far more than an opinion of infringement. Instead, ClearOne's Senior Vice President of

Finance attempts to expand the preliminary injunction order issued by the Northern District of

Illinois in a blatant attempt to chill demand for the MXA910 among Shure's customers. The

amended complaint explains that it is undisputed that the preliminary injunction does not cover

(and there is no infringement) "when the MXA910 is mounted to a drop-ceiling tile or other

ME1 31645992v.1

structure, such that the microphones of the MXA910 are not in the drop space (i.e., they are below the track of the drop ceiling)." *See* D.I. 19 ¶ 22. The order, contrary to Mr. Narayanan's false assertions, does not entirely "prevent[] Shure from manufacturing, marketing, and selling its MXA910 product for use in a 'drop-ceiling mounting configuration.'" D.I. 23, Ex. 1.

ClearOne attempts to parse the language of Mr. Narayanan's letter by alleging that Shure dropped the word "in." D.I. 22 at 17-18. ClearOne misses the point. The omitted preposition does nothing to address the misleading and false characterization of the preliminary injunction order, particularly when coupled with the threatening language to Shure's customers. ClearOne attempts to avoid these threats (e.g., where Mr. Narayanan states that "[t]he Court's infringement analysis applies equally to third parties such as integrators and consultants," D.I. 23, Ex. 1) by claiming the letter does not refer to "end users or 'customers.'" D.I. 22 at 18. But this ignores the reality of the audioconferencing market and Shure's business, of which ClearOne is well aware. Specifically, the parties' "customers" *are* "third-party integrators" and "installing companies."

ClearOne concludes its defense of Mr. Narayanan's letter by stating that it "is clear" that the letter only targets "future installations" and not all installations of the MXA910. D.I. 22 at 19. ClearOne resorts to analyzing the tense of sentences one and two paragraphs away from the offending sentence. *Id.* (stating that sentences relating to "'manufacturing, marketing, and selling its MXA910 product' and third-parties installing or recommending installation[s]" inform what Mr. Narayanan meant in a later sentence.). Mr. Narayanan was not vague and his tense is not in dispute. Mr. Narayanan's letter stated: "[p]lease be aware that it is likely an act of infringement to install a Shure MXA910 product . . . in a drop-ceiling mounting configuration. This is so *regardless of when*, or how, the installing company received the MXA910 that it installs. D.I. 23, Ex. 1 (emphasis added). So, "regardless of when, or how, the installing company received the

MXA910," "it is likely an act of infringement to install it." *Id.* This misleads Shure's customers into believing that past installations are implicated and omits the order's limitations. D.I. 19 ¶ 25.

It is telling that ClearOne devotes multiple pages to explaining what its Senior Vice President of Finance meant in one page. But ClearOne cannot escape Mr. Narayanan's false and misleading statements no matter how much it tries to parse and explain away the tense or intent of his words. Shure has met its burden of demonstrating a plausible inference, viewing Shure's allegations in a light most favorable to Shure, that Mr. Narayanan's letter is factually false and highly misleading to customers. ClearOne's motion should be denied.

### F. Shure Adequately Pled Tortious Interference and Unfair Competition

ClearOne asserts that counts four and five of the amended complaint, tortious interference with business relations and unfair competition under Delaware common law, should be dismissed for four separate reasons. D.I. 22 at 19-20. Each of these is incorrect.

First, ClearOne asserts that the amended complaint "has not properly pled the existence of a valid business relationship or expectancy that has been interfered with." *Id.* Yet ClearOne's next sentence identifies the "expectancy" that is pleaded. *Id.* (stating that Shure pled "reasonable probabilities of new and continuing business opportunities with its customers.'") (citing D.I. 19 ¶ 59). As explained by *Enzo*, cited by ClearOne in its motion (D.I. 22 at 19), this is sufficient. 295 F. Supp. 2d 424, 429 (D. Del. 2003). In fact, the Court in *Enzo* dealt with a very similar set of facts: a competitor initiated a lawsuit and then issued a press release stating that it was seeking a permanent injunction over the defendant. *Id.* There, the Court found the assertion of "[a] valid business relationship or expectancy in connection with its [] products" and plaintiff's "knowledge of such relationship or expectancy" were sufficient. *Id.* at 429; *accord Dynamis Therapeutics, Inc. v. Alberto-Culver Int'l Inc.*, No. 09-773, 2010 WL 3834405, at *5 (D. Del.

Sept. 24, 2010) ("[A]t the motion to dismiss stage, a plaintiff does not need to identify the prospective business relationship with which the defendant tortiously interfered.").

ClearOne next asserts (incorrectly) that the amended complaint fails to sufficiently plead "bad faith" to avoid federal preemption. D.I. 22 at 20. For all of the same reasons explained in Section V.D.2.b, *supra*, the amended complaint alleges ClearOne's false and misleading statements were made in bad faith to deter Shure's customers from purchasing the MXA910. *See also* D.I. 19 20-25, 42-70. ClearOne then asserts, summarily, that the tortious interference and unfair competition claims fail to comply with the pleading standards of Fed. R. Civ. P. 8, and that the unfair competition claim fails because ClearOne's false and misleading statements purportedly "cannot be considered a wrongful act." D.I. 22 at 20. ClearOne provides no explanation for these conclusory assertions. ClearOne's false and misleading statements are actionable, and the amended complaint meets the pleading standards for a plausible showing of common law tortious interference and unfair competition. *See supra* Section V.D.2. On this point ClearOne's motion fails to demonstrate otherwise and thus fails in its burden. ClearOne provides no reasoning for why its false and misleading statements, plead with particularity in the amended complaint as intended to dissuade Shure's customers from purchasing the MXA910, were not "wrongful acts." D.I. 22 at 20. ClearOne has not carried its burden to demonstrate that the amended complaint fails to state a plausible claim for relief, and its motion should be dismissed.

## VI.   Conclusion

For the foregoing reasons, the Court should deny ClearOne's motion to dismiss in its entirety.

ME1 31645992v.1

Dated: October 7, 2019

McCARTER & ENGLISH, LLP

OF COUNSEL:

/s/ Brian R. Lemon
Michael P. Kelly (#2295)
Brian R. Lemon (#4730)
Alexandra M. Joyce (#6423)
405 N. King St., 8th  Floor
Wilmington, DE 19801
(302) 984-6300
mkelly@mccarter.com
blemon@mccarter.com
ajoyce@mccarter.com

Gerald F. Ivey
Mareesa A. Frederick
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000

Elliot C. Cook
Alexander M. Boyer
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
(571) 203-2700

*Counsel for Plaintiffs*

-21-