**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| SHURE INCORPORATED and SHURE ACQUISITION HOLDINGS, INC., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. 19-1343-RGA-CJB |
| CLEARONE, INC., | ) ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

In this patent infringement action filed by Plaintiffs Shure Incorporated and Shure Acquisition Holdings, Inc. ("Plaintiffs" or "Shure") against Defendant ClearOne, Inc. ("Defendant" or "ClearOne"), pending is Shure's motion to dismiss and strike ClearOne's counterclaim of inequitable conduct and affirmative defense of unenforceability based on inequitable conduct (the "Motion"), pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f). (D.I. 312) For the reasons set out below, the Court recommends that Shure's Motion be DENIED.

**I.     BACKGROUND**

Shure and ClearOne are competitors in the installed audio-conferencing market. (D.I. 64 at ¶¶ 1, 14-15; *see also* D.I. 22 at 1; D.I. 40 at 1) Shure filed this action on July 18, 2019, alleging in its Complaint that ClearOne infringed Shure's United States Patent No. 9,565,493 (the "'493 patent") and raising other federal and state law claims for relief. (D.I. 1)[1] The Court

---

[1] The parties have also been involved in litigation against each other in the United States District Court for the Northern District of Illinois since April 2017. (*See* D.I. 155 at 2-3)

1

has been referred the instant case for all purposes, up through the case dispositive motions deadline, by United States District Judge Richard G. Andrews. (D.I. 9)

On November 1, 2019, the Court granted ClearOne's motion seeking a stay of the case as to claims relating to the '493 patent, in light of the decision of the United States Patent and Trademark Office's Patent Trial and Appeal Board ("PTAB") to institute an *inter partes* review of all claims of the '493 patent (the "'493 patent IPR" or "the IPR"). (D.I. 53) The Court's Order stayed the case as to that patent until the conclusion of the '493 patent IPR. (*Id.*)

On November 19, 2019, Shure filed the currently-operative Second Amended Complaint ("SAC"), in which it also asserts against ClearOne its United States Design Patent No. D865,723 (the "'723 patent"). (D.I. 64) On July 27, 2020, ClearOne filed its operative amended answer and counterclaims ("Answer") to Shure's SAC. (D.I. 295) Clear One's Answer includes a Fourth Counterclaim seeking a declaratory judgment of unenforceability of claims 1-16 and 28-40 of the '493 patent, and a fourth affirmative defense of unenforceability of the '493 patent that is premised on the same factual allegations put forward as to the Fourth Counterclaim. (*Id.* at 8, 32-34)

Shure filed the instant Motion on August 10, 2020, in which it seeks dismissal of the Fourth Counterclaim and the fourth affirmative defense. (D.I. 312) Briefing on the Motion concluded on August 31, 2020. (D.I. 329)

While briefing on the Motion was in progress, on August 14, 2020, the PTAB issued a Final Written Decision in the '493 patent IPR, in which the PTAB invalidated all of the original 40 claims of the '493 patent, with the exception of claims 6 and 34. (D.I. 323 at 4; D.I. 324 at 1 & ex. 1) The PTAB granted-in-part Shure's revised motion to amend in the IPR, confirming the

patentability of claims 57-67 but not confirming the patentability of claims 41-56 and 68-80. (D.I. 323 at 4-5; D.I. 324 at 1)

In a status letter to the Court filed on August 24, 2020, the parties informed the Court that Shure does not currently plan to assert original remaining claims 6 and 34 of the '493 patent in this case; Shure does, however, plan to assert some or all of amended claims 57-67, once the PTAB issues a certificate confirming those claims. (D.I. 324 at 1) ClearOne informed the Court that it had filed a request for rehearing of the PTAB's Final Written Decision, and both parties informed the Court that they were considering whether to appeal the PTAB's decision. (*Id*. at 1-2) Because the PTAB will not issue a certificate confirming the new patent claims until after the time for appeal has expired or any appeal has been terminated, ClearOne's position was that the stay relating to the '493 patent should remain in effect until at least the time when the certificate is issued. (*Id*. at 2)

On August 25, 2020, the Court issued an Order confirming that the stay with regard to the '493 patent remains in effect. (D.I. 326) The Court further ordered that the parties should provide it with a status report within three days of the running of the appeals deadline, and that this status report should indicate: (1) whether any party had appealed the decision and (2) what were the parties' views regarding whether and when the stay as to the '493 patent should be lifted. (*Id*.) Since the Court's August 25, 2020 Order, the parties have not filed a status report as to the status of proceedings relating to the '493 patent IPR.

## II.     DISCUSSION

In light of the above, the Court recommends that the Motion be denied, due to the currently-operative stay of the case regarding the '493 patent. The point of such a stay is that while proceedings regarding that patent are at play in the PTAB, it does not make sense for the

3

Court and the parties to be expending effort on issues relating to the patent in the District Court. Were the Court to issue a decision on the merits of the Motion at this time, that would contravene the purpose of the stay.

The Court presumes that if the '493 patent IPR eventually reaches a stage where Shure thinks that it makes sense to do so, Shure will seek to lift the stay of the case as to that patent, in an attempt to litigate some or all of claims 57-67. And the Court, as noted above, expects to hear from the parties regarding an update on the '493 patent IPR after the appeals deadline has run. If the Court decides at some point to lift the stay as to the '493 patent, presumably Shure will then seek to further amend the operative complaint, in order to assert any newly-issued claims that it then seeks to pursue (assuming those claims are still live). If that motion to amend is granted, then presumably ClearOne will thereafter file a new amended answer and counterclaims, in which it appears ClearOne will likely include a counterclaim and affirmative defense of unenforceability as to any surviving asserted claims of the '493 patent. (D.I. 323 at 5, 19)[2] If ClearOne does this, and if Shure thereafter moves to dismiss such a counterclaim/affirmative defense, the Court will then address the merits of such a motion to dismiss at that time.[3]

### III.   CONCLUSION

For the foregoing reasons, the Court recommends that the Motion be DENIED.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R.

---

[2] The Court understands that the parties have a difference of opinion as to whether ClearOne would be able to demonstrate that any or all of claims 57-67 are unenforceable, and it offers no view on the merits of that dispute. (D.I. 323 at 5; D.I. 329 at 1-2)

[3] If this all comes to pass and the parties feel it would be most efficient for the Court to rely on some or all of the briefing relating to the current Motion in deciding whether such a counterclaim/affirmative defense should stand (perhaps in addition to short supplemental briefing), the parties can advise the Court of this at the relevant time.

Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the district court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

The parties are directed to the Court's Standing Order for Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the District Court's website, located at http://www.ded.uscourts.gov.

Dated: January 6, 2021

*Christopher J. Burke*
Christopher J. Burke
UNITED STATES MAGISTRATE JUDGE