IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHURE INCORPORATED, and<br>SHURE ACQUISITION HOLDINGS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CLEARONE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>) C.A. No. 19-1343 (RGA) (CJB)<br>)<br>)<br>) **REDACTED -**<br>) **PUBLIC VERSION**<br>**)**<br>) |

# DEFENDANT'S OPENING BRIEF IN SUPPORT OF THEIR MOTION TO STRIKE
## CERTAIN OPINIONS OF PAUL HATCH

|  |  |
|---|---|
|  | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>Michael J. Flynn (#5333)<br>Andrew M. Moshos (#6685)<br>1201 North Market Street<br>P.O. Box 1347 |
| OF COUNSEL: | Wilmington, DE  19899<br>(302) 658-9200 |
| John C. Hueston<br>Douglas J. Dixon | mflynn@morrisnichols.com<br>amoshos@morrisnichols.com |
| Christina V. Rayburn<br>Karen Younkins | *Attorneys for ClearOne, Inc.* |
| Sourabh Mishra<br>HUESTON HENNIGAN LLP<br>620 Newport Center Drive<br>Suite 1300<br>Newport Beach, CA  92660<br>(949) 226-6741 |  |

Original Filing Date: April 16, 2021
Redacted Filing Date: April 26, 2021

**TABLE OF CONTENTS**

Page

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

II. SUMMARY OF THE ARGUMENT ..............................................................................1

III. STATEMENT OF FACTS ...............................................................................................1

IV. ARGUMENT....................................................................................................................1

    A. Mr. Hatch's Infringement Opinions Should Be Excluded....................................1

    B. Mr. Hatch's Opinions on Gestalt Theory, Visual Perception and How People See, Including Those in Mr. Hatch's Technical Tutorial, Should Be Excluded ..............................................................................................................2

    C. Mr. Hatch's Copying Opinions Should Be Excluded...........................................4

    D. Mr. Hatch's Opinion Regarding Similarity Between the Accused Products and the Commercial Embodiment Should Be Excluded........................4

    E. Mr. Hatch's Commercial Success and Praise Opinions Should Be Excluded ................................................................................................................5

    F. Mr. Hatch's Opinions Regarding the Market/Industry Should Be Excluded ................................................................................................................6

V. CONCLUSION.................................................................................................................7

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Advanced Med. Optics, Inc. v. Alcon, Inc.*,
  2005 WL 782809 (D. Del. Apr. 7, 2005) .................................................................................. 2

*Oralabs, Inc. v. Kind Grp. LLC*,
  2015 WL 4694138 (D. Colo. Aug. 7, 2015) ............................................................................. 2

*Quest Licensing Corp. v. Bloomberg L.P.*,
  2017 WL 239345 (D. Del. Jan. 19, 2017),
  *aff'd*, 726 F. App'x 819 (Fed. Cir. 2018) ................................................................................. 2

*Cot'n Wash, Inc. v. Henkel Corp.*,
  56 F. Supp. 3d 626 (D. Del. 2014),
  *aff'd*, 606 F. App'x 1009 (Fed. Cir. 2015) ............................................................................... 5

*Egyptian Goddess, Inc. v. Swisa, Inc.*,
  543 F.3d 665 (Fed. Cir. 2008) .................................................................................................. 3

*EMC Corp. v. Pure Storage, Inc.*,
  154 F. Supp. 3d 81 (D. Del. 2016) ........................................................................................... 2

*FMC Corp. v. Hennessy Industries, Inc.*,
  836 F.2d 521 (Fed. Cir. 1987) .................................................................................................. 4

*Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co., Inc.*,
  162 F.3d 1113 (Fed. Cir. 1998) ................................................................................................ 4

*In re Paoli R.R. Yard PCB Litig.*,
  35 F.3d 717 (3d Cir. 1994) ....................................................................................................... 3

*L.A. Gear, Inc. v. Thom McAn Shoe Co.*,
  988 F.2d 1117 (Fed. Cir. 1993) ................................................................................................ 5

*Robert S. v. Stetson Sch., Inc.*,
  256 F.3d 159 (3d Cir. 2001) ..................................................................................................... 7

