IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHURE INCORPORATED and SHURE ACQUISITION HOLDINGS, INC., <br><br> Plaintiffs; <br><br> v. <br><br> CLEARONE, INC., <br> Defendant. | Civil Action No. 19-1343-RGA |

MEMORANDUM ORDER

Before me is the Magistrate Judge's Report and Recommendation (D.I. 535) regarding Defendant's motion for summary judgment of invalidity. (D.I. 441). I have reviewed Defendant's objections and Plaintiffs' responses. (D.I. 537, 553). Because I find that Plaintiffs have raised factual questions that preclude summary judgment, I am adopting the Report and Recommendation.

ClearOne presents two grounds for invalidity. The first is anticipation by either the on-sale bar or the public use bar. Shure began selling a product that embodies the '723 patent in February 2016, prior to the filing date of the '723 patent. (D.I. 535 at 11). The parties dispute whether the '723 patent properly claims priority to Patent No. 9,565,493 (the '493 patent), filed in April 2015. (*Id.*). If Shure's priority claim fails, it is undisputed that the '723 patent would be rendered invalid by the on-sale and public use bars. (*Id.*).

ClearOne argues that two differences between figures in the '493 patent and the '723 patent defeat Shure's priority claim. (D.I. 537 at 1). The first difference is on the back panel. ClearOne points to three holes in the back panel on the '493 patent that are not present on the '723 patent. (*Id.* at 2). According to ClearOne, this shows that Shure did not have possession of the back panel as of the critical date.

It is not the case that "any change in the design defeats a priority claim as a matter of law." *In re Daniels*, 144 F.3d 1452, 1457 (Fed. Cir. 1998). The test is whether the drawings convey to a person of skill in the art (a "POSA") that the inventor possessed the claimed subject matter by the critical date. *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010) (en banc). Shure points to its expert's opinion that one of the '493 figures shows a continuous back panel that lacks holes. (D.I. 472 at 11; D.I. 533 at 6). The Report found that the record contained enough facts, including the figures in the respective patents, to send this to a fact finder. (D.I. 535 at 19). I agree.

ClearOne also points to a second difference. The '723 patent shows "nested square shapes" around the perimeter of the panel that are not depicted in the '493 patent. (D.I. 537 at 6-7). Shure contends that the nested square shapes are disclosed in the '493 patent based on a figure illustrating the panel's side profile. (D.I. 553 at 3). Shure's expert's opinion supports this contention. (*Id.*). In response, ClearOne makes a "more nuanced argument" regarding the construction of the panel that would refute Shure's position. (D.I. 535 at 15 n.9). However, I agree with the Magistrate Judge that ClearOne did not fairly raise the argument in its opening brief and thus has waived the argument on summary judgment. (*Id.*). ClearOne is free to make this argument to the jury.

Ultimately, as the Report finds, "the record contains competing evidence regarding whether the '493 patent's figures would reasonably convey to a POSITA the nested square shapes that are disclosed in the '723 patent." (D.I. 535 at 15). It is therefore not appropriate to resolve this matter at summary judgment.

ClearOne's second ground for invalidity is indefiniteness. ClearOne argues that the '723 patent is indefinite because of an inconsistency between figures 2 and 4 in the patent. (D.I. 537 at 9). Inconsistencies between drawings do not render claims indefinite if they "do not preclude the overall understanding of the drawing as a whole." *In re Maatita*, 900 F.3d 1369, 1375-76 (Fed. Cir. 2018). The test for indefiniteness is whether a POSA, viewing the design from the perspective of an ordinary observer, would understand the scope of the design with reasonable certainty. *Id.* at 1377. The parties have put forth competing expert opinions on whether a POSA would be able to ascertain the scope of the claimed design. (D.I. 535 at 6). This is a dispute of material fact that cannot be resolved at summary judgment.

I will ADOPT the Report and Recommendation. (D.I. 535). Defendant's objections (D.I. 537) are OVERRULED. Defendant's motion for summary judgment of invalidity (D.I. 441) is DENIED.

IT IS SO ORDERED this 7th day of October, 2021.

/s/ Richard G. Andrews
United States District Judge