# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHURE INCORPORATED and<br>SHURE ACQUISITION HOLDINGS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>CLEARONE, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 19-1343-RGA-CJB<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

At Wilmington, Delaware this **8th day** of **October, 2021**.

**WHEREAS**, the Court has reviewed Defendant ClearOne, Inc.'s ("ClearOne" or "Defendant") motion to exclude certain opinions of Plaintiffs Shure Incorporated and Shure Acquisition Holdings, Inc.'s ("Shure" or "Plaintiffs") damages expert Thomas D. Vander Veen, Ph.D. ("Motion"), (D.I. 447), and the briefing related thereto, (D.I. 448; D.I. 471; D.I. 506);[1]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. The Court incorporates by reference its prior discussion of the legal standard for resolving motions filed pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), found in its October 5, 2021 Memorandum Order. (D.I. 570 at 2-3)

2. With regard to the request that Dr. Vander Veen's reasonable royalty opinion be excluded because it estimates ClearOne's redesign cost based on Shure's cost to redesign around

---

[1] The Court only considers the portions of the Motion that ClearOne's September 24, 2021 letter identified as still ripe. (D.I. 557) The Court DENIES AS MOOT the remaining portions of ClearOne's Motion.

ClearOne's United States Patent No. 9,813,806 (the "'806 patent"),[2] (D.I. 448 at 7-9; D.I. 506 at 4), the Motion is GRANTED.[3] ClearOne contends that Dr. Vander Veen's opinion in this regard is based on speculation, and that Shure has put forward no evidence supporting the idea that Shure's redevelopment of the MXA910 product in the Northern District of Illinois Action is a reliable proxy for ClearOne's redesign costs here. (*Id.*) The Court agrees, and concludes that because of this, Dr. Vander Veen's opinion is not based on sound methodology and does not "fit" the facts of the case. It is true that in the relevant portion of his report, Dr. Vander Veen states that: (1) he had discussions with Shure's technical expert, Mr. Paul Hatch, about this issue; and (2) based on those conversations, Dr. Vander Veen concludes that if ClearOne were to have developed an alternative design to avoid Shure's asserted United States Patent No. D865,723 (the "'723 patent"), it "would have been more costly and time consuming than" Shure's "design to avoid the '806 patent[,]" particularly because the modification to ClearOne's products would have been "more extensive[.]" (D.I. 451, ex. 25 at ¶ 90) So as long as the record

---

[2] The parties are engaged in litigation in the United States District Court for the Northern District of Illinois in which, *inter alia*, ClearOne accuses Shure's MXA910 product of infringing the '806 patent. After the Northern District of Illinois Court entered a preliminary injunction with respect to the '806 patent and enjoined Shure from manufacturing, selling and marketing its MXA910 product to be used "in its drop-ceiling mounting configuration," Shure developed a new design, the MXA910-A, in an attempt to avoid the enjoined configuration. (D.I. 451, ex. 25 at ¶¶ 86-88; D.I. 452, ex. 56 at 63-64; D.I. 434, ex. 44 at 4)

[3] Damages in a patent infringement action may be awarded based on a "reasonable royalty" for use of the patented invention. *See* 35 U.S.C. § 284 ("Section 284"). A reasonable royalty "seeks to compensate the patentee not for lost sales caused by the infringement, but for its lost opportunity to obtain a reasonable royalty that the infringer would have been willing to pay if it had been barred from infringing." *AstraZeneca AB v. Apotex Corp.*, 782 F.3d 1324, 1334 (Fed. Cir. 2015). One approach to calculating a reasonable royalty is to consider the costs of developing a non-infringing alternative. *Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1376 (Fed. Cir. 2017); *Open Text S.A. v. Box, Inc.*, Case No. 13-cv-04910-JD, 2015 WL 393858, at *3 (N.D. Cal. Jan. 29, 2015) ("[B]asing a reasonable royalty estimate on the cost of implementing non-infringing alternatives is an allowable methodology.").

contained information providing a sufficiently reliable explanation as to *why* that is—i.e., why ClearOne's redesign would have been "more extensive" than Shure's—then this portion of Dr. Vander Veen's report could stand. *Cf. W.L. Gore & Assoc., Inc. v. C.R. Bard, Inc.*, Civil Action No. 11-515-LPS-CJB, 2015 WL 12731924, at *6 (D. Del. Nov. 4, 2015) (citing cases). However, the factual basis for this conclusion is not referenced in Dr. Vander Veen's report. (D.I. 451, ex. 25 at ¶ 90 (Dr. Vander Veen noting that "the belief is that a more extensive modification of the BMA-CT to be non-infringing would be required, which could affect sound quality" but not explaining why that is so)) Nor does Shure assert that Mr. Hatch has separately set out the basis for this "more extensive modification" opinion in any of his expert reports. (D.I. 471 at 6-7) And when asked in his deposition about this subject (i.e., *why* it is that a ClearOne "design-around" product would require "more extensive" work that what had been required of Shure in the Northern District of Illinois Action), Dr. Vander Veen repeatedly replied that: (1) he did not know what such a design-around would look like; (2) he did not know if he asked Mr. Hatch about that issue; and (3) he did not know if Mr. Hatch had an understanding of what the design-around product would be, either. (D.I. 451, ex. 27 at 75-78) Because Dr. Vander Veen would have needed to rest this portion of his opinion on some type of firm factual foundation drawn from a technical expert, and because it appears that there is no such foundation in the record, the relevant portions of Dr. Vander Veen's opinion should be stricken. *Cf. Acceleration Bay LLC v. Activision Blizzard Inc.*, Civil Action No. 1:16-cv-00453-RGA, 2019 WL 4194060, at *3-4 (D. Del. Sept. 4, 2019) (excluding a damages opinion where the opinion did not "estimate the cost of making any particular alternative network" because "[t]he Federal Circuit's precedent on cost savings does not . . . support the admissibility of the estimated cost to switch to an *undefined* alternative") (emphasis added); *Microsoft Corp. v. Corel Corp.*, Case No. 5:15-cv-

05836-EJD, 2017 WL 6492468, at *3 (N.D. Cal. Dec. 19, 2017) (excluding plaintiff's damages expert's estimate of the cost of designing around the asserted patent, where the plaintiff's technical expert had described two alternative non-infringing designs, but the damages expert's computation was based on the amount of time it would take to implement *both designs in combination*—not the amount of time it would take to implement *one or the other* of the designs).

