IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| SHURE INCORPORATED, and SHURE ACQUISITION HOLDINGS, INC., <br><br> Plaintiffs; <br><br> v. <br><br> CLEARONE, INC., <br><br> Defendant. | Civil Action No. 19-1343-RGA |

MEMORANDUM OPINION

Michael P. Kelly, Brian R. Lemon, Alexandra M. Joyce, McCARTER & ENGLISH, LLP, Wilmington, DE; Gerald F. Ivey, Mareesa A. Frederick, Elizabeth D. Ferrill, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP, Washington, D.C.; Elliot C. Cook, J. Derek McCorquindale, Alexander M. Boyer, David N. Lefcowitz, Luke H. MacDonald, Joseph M. Schaffner, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP, Reston, VA;

 Attorneys for Plaintiffs.

Michael J. Flynn, Andrew M. Moshos, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE; John C. Hueston, Douglas J. Dixon, Christina V. Rayburn, Sourabh Mishra, HUESTON HENNIGAN LLP, Newport Beach, CA; Christine Woodin, HUESTON HENNIGAN LLP, Los Angeles, CA;

 Attorneys for Defendant.

October 20, 2021

/s/ Richard G. Andrews
**ANDREWS, U.S. DISTRICT JUDGE:**

Before me is the Magistrate Judge's Report and Recommendation regarding Defendant ClearOne's motion for summary judgment of noninfringement. (D.I. 545). I have reviewed Defendant's objections (D.I. 559) and Plaintiffs' response. (D.I. 568). For the following reasons, I am OVERRULING Defendant's objections and ADOPTING the Report and Recommendation. Thus, I will deny the motion for summary judgment. (D.I. 443).

## I. BACKGROUND

Shure sued ClearOne for infringement of Shure's patents on an array microphone. (D.I. 64). The Magistrate Judge stayed Shure's utility patent claim pending inter partes review. (*See* D.I. 53, 391). The parties are set to litigate the remaining design patent, U.S. Patent No. D865,723 (the '723 Patent), at a trial beginning November 1, 2021. In relation to the design patent, Shure accuses several related array microphone assembly products. In relevant respects, the products are the same.

## II. LEGAL STANDARD

### A. Standard of Review

A magistrate judge's report and recommendation on a dispositive motion is reviewed *de novo*. Fed. R. Civ. P. 72(b)(3). A motion for summary judgment is a dispositive motion and thus I will consider ClearOne's objections to the Report and Recommendation *de novo*.

### B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable

inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A dispute is "genuine" only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

### C. Noninfringement

A design patent is infringed if the claimed design and the accused design are "substantially the same." *Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1313 (Fed. Cir. 2001). "Two designs are substantially the same if their resemblance is deceptive to the extent that it would induce an ordinary observer, giving such attention as a purchaser usually gives, to purchase an article having one design supposing it to be the other." *Id.* Functional and "generally concealed features" are not considered in the infringement analysis. *Id.* at 1312. Features visible at any point "beginning after completion of manufacture or assembly," however, are considered. *Contessa Food Prod., Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1380 (Fed. Cir. 2002) (citation omitted), *abrogated on other grounds by Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008) (en banc).

Design patent infringement is a question of fact. *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 942 F.3d 1119, 1129 (Fed. Cir. 2019). Summary judgment of non-infringement can only be granted if, after viewing the facts in the light most favorable to the non-movant, there is no genuine issue as to whether the design as a whole is substantially similar to the accused product from the perspective of an ordinary observer. *See Amini Innovation Corp. v. Anthony California, Inc.*, 439 F.3d 1365, 1372 (Fed. Cir. 2006).

### III. DISCUSSION

The Magistrate Judge recommends I deny ClearOne's motion. ClearOne objects to the Report for two reasons. First, ClearOne argues that all references to a "square flat face" should

3

be stricken from Mr. Hatch's expert report, rather than just those that refer to the square outer shape. Once these references are stricken, ClearOne asserts, there is no basis for Mr. Hatch's opinion and therefore no evidence to support Shure's accusation of infringement. (D.I. 559 at 1). Second, ClearOne argues that obvious differences between the claimed design and accused products make summary judgment appropriate. (*Id.*).

