IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHURE INCORPORATED, and SHURE ACQUISITION HOLDINGS, INC., <br><br> Plaintiffs; <br><br> v. <br><br> CLEARONE, INC., <br><br> Defendant. | Civil Action No. 19-1343-RGA |

MEMORANDUM OPINION

Michael P. Kelly, Brian R. Lemon, Alexandra M. Joyce, McCARTER & ENGLISH, LLP, Wilmington, DE; Gerald F. Ivey, Mareesa A. Frederick, Elizabeth D. Ferrill, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP, Washington, D.C.; Elliot C. Cook, J. Derek McCorquindale, Alexander M. Boyer, David N. Lefcowitz, Luke H. MacDonald, Joseph M. Schaffner, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP, Reston, VA;

    Attorneys for Plaintiffs.

Michael J. Flynn, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE; John C. Hueston, Douglas J. Dixon, Christina V. Rayburn, Sourabh Mishra, HUESTON HENNIGAN LLP, Newport Beach, CA;

    Attorneys for Defendant.

October 20, 2021

/s/ Richard G. Andrews
**ANDREWS, U.S. DISTRICT JUDGE:**

Before me is the Magistrate Judge's Report and Recommendation (D.I. 541) regarding Shure's motion for summary judgment on ClearOne's tort counterclaims and affirmative defense of unclean hands. (D.I. 433). I have reviewed Shure's objections (D.I. 556) and ClearOne's responses (D.I. 566). For the following reasons, I am ADOPTING the Report and Recommendation and OVERRULING Shure's objections.

### I.  BACKGROUND

Shure and ClearOne compete in the audio-conferencing market. (D.I. 64 ¶¶ 14-15). The parties have been litigating patent infringement, both in the present action and in other venues. In the Northern District of Illinois, ClearOne accused Shure of infringing ClearOne's Patent No. 9,813,806 and obtained a preliminary injunction preventing Shure from selling Shure's accused MXA910 product. *Shure Inc. v. ClearOne Inc.*, No. 17-3078 (the "Illinois Action"), D.I. 551 (N.D. Ill. Aug. 5, 2019). Shure subsequently released a new product, the MXA910-A, and represented to customers that the product was not covered by the preliminary injunction. (D.I. 474 at 2-3). In response, ClearOne filed a motion to hold Shure in contempt of the injunction, which the Illinois court granted. (Illinois Action, D.I. 912).

In the present action, ClearOne contends that Shure made false statements about the MXA901-A product's compliance with the Illinois injunction, and that these misrepresentations ended up "costing ClearOne business." (D.I. 474 at 9). On this basis, ClearOne asserts counterclaims for tortious interference with business relations and unfair competition. (D.I. 295 at 30-32, ¶¶ 55-64). Shure moves for summary judgment on ClearOne's tort counterclaims (D.I. 433) and the Magistrate Judge recommends I deny Shure's motion. (D.I. 541).

### II.  LEGAL STANDARD

### A. Standard of Review

A magistrate judge's report and recommendation on a dispositive motion is reviewed *de novo*. Fed. R. Civ. P. 72(b)(3). A motion for summary judgment is a dispositive motion and thus I will consider Shure's objections to the Report and Recommendation *de novo*.

### B. Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine issue of material fact exists, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A dispute is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

## III. DISCUSSION

Shure objects only to the Report's findings that ClearOne has made out a prima facie case of tortious interference with business relations and unfair competition. (*See* D.I. 556). Shure contends that ClearOne waived certain relevant arguments by relegating the arguments to footnotes. (*Id.* at 2-3). Shure also argues that ClearOne's circumstantial evidence does not create a triable issue of fact regarding an element of the tort claims. (*Id.* at 3-6).

### A. Waiver

Shure maintains that ClearOne has waived its argument regarding knowledge because ClearOne only raised the argument in a footnote. (D.I. 556 at 3). The Magistrate Judge saw fit to address ClearOne's argument. (D.I. 541 at 14-15). The choice to do so is a discretionary

decision. The Magistrate Judge's decision to consider the argument is not an abuse of discretion. I will therefore consider the argument presented by ClearOne.

### B. Knowledge

Shure contends that the facts presented by ClearOne and relied upon by the Report do not create a triable issue of fact regarding Shure's knowledge of the business expectancy. (D.I. 556 at 3). ClearOne responds that tortious interference and unfair competition do not have a knowledge requirement, and even if they do, there is a genuine issue of material fact as to Shure's knowledge. (D.I. 566).