*Sonos, Inc. v. D & M Holdings Inc.*,
  297 F. Supp. 3d 501 (D. Del. 2017) ......................................................................................... 4

*UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*,
  949 F.3d 825 (3d Cir. 2020) ..................................................................................................... 3

*Waldorf v. Shuta*,
    142 F.3d 601 (3d Cir. 1998)......................................................................................................6

**Rules and Statutes**

Fed. R. Evid. 702 ...................................................................................................2, 3, 6, 7

All Exhibits are contained in the Omnibus Declaration of Karen Younkins In Support of ClearOne's Motions for Summary Judgment and *Daubert* Motions, filed concurrently.

## TABLE OF EXHIBITS

| Exh. | Description |
|---|---|
| 1 | U.S. Patent No. D865,723 ("'723 patent") |
| 5 | Excerpts from Rebuttal Expert Report of Paul Hatch, dated February 22, 2021 |
| 6 | Excerpts from May 18, 2020 Deposition of Paul Hatch (Vol. 1) |
| 7 | Excerpts from Rebuttal Expert Report of Joel Delman, dated February 22, 2021 |
| 8 | Excerpts from Opening Expert Report of Paul Hatch, dated January 26, 2021 |
| 10 | Excerpts from Reply Expert Report of Paul Hatch, dated March 22, 2021 |
| 14 | Excerpts from Reply Expert Report of Joel Delman, dated March 22, 2021 |
| 19 | D.I. 154-1, [Sealed] Exhibit D to Shure's Motion for Preliminary Injunction and Limited Temporary Restraining Order – Declaration of Ira Weinstein, dated April 14, 2020 |
| 23 | Excerpts from April 6, 2021 Deposition of Paul Hatch (Vol. 4) |
| 34 | Excerpts from Opening Expert Report of Ira Weinstein, dated January 26, 2021 |
| 53 | Excerpts from May 28, 2020 Deposition of ▇▇▇▇▇▇▇ |
| 54 | Transcription of D.I. 166, Plaintiffs' Technology Tutorial, dated April 22, 2020 |
| 55 | Paper No. 91 filed in *ClearOne, Inc. v. Shure Acquisition Holdings, Inc.*, IPR2019-00683 – Final Written Decision, dated August 14, 2020 |
| 56 | R. 551 filed in *Shure Incorporated v. ClearOne, Inc.*, Case No. 17-cv-03078 (N.D. Ill.) – Memorandum Opinion and Order (Under Seal) Regarding ClearOne's Motion for Preliminary Injunction as to U.S. Patent No. 9,813,806 ('806 Patent), dated August 5, 2019 |

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

ClearOne incorporates the Nature and Stage of Proceedings from its Opening Brief in Support of its Motion for Summary Judgment of Invalidity, filed concurrently. D.I. 442 at 1.

II. **SUMMARY OF THE ARGUMENT**

Mr. Hatch offers several unreliable and irrelevant opinions that should be excluded.

*First*, Mr. Hatch's infringement opinions are irrelevant and risk confusing the jury because they are premised on an incorrect claim construction. Mr. Hatch also offers irrelevant infringement opinions about how people (generally) see, often based on Gestalt theory, even though he admits he is not an expert in the subject and design patent infringement is determined from a different perspective. Further, Mr. Hatch's conclusory statements that imply ClearOne infringes because it copied Shure are not helpful, and are irrelevant. Finally, his conclusory opinions comparing Shure's commercial embodiments and ClearOne's accused products are unfounded and irrelevant.

*Second*, Mr. Hatch's secondary considerations of non-obviousness opinions should be excluded as he does not attempt to establish a nexus between the evidence and the claimed design.

*Third*, having never worked in the relevant industry, Mr. Hatch does not have the required expertise to provide opinions about the audio-visual market or what participants in that market think, particularly because his opinions contradict testimony of industry participants.

III. **STATEMENT OF FACTS**

ClearOne incorporates the Statement of Facts from its Opening Brief in Support of its Motion for Summary Judgment of Non-Infringement. D.I. 444 at 1.