3.  ClearOne also requested that Dr. Vander Veen's reasonable royalty opinion be excluded because it assumes that all of the avoided costs and lost profits (i.e., what Dr. Vander Veen calls "opportunity costs") that ClearOne would incur—i.e., during the time when ClearOne would be developing a non-infringing alternative design—would go to Shure. (D.I. 448 at 9-10; D.I. 506 at 4-5)  In the Court's view, this issue is linked to its above ruling regarding the "cost to design around" issue.  If the Court is correct above that there is not a sufficient foundation in the record for Dr. Vander Veen to opine on what a reasonable design-around would look like in this case, then his opinion about the amount of avoided costs and lost profits associated with any design-around time period would be fatally flawed.  (*See* D.I. 451, ex. 25 at ¶ 94 (Dr. Vander Veen asserting that his "opportunity costs" metric is derived from an assumption that because the "MXA910-A was designed and implemented by Shure in approximately 4 months, [] ClearOne's alternative could also be designed and implemented in a comparable time period[,]" which would be unsupported, since, as noted above, Dr. Vander Veen does not have a sufficient factual basis to equate the respective re-design periods))  For this reason, the Court GRANTS this portion of ClearOne's Motion.

4.  With regard to the request that Dr. Vander Veen's opinion calculating

disgorgement under 35 US.C. § 289 ("Section 289")[4] for the BMA CTH product be excluded, (D.I. 448 at 10-11; D.I. 506 at 5), the Motion is GRANTED. There is no dispute that Dr. Vander Veen calculated the total profit for a bundle that includes the BMA CTH product instead of just doing so for the BMA CTH itself, though Shure identifies the BMA CTH itself as the "article of manufacture." (D.I. 471 at 9; D.I. 506 at 5; *see also* D.I. 451, ex. 25 at ¶ 67 & n.119) Dr. Vander Veen did not make any attempt to calculate what portion of the bundle was attributable to the BMA CTH. (D.I. 451, ex. 27 at 71) The Supreme Court of the United States has established that, when determining a patentee's total profit under Section 289, the "article of manufacture" must first be identified, and then a calculation must be made of the infringer's total profit through its infringing use of *that article of manufacture*. *Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 434 (2016).[5] Shure asserts that ClearOne failed to provide the data necessary for Dr. Vander Veen to calculate the total profit for the BMA CTH, even though Shure had served an interrogatory request asking for this information. (D.I. 471 at 9 & ex. B) But ClearOne retorts that it produced spreadsheets that include information regarding certain of the products included in the BMA CTH bundles, which could be used to estimate the profits attributable to the BMA CTH itself. (D.I. 506 at 5; D.I. 508, ex. 125) In light of these circumstances, the Court agrees with ClearOne that Dr. Vander Veen's damages calculation for the BMA CTH is contrary to law. *See Junker v. Med. Components, Inc.*, CIVIL ACTION No. 13-4606, 2021 WL 131340,

---

[4] The Court incorporates by reference its discussion of Section 289 and the applicable law set out in its October 5, 2021 Memorandum Order. (D.I. 570 at 12-14)

[5] The plaintiff bears the burden with respect to proving the defendant's total profit from the article of manufacture, but once that initial burden is met, the defendant bears the burden to produce evidence regarding any deductions that it believes are appropriate from the total profit identified by the plaintiff. *See, e.g.*, *Red Carpet Studios v. Midwest Trading Grp., Inc.*, Case No. 1:12cv501, 2020 WL 10456849, at *4 (S.D. Ohio Mar. 17, 2020) (citing cases).

at \*35 (E.D. Pa. Jan. 14, 2021) (explaining that "proof of the total profits from the entire kit sold by Defendants is insufficient to meet Plaintiff's burden to prove damages under [Section] 289" where the appropriate article of manufacture was a component of the kit). It should therefore be stricken.

5. Because this Memorandum Order may contain confidential information, it has been released under seal, pending review by the parties to allow them to submit a single, jointly proposed, redacted version (if necessary) of the Memorandum Order. Any such redacted version shall be submitted no later than **October 13, 2021** for review by the Court. It should be accompanied by a motion for redaction that shows that the presumption of public access to judicial records has been rebutted with respect to the proposed redacted material, by including a factually-detailed explanation as to how that material is the "kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (internal quotation marks and citation omitted). The Court will subsequently issue a publicly-available version of its Memorandum Order. Any objections to this Memorandum Order should be filed by **October 13, 2021**; any responses should be filed by **October 19, 2021**.[6]

                                                          *Christopher J. Burke*
                                                          Christopher J. Burke
                                                          UNITED STATES MAGISTRATE JUDGE

---

[6] To the extent the parties jointly wish to agree to a schedule for objections that would complete briefing before the pre-trial conference, they are free to do so; in the absence of agreement, these deadlines shall apply.