For design patents, only nonfunctional aspects of the design are considered in the infringement analysis. *Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1312 (Fed. Cir. 2001). The claim construction in this case found the "square shape of the claimed design" to be functional. (D.I. 359 at 12). Therefore, Shure cannot advance infringement arguments based on the square shape of the array microphone assembly. The Magistrate Judge strikes portions of Shure's expert report that reference the outermost square shape. (D.I. 545 at 7). The Magistrate Judge goes on to distinguish the portions of Mr. Hatch's expert report that reference the "outermost square shape" and the other square elements of the design that are not dictated by functionality. (*Id.* at 7 n.5). This is a tenable distinction. The functional aspect of the square shape is in the ability to replace a standard, square, ceiling tile with the claimed array. (*Id.*). The other square elements, including the face of the array, were a design choice and thus entitled to protection.

ClearOne urges me to reject the Report's distinction because Mr. Hatch "uses the phrases 'outermost square shape' and 'square, flat face' interchangeably, as synonyms for one another, and they both refer to the functional, square overall shape of the device." (D.I. 559 at 4). ClearOne points to several parts of the expert report that describe the "overall impression." In some paragraphs, Mr. Hatch references a "sleek, flat square overall shape" while in others Mr. Hatch references a "square, flat face." (*Id.* at 4-5). ClearOne argues, "Mr. Hatch's opinion of

4

the 'overall visual impression' did not change . . . ; he just used different words to describe the same overall square shape." (*Id.* at 5). Shure responds with examples in Mr. Hatch's report that distinguish the square face from the outermost square shape. (D.I. 568 at 5).

On the whole, I think Mr. Hatch does use the appropriate analysis once the "outermost square shape" paragraphs are struck. Table 3 of the expert report, titled "The Overall Impression of the Claimed Design," annotates figures of the claimed design. (D.I. 473-1, Ex. A at 14). Mr. Hatch describes the front panel of the design as a "[s]quare, flat face with perforation pattern." *Id.* The text is accompanied by an arrow clearly pointing to the front panel.



Elsewhere, Mr. Hatch distinguishes the outermost, functional square shape from other square elements of the design, including the "flat square face." (D.I. 473-1, Ex. B ¶ 29). Thus, Mr.

5

Hatch has adequately presented his idea of the overall design as including a square face, distinct from the overall square shape of the design. This is enough to survive summary judgment.

ClearOne's second argument is that there are obvious differences on the back panel of the claimed design and the accused products that render summary judgment appropriate. ClearOne is correct that the back panel must be considered in the infringement analysis, even if it is concealed for most of the product's lifespan. *See Keystone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450 (Fed. Cir. 1993) (considering "the entire retaining wall block, not solely the front face of the block after it has been incorporated in a retaining wall"). The key question is how the differences would impact the ordinary observer.

Shure has put forth enough evidence to create a genuine issue of material fact regarding the impact of the back panel differences on the ordinary observer. The Report finds that Mr. Hatch has discussed the back panel, "explaining how and why certain of its details do not impact the overall visual impression." (D.I. 545 at 10 (citing D.I. 473, Ex. A ¶¶ 34, 38)). Mr. Hatch also points to deposition testimony that consumers in the industry do not remark on nonfunctional features on the back panel. (D.I. 473-1, Ex. A ¶ 35). A reasonable juror could therefore find that an ordinary observer, "giving such attention as a purchaser usually gives," would pay little attention to the design elements on the back panel. *Door-Master*, 256 F.3d at 1313. I therefore agree with the Report's recommendation to deny ClearOne's motion for summary judgment of non-infringement.

## IV.   CONCLUSION

An appropriate order will issue.