In support of its argument that there is no knowledge requirement for tortious interference, ClearOne cites Delaware Supreme Court cases that apply the elements "(a) the reasonable probability of a business opportunity, (b) the intentional interference by defendant with that opportunity, (c) proximate causation, and (d) damages." *DeBonaventura v. Nationwide Mut. Ins. Co.*, 428 A.2d 1151, 1153 (Del. 1981).[1] ClearOne also argues that the Delaware Supreme Court "considered and reversed a lower court ruling premised on a 'knowledge' requirement akin to what Shure proposes here." (D.I. 566 at 4 (citing *Clouser v. Doherty*, 175 A.3d 86 (Del. 2017))). *Clouser* is an unpublished disposition. I note that *Clouser* states that the Superior Court dismissed the relevant claims for three reasons, and the reversal appears to be fact-based, not because the Superior Court misstated the law. Thus, I do not think *Clouser*, even if given controlling weight, has any relevance to the issues in this case.

From what ClearOne has presented, the Delaware Supreme Court has not squarely held that there is no knowledge element. Meanwhile, as the Report explains, "a number of Delaware

---

[1] *DeBonaventura* added a gloss to the effect that these elements "must be considered in light of a defendant's privilege to compete or protect [its] business interests in a fair and lawful manner." 428 A.2d at 1153. That appears to be a necessary gloss.

courts *have* so held, and … the United States Court of Appeals for the Third Circuit has also cited this as a requirement under Delaware law[.]" (D.I. 541 at 10 n.8 (citing *Com. Nat'l Ins. Servs., Inc. v. Buchler*, 120 F. App'x 414, 418-19 (3d Cir. 2004)[2])). While the cases cited by ClearOne do not recite a knowledge element, they do not preclude it either. "Intentional interference," one of the four elements consistently recited, suggests that the defendant has such knowledge. It would be hard to "intentionally interfere" with something that was not known. I will thus apply the knowledge element as did the Magistrate Judge.

ClearOne further argues that even if I find a knowledge element for tortious interference, unfair competition does not have a knowledge element. (D.I. 566 at 5-6). In the briefing before the Magistrate Judge, ClearOne appeared to agree with Shure that "unfair competition is essentially the same tort as tortious interference with prospective business relations." (D.I. 474 at 18) (cleaned up). In any event, given my conclusion below, I do not need to reach this argument.

Since I find (or assume) knowledge to be a requirement of the torts, the key question is whether ClearOne has presented enough facts to survive summary judgment. ClearOne pointed to the following facts in its briefing before the Magistrate Judge:

> [W]ith regard to ClearOne's 19 business opportunities, Shure acknowledges (i) that it was in direct competition with ClearOne for those customers, and (ii) that it communicated with many of them in the August 2019 to November 2019 timeframe regarding the lawsuit with ClearOne, the impact of the injunction, and the availability of MXA910.

(D.I. 474 at 12 n.9). The Report also points to evidence in the record that Shure communicated with customers during 2019 and 2020 regarding the injunction and the MXA910-A product, and

---

[2] I acknowledge that *Buchler* is non-precedential and therefore not binding.

that Shure sold the MXA910-A product to these customers in 2019 and/or 2020. (D.I. 541 at 14).

Shure argues, "To hold that mere knowledge of a competitor's existence in the market is sufficient to confer knowledge of that competitor's existing business relations or future expectancies would vitiate the knowledge requirement—every case with direct competition would suffice." (D.I 556 at 6). In this case, however, ClearOne has facts supporting more than "mere knowledge of a competitor's existence." For example, ClearOne's expert has "explained that the parties are often aware of when a customer is considering purchasing from the other party" and produced a Shure email suggesting that ClearOne's profits are down because of Shure's product (D.I. 566 at 8-9). From these facts, a reasonable jury could infer Shure's knowledge of ClearOne's business expectancy. (*Id.* at 8).

Finally, Shure suggests that ClearOne is not "correct on the facts." (D.I. 556 at 4). Shure makes this statement in relation to the degree to which Shure and ClearOne are head-to-head competitors. Disputed facts are the province of the jury. *See Walker v. Gordon*, 46 F. App'x 691, 696 (3d Cir. 2002). Summary judgment is not the appropriate place to resolve this issue.

### IV.   CONCLUSION

An appropriate order will issue.