IV. **ARGUMENT**

   A.  **Mr. Hatch's Infringement Opinions Should Be Excluded**

As explained in ClearOne's Opening Brief in Support of its Motion for Summary Judgment of Non-Infringement, Mr. Hatch's infringement opinions rely on an incorrect claim construction.

1

D.I. 444 at 7-11. Such testimony is not admissible under Fed. R. Evid. 702 because it is irrelevant and risks confusing the jury. *See EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 109 (D. Del. 2016); *c.f. Quest Licensing Corp. v. Bloomberg L.P.*, 2017 WL 239345, at *3 (D. Del. Jan. 19, 2017), *aff'd*, 726 F. App'x 819 (Fed. Cir. 2018).

### B. Mr. Hatch's Opinions on Gestalt Theory, Visual Perception and How People See, Including Those in Mr. Hatch's Technical Tutorial, Should Be Excluded

Mr. Hatch considers Gestalt theory to be embedded in his work for this case. *See* Ex. 23, Hatch 4/6/21 Dep. at 39:17-40:24 (comparing Gestalt theory to gravity). Nowhere is that more apparent than in the technical tutorial he prepared. D.I. 166. These opinions which, at bottom, concern how people see, are fundamentally unscientific and should be excluded. *C.f. Oralabs, Inc. v. Kind Grp. LLC*, 2015 WL 4694138 (D. Colo. Aug. 7, 2015) (excluding expert's opinion that a "gestalt effect" would cause an ordinary observer to "complete" the shape of a certain object).

In the tutorial, Mr. Hatch opines that "people see in two stages," and posits the first "stage" is always an "outline" of an object, insisting that features belonging to this stage are the only ones that contribute to a person's "impression of the object." Ex. 54 at 1-3, 5. For a given object, Mr. Hatch claims he can identify which features people will consider "primary," such that he can determine and "what overall impression a viewer would perceive." *Id.* at 1. Mr. Hatch goes on to discuss which features of designs *not* at issue in this case he believes will be perceived as "primary." *Id.* at 2-5. Mr. Hatch represents that these opinions are based on "principles from the area of cognitive psychology and visual perception" as well as "gestalt theory." *Id.* at 1.

Mr. Hatch is not qualified to render scientific opinion on these subjects, much less to apply cognitive psychology to the narrow facts of this case. To be "qualified" under Rule 702, an expert must have specialized knowledge in matters specific to the testimony they are rendering. *Advanced Med. Optics, Inc. v. Alcon, Inc.*, 2005 WL 782809, at *9 (D. Del. Apr. 7, 2005). Yet when asked

whether he is "an expert in visual perception, cognitive psychology, or Gestalt theory," Mr. Hatch said, "I wouldn't use that term." Ex. 6, Hatch 5/18/20 Dep. at 182:20-183:2. Indeed, when Mr. Hatch submitted the technical tutorial, he had no academic training or peer-reviewed publications in these topics.[1] *See* Ex. 8, Hatch Op. at Appx. A; Ex. 6, Hatch 5/18/20 Dep. at 171:18-22.

Moreover, these opinions fail to "fit" the proceedings under Rule 702, because they would not assist a trier of fact in resolving any of the questions at issue in this case. *See UGI Sunbury LLC v. A Permanent Easement for 1.7575 Acres*, 949 F.3d 825, 835 (3d Cir. 2020). Design patent infringement is to be determined from the perspective of the hypothetical ordinary observer who is (1) a purchaser of the relevant product and (2) presumed to be familiar with the prior art. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 674, 678-89 (Fed. Cir. 2008). Theories about how ordinary people perceive objects do not relate to this test. *See* Ex. 54 (broadly opining on "people"—a class of individuals that is not defined); Ex. 23, Hatch 4/6/21 Dep. at 196:15-197:6 ("we're not talking about specific people but how humans on the whole view objects."); Ex. 10, Hatch Reply ¶ 32 (use of terms "primary" and "secondary" in infringement analysis "refer to the psychological aspects of how people perceive objects").[2] Put simply, Mr. Hatch's conclusions are unreliable, irrelevant and more likely to confuse the fact finder than assist it.

Accordingly, because Mr. Hatch is not an expert in Gestalt theory or visual perception, and because his opinions on these topics are not grounded in science or relevant to this case, the Court should exclude them under Rule 702.

---

[1] Mr. Hatch recently *started* a Ph.D. in learning sciences and cognitive psychology. Ex. 23, Hatch 4/6/21 Dep. at 11:4-12:11. He is currently in his second semester. *Id.*
[2] Critically, Mr. Hatch fails to provide "a valid *scientific* connection" between "humans on the whole" and the ordinary observer. *See In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 743 (3d Cir. 1994); *see also* Ex. 6, Hatch 5/18/20 Dep. at 186:24-187:1 (acknowledging not every person "views and connects with an object in this same way"); Ex. 14, Delman Reply ¶ 43.

3

### C. Mr. Hatch's Copying Opinions Should Be Excluded

Mr. Hatch opines that ClearOne copied the ornamental design and "functional aspects" of Shure's MXA910. Ex. 8, Hatch Op. ¶¶ 23, 63; Ex. 5, Hatch Reb. ¶¶ 50, 53; Ex. 10, Hatch Reply ¶¶ 19-23. However, copying is irrelevant to design patent infringement. *See FMC Corp. v. Hennessy Industries, Inc.*, 836 F.2d 521, 528 (Fed. Cir. 1987); *Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co., Inc.*, 162 F.3d 1113, 1121-22 (Fed. Cir. 1998). Thus, these opinions should be excluded. They should also be excluded because they are not helpful. "[S]ummaries of evidence and conclusory statements that imply that [the defendant] copied [the plaintiff's] technology," like Mr. Hatch's, are unhelpful and inadmissible. *Sonos, Inc. v. D & M Holdings Inc.*, 297 F. Supp. 3d 501, 521 (D. Del. 2017).[3]

In sum, Mr. Hatch's copying opinions should be excluded because they are not relevant and not helpful, and because Mr. Hatch is not qualified to give them.

### D. Mr. Hatch's Opinion Regarding Similarity Between the Accused Products and the Commercial Embodiment Should Be Excluded

The Court should also exclude Mr. Hatch's opinion that "[t]he Accused Products appear substantially the same as the Commercial Embodiment, such that a consumer is likely to purchase the Accused Products under the mistaken belief that they are, in fact, the products protected by the

---

[3] Mr. Hatch's opinion on the purported copying of "functional aspects" is particularly egregious, finding no basis in fact or Mr. Hatch's experience. He states "ClearOne's BMA 360 uses a similar circular placement and arrangement of microphones as is used in Shure's MXA910 products[.]" Ex. 8, Hatch Op. ¶ 63 (Table 10). There can be no question this purely speculative and irrelevant opinion should be excluded. These are highly complex electronic products with technology far beyond Mr. Hatch's only area of expertise: industrial design. For example, Mr. Hatch did not know how many microphones the relevant products have, or what prior art microphone arrangements look like. *See* Ex. 23, Hatch 4/6/21 Dep. at 143:6-13. Had he reviewed the prior art before rendering this conclusory opinion—he did not, *id.* at 143:14-24—he might have seen that Shure's '493 patent claims have been found unpatentable because the prior art teaches the circular placement and arrangement of microphones he alleges ClearOne copied from Shure. *See* Ex. 55 at 36-39. Even if Mr. Hatch were qualified to render this opinion, the '723 patent does not claim the "internal components" Mr. Hatch alleges ClearOne copied. *See* Ex. 1 at Figs., Ex. 23, Hatch 4/6/21 Dep. at 148:2-6. His functional copying opinion is irrelevant.

'723 Patent." Ex. 8, Hatch Op. ¶ 135, *id.* ¶ 14. Mr. Hatch fails to support this conclusion with any comparison of the commercial embodiment (which he defines as three Shure products each having different designs: the MXA910, MXA910-A, and MXA910-US, *id.* ¶ 15) to the accused products. Comparing a commercial embodiment to an accused product in a design patent analysis is only appropriate where the commercial embodiment and the claimed design are substantially the same. *See L.A. Gear, Inc. v. Thom McAn Shoe Co.*, 988 F.2d 1117, 1125-26 (Fed. Cir. 1993). But Mr. Hatch has not rendered an opinion on whether the commercial embodiments and the claimed design are substantially the same, and his testimony must therefore be excluded.

To be clear, the MXA910 is not actually a commercial embodiment that consumers are considering, because Shure has been enjoined from selling that product since August 2019. Ex. 56 at 64. And there is a substantial difference between the MXA910-A and -US products, on the one hand, and the claimed design, on the other. *See* Ex. 7, Delman Reb. ¶ 122 (describing differences); Ex. 23, Hatch 4/6/21 Dep. at 168:3-21 (admitting differences). Accordingly, because no reliable basis underlies Mr. Hatch's opinion on this subject, the opinion should be excluded.

E. **Mr. Hatch's Commercial Success and Praise Opinions Should Be Excluded**

For secondary considerations of non-obviousness, Shure offers only Mr. Hatch's opinions regarding commercial success, praise, and copying. Ex. 5, Hatch Reb. ¶¶ 50-53. To support his commercial success opinion, Mr. Hatch simply cites the aggregate gross sales number for Shure's MXA910, MXA910-A, MXA910-US and their respective 60-centimeter versions. *Id.* ¶ 51. For praise, Mr. Hatch cites testimony from four people about whether products similar to the MXA910 existed before it. *Id.* ¶ 52. Crucially, Mr. Hatch does not attempt to establish a nexus between the evidence for commercial success and praise he provides and the claimed design (nor would he be qualified to do so) and, thus, his opinions should be excluded. *See Cot'n Wash, Inc. v. Henkel Corp.*, 56 F. Supp. 3d 626, 651 (D. Del. 2014) (excluding commercial success and praise opinions

5

where nexus was not shown), *aff'd.*, 606 F. App'x 1009 (Fed. Cir. 2015).[4]

### F. Mr. Hatch's Opinions Regarding the Market/Industry Should Be Excluded

The Court should also exclude Mr. Hatch's opinions on the audio-visual market and participants in that market, subjects with which Mr. Hatch has no personal familiarity, much less specialized expertise. Such opinions are scattered throughout Mr. Hatch's reports, frequently concerning the roles of industry participants and what they think.[5] Mr. Hatch makes most of these opinions without citing to *any* record evidence, instead often obliquely referring to his own "understand[ing]" or "experience." As discussed below, these opinions often conflict with record evidence from market participants as well as the testimony of Shure market expert Mr. Weinstein.

For an expert witness to possess "specialized knowledge" and thus be qualified to render opinions under Rule 702, she must have "practical experience," "academic training," or both. *Waldorf v. Shuta*, 142 F.3d 601, 625 (3d Cir. 1998). Mr. Hatch has neither. His educational degrees do not concern the audio-visual industry. Ex. 8, Hatch Op. Appx. A at 1. Mr. Hatch has never worked at a company specializing in the sale, installation, or purchase of AV equipment, *id.*, and has never himself purchased a microphone to be installed in a ceiling grid, Ex. 6, Hatch 5/18/20 Dep. at 15:11-19. Despite rendering numerous opinions about what AV distributors and integrators think and do, Mr. Hatch was unable to identify even one. Ex. 23, Hatch 4/6/21 Dep. at 50:8-14, 51:3-8. Likewise, he was unable to name any manufacturer representatives other than two individuals whose depositions he cites in his reports. *Id.* at 51:24-52:5.

Mr. Hatch's lack of specialized expertise in the AV industry is particularly evident from the content his opinions, many of which are clearly not based in fact and/or contradict the

---

[4] Mr. Hatch's copying opinions should be excluded for the reasons discussed in Section IV.C.
[5] *See, e.g.*, Ex. 8, Hatch Op. ¶¶ 21-23, 35, 80-83, 97 n. 17, 120-124; Ex. 5, Hatch Reb. ¶¶ 7-13, 24, 52; Ex. 10, Hatch Reply ¶¶ 8-9, 14-18, 33, 40, 78-79; Ex. 23, Hatch 4/6/21 Dep. at 169:20-170:1 (regarding redesigning "the overall commercial impression").

6

testimony of Shure's market expert and industry participants in this case. For example, Mr. Hatch professed a belief that manufacturer representatives are distributors, *id.* at 193:22-195:8; this is false, *compare* Ex. 34, Weinstein Op. ¶ [0059] (describing distributors) *with* Ex. 53 at 10:11-22 (describing manufacturer representatives). Mr. Hatch further testified that purchasers typically make the final decision as to which product to select, Ex. 23, Hatch 4/6/21 Dep. at 52:15-20; Mr. Weinstein explained that this is false, Ex. 19 ¶¶ 57-61.[6,7]

## V. CONCLUSION

For the foregoing reasons, the Court should exclude from consideration on summary judgment, and from presentation at trial, Mr. Hatch's unreliable and irrelevant opinions as follows: regarding (i) infringement, including his opinions on gestalt theory, copying, and similarity between alleged commercial embodiments of the '723 patent and the accused products; (ii) validity, including his opinions related to secondary considerations of non-obviousness; and (iii) his opinions regarding the market for beamforming microphone arrays and the relevant market participants from consideration on summary judgment, and should preclude Mr. Hatch from offering such opinions at trial.

---

[6] More of Mr. Hatch's market opinions contradict record evidence. For example, Mr. Hatch repeatedly argues "industry participants in this case have testified that individuals in the industry do not notice [elements on the back of the MXA910] and have never heard customers remark about them." Ex. 8, Hatch Op. ¶ 35; Ex. 5, Hatch Reb. ¶ 24; Ex. 10, Hatch Reply ¶ 40. However, as he later acknowledged, one industry participant " ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ " of the MXA910's back (Ex. 23, Hatch 4/6/21 Dep. at 93:24-94:4) and Mr. Hatch is "not sure at this stage how much others may have talked about the back [of the MXA910]" (*id.* at 92:2-15). Such irrational extrapolations should be excluded under Rule 702.

[7] Moreover, Shure should not be able to rely on Mr. Hatch's purported understanding of the market to challenge the testimony of its own market expert. Mr. Weinstein has offered extensive testimony about the market. E.g., Ex. 19; *See Robert S. v. Stetson Sch., Inc.*, 256 F.3d 159, 169-70 (3d Cir. 2001) (affirming exclusion of testimony because expert "was not qualified" and because "such testimony would be unnecessarily cumulative to the testimony of plaintiff's other experts").

OF COUNSEL:

John C. Hueston
Douglas J. Dixon
Christina V. Rayburn
Karen Younkins
Sourabh Mishra
HUESTON HENNIGAN LLP
620 Newport Center Drive
Suite 1300
Newport Beach, CA 92660
(949) 226-6741

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*

Michael J. Flynn (#5333)
Andrew M. Moshos (#6685)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mflynn@morrisnichols.com
amoshos@morrisnichols.com

*Attorneys for ClearOne, Inc.*

8

# CERTIFICATE OF SERVICE

I hereby certify that on April 16, 2021, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on April 16, 2021, upon the following in the manner indicated:

| | |
|---|---|
| Michael P. Kelly, Esquire<br>Brian R. Lemon, Esquire<br>Alexandra M. Joyce, Esquire<br>MCCARTER & ENGLISH, LLP<br>405 North King Street, 8th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Gerald F. Ivey, Esquire<br>Mareesa A. Frederick, Esquire<br>Elizabeth D. Ferrill, Esquire<br>Sydney N. English, Esquire<br>FINNEGAN, HENDERSON, FARABOW,<br> GARRETT & DUNNER, LLP<br>901 New York Avenue, N.W.<br>Washington, DC  20001-4413<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Elliot C. Cook, Esquire<br>Alexander M. Boyer, Esquire<br>Joseph M. Schaffner, Esquire<br>David N. Lefcowitz, Esquire<br>Luke H. MacDonald, Esquire<br>FINNEGAN, HENDERSON, FARABOW,<br> GARRETT & DUNNER, LLP<br>1875 Explorer Street, Suite 800<br>Reston, VA 20190-6023<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Vladimir I. Arezina, Esquire<br>VIA LEGAL, LLC<br>1237 W. Madison<br>Chicago, IL 60607<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

/s/ *Michael J. Flynn*
Michael J. Flynn (#5333)