## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **SHURE INCORPORATED,** | ) | |
| and | ) | |
| **SHURE ACQUISITION** | ) | **C.A. No.: 19-1343-RGA-CJB** |
| **HOLDINGS, INC.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CLEARONE, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

## **JOINT [PROPOSED] PRELIMINARY JURY INSTRUCTIONS**

# TABLE OF CONTENTS

**Page**

IN THE UNITED STATES DISTRICT COURT ....................................................................... 1

FOR THE DISTRICT OF DELAWARE ............................................................................... 1

I.      PRELIMINARY INSTRUCTIONS [AGREED] ........................................................ 1

A.     Nature of the Action and the Parties [CONTESTED] ........................................... 2

B.     General Information on Design Patents [CONTESTED] ....................................... 5

C.     Glossary of Patent Terms [AGREED] .................................................................. 7

D.     Patent Litigation [AGREED] ............................................................................... 8

E.     Contentions of the Parties [CONTESTED] .......................................................... 9

F.     Conduct of the Jury [AGREED] ........................................................................ 11

G.     Evidence [AGREED] ......................................................................................... 14

H.     Burden of Proof [AGREED] .............................................................................. 16

I.     Evaluating a Witness [AGREED] ...................................................................... 18

J.     Trial Procedure [AGREED] ............................................................................... 19

## I.   PRELIMINARY INSTRUCTIONS [AGREED]

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for your guidance on the nature of the case and on your role as jurors. You will hear the evidence, decide what the facts are and then apply those facts to the law that I will give you. You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial and I will explain to you the legal principles that must guide you in your decisions. You must follow the law that I give you, whether you agree with it or not.

**Sources:** *E.I. Du Pont Nemours and Co. v. Unifrax I LLC*, No. 14-CV-1250-RGA, D.I.  325 (May 15, 2017) (read in open court); *Bayer Healthcare LLC v. Baxalta Inc*., No. 16-CV-1122-RGA, D.I. 364 (Jan. 23, 2019) (read in open court); *Alarm.com, Inc. v. Securenet Tech. LLC*, No. 15-CV-807-RGA-CJB, D.I. 251 (Jan. 28, 2019) (read in open court).

## A.  Nature of the Action and the Parties [CONTESTED]

This is an action arising under the patent laws of the United States. The plaintiffs are Shure Incorporated and Shure Acquisition Holdings, Inc., which will be referred to together as "Shure." The defendant is ClearOne, Inc., which will be referred to as "ClearOne." Shure has brought a patent infringement claim against ClearOne.

The patent involved in this case relates to the ornamental design of microphone arrays for conference rooms. During the trial, the parties will offer testimony to familiarize you with this type of technology and product. Shure is the owner of a design patent, which is identified by the United States Patent and Trademark Office as U.S. Patent No. D865,723. Shure's design patent may also be referred to as "the '723 Patent."  Shure's patent claims involve allegations that ClearOne manufactured and sold products using Shure's patented design. [**SHURE PROPOSED LANGUAGE:** Shure seeks compensation for its injuries in the form of the total profits made by ClearOne and a reasonable royalty on the sales alleged to infringe][1]. ClearOne denies the allegation

---

[1] [**ClearOne's Position**: ClearOne submits that on Friday, October 8, Magistrate Judge Burke issued a Memorandum Order (D.I. 575) granting ClearOne's motion to exclude the reasonable royalty opinions of Shure's damages expert, Dr. Vander Veen.  Shure has not disclosed an alternate reasonable royalty theory at any point in fact or expert discovery.  Shure's reliance on ClearOne's expert is misplaced; Shure has the burden of proof, and since Shure has no admissible evidence related to a reasonable royalty, there will be no reason for ClearOne to put forward any evidence related to a reasonable royalty at trial.  Shure should moreover not be allowed to present a new, previously undisclosed reasonable royalty opinion to the jury.  *See MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No. 2020-1413, 2021 WL 3778405, at *9 (Fed. Cir. Aug. 26, 2021) ("[B]ecause Rule 26(a)(1)(A)(iii) requires timely disclosure of damages information, the district court properly excluded the damages information under Rule 37.").  Further, contrary to Shure's suggestion, it is not entitled to reasonable royalty damages if it cannot prove them: "[t]he statute [35 U.S.C. § 284] does not require an award of damages if none are proven[.]" *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1291-92 (Fed. Cir. 2020) (affirming an award of zero damages despite a finding of infringement). In addition, assuming that Shure no longer has a reasonable royalty case, now that ClearOne's counterclaims have been severed, the only damages issue remaining is Shure's request for disgorgement under 35 U.S.C. § 289.  This is an equitable remedy.  *See, e.g.*, *Red Carpet Studios v. Midwest Trading Group, Inc.*, Case No. 12-cv-501, 2021 WL 1172218. *2-3 (S.D. Ohio Mar. 29, 2021) (court, without jury, determining article of manufacture and disgorgement, because

of infringement, and additionally contends that Shure's '723 Patent is invalid.

---

"a claim for damages under § 289 is one for equitable relief"); *Texas Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*, 895 F.3d 1304, 1324 (Fed. Cir. 2018) ("The apparent fact is that for patent infringement, disgorgement of profits was not historically available at law."). Accordingly, it (and the article of manufacture determination underlying it) should be decided by the judge, not the jury. *Cf. Am. Calcar v. Am. Honda Motor*, 651 F.3d 1318, 1333 (Fed. Cir. 2011) ("Inequitable conduct is equitable in nature, with no right to a jury, and the trial court has the obligation to resolve the underlying facts of materiality and intent.") (citations omitted).]  [**Shure's Response**: Responding to ClearOne's points: First, on October 11, 2021, the day this Pretrial Order is due to be filed, ClearOne asked that Shure agree to drop all references to a "reasonable royalty" in the parties' pretrial submissions.  Shure declined to do so and noted that "[t]here does not appear to be a need to meet and confer on this" specific issue.  ClearOne is also wrong to state that reasonable royalty theories are out of the case.  ClearOne's own damages expert asserts a reasonable royalty theory.  And moreover, a reasonable royalty is required by law as the minimum statutory compensation for patent infringement.  35 U.S.C. § 284.  The Federal Circuit has explained that even where expert testimony is not available on a reasonable royalty, the factfinder may still consider the available evidence to set a royalty.  *Dow Chem. Co. v. Mee Indus.*, 341 F.3d 1370, 1381-1382 (Fed. Cir. 2003).  "A party need not present expert testimony on damages or, as a corollary, on every aspect of damages, such as a single royalty rate."  *Bayer HealthCare LLC v. Baxalta Inc.*, 989 F.3d 964, 985 (Fed. Cir. 2021).  And second, ClearOne waived its untimely request to have infringers' profits under 35 U.S.C. § 289 tried separate from the jury because ClearOne failed to include any such request in the parties' pretrial order on October 12, 2021 (D.I. 594) or in any other fashion.  Not only did ClearOne fail to raise such a position, but *both sides* provided proposed jury instructions on the issue of infringers' total profits under 35 U.S.C. § 289.  *See* D.I. 598 at 50-53.  In addition, the related issue of defining the "article of manufacture" is a factual question for the jury, and ClearOne does not contend that determining the "article of manufacture" is an equitable issue. ClearOne's reliance on *Red Carpet Studios* above is unavailing, therefore, because ClearOne has already consented to trying these issues to the jury.  *See cf. Red Carpet Studios v. Midwest Trading Group, Inc.*, Case No. 12-cv-501, 2021 WL 1172218, at *7 n.4 (S.D. Ohio Mar. 29, 2021) (noting that past cases trying this issue to the jury were permissible given party consent: "In addition, the Court notes that under Federal Rule of Civil Procedure 39(c)(2): "In an action not triable of right by a jury, the court, on motion or on its own . . may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial.").  This is also consistent with the Court's handling of the same issue in *Gavrieli Brands LLC v. Soto Massini (USA) Corp.*, No. 1:18-cv-00462, D.I. 141 at 27 (D. Del. May 3, 2019) (final jury instructions for infringers' total profits); *see also Apple Inc. v. Samsung Elecs.*, No. 11-CV-01846, 2018 U.S. Dist. LEXIS 57070, 2018 WL 1586276 (N.D. Cal. Apr. 2, 2018) (the § 289 disgorgement of profits issue was given to the jury); *Columbia Sportswear N. Am. Inc. v. Seirus Innovative Accessories, Inc.*, No. 3:17-cv-01781, 2018 U.S. Dist. LEXIS 64692, 2018 WL 1805102 (S.D Cal. Apr. 17, 2018) (same).]

3

**Sources**: 2019 AIPLA Model Patent Jury Instructions, Section II(A); *Ingevity Corp. v. BASF Corp.,* No. 18-CV-1391-RGA, (D. Del. Sep. 1, 2021); Trial Transcript Vol. A (D.I. 238) at 73-74, *U.S. Bank Nat'l Ass'n v. Gunn*, No. 22-cv-01155-RGA (D. Del. Nov. 17, 2014).

**B.  <u>General Information on Design Patents</u> [CONTESTED]**

Patents are granted by the United States Patent and Trademark Office (sometimes called the "Patent Office," "PTO" or "USPTO"). A patent gives the owner the right to exclude others from making, using, offering to sell, or selling the claimed invention within the United States or importing it into the United States.  I will now show you a video made by the Federal Judicial Center that provides a description of the U.S. Patent System. The video focuses on utility patents. As the video will note, utility patents focus on "inventions," and may be granted to anyone who invents or discovers any new and useful process, machine, article of manufacture, or composition of matter, or any new and useful improvement thereof.

[**SHURE PROPOSAL**: On the other hand, a "design patent" protects the way an article looks.  A design patent protects the ornamental design of an article of manufacture.][2]

[**CLEARONE PROPOSAL**: This case focuses on a different kind of patent: a design patent. A design patent focuses on "ornamental design" and may be granted to anyone who invents a new, original, and ornamental design for an article of manufacture.][3]

While the subject matter of these two types of patents differs, the patents themselves and the application process at the USPTO are similar.

A patent includes what is called a "specification."  For a design patent, the specification must contain one or more drawings of the design as well as a description of the drawings, and it

---

[2] Shure's proposal is taken verbatim from a design patent case, *Gavrieli Brands LLC v. Soto Massini (USA) Corp.*, C.A. No. 18-462-MN, D.I. 134, Preliminary Jury Instructions at 2 (D. Del.) (read in open court Apr. 29, 2019).

[3] ClearOne's proposed language better mirrors, for design patents, the language used above to describe utility patents, and is a direct quote from 35 U.S.C. § 171.  As with utility patents, a design patent may only be granted for a "new" invention.  35 U.S.C. § 171.  The statement to that effect as to utility patents—but not as to design patents—in Shure's proposal leaves the implication that any ornamental design, whether new or not, can be protected.

serves as a single claim.  The "claim" for design patents generally refers to the drawings and how they are described.

## C.  <u>Glossary of Patent Terms [AGREED]</u>

I have prepared a glossary of patent terms, to help you. This glossary will be distributed to you.

**Application**—The initial papers filed by the applicant in the United States Patent and Trademark Office (also called the "USPTO" or "PTO").

**Ordinary skill in the art** —The level of experience, education, or training generally possessed by those individuals who work in the area of the invention before the effective filing date of the patent.

**Patent Examiners**—Personnel employed by the PTO in a specific technical area to determine (1) whether the claims are eligible for patenting, (2) whether the claims of a patent application are patentable over the prior art considered by the examiner, and describes the invention with the required specificity.

**Prior Art** —Knowledge that is publicly available before the effective filing date of the patent application.

**Prosecution History**—The written record of proceedings between the applicant and the PTO, including the original patent application and later communications between the PTO and applicant. The prosecution history may also be referred to as the "file history" or "file wrapper" of the patent during this trial.

**References**—Any item of prior art used to determine patentability.

**Source**: 2019 AIPLA Model Patent Jury Instructions, Section III.

7

### D.  <u>Patent Litigation [AGREED]</u>

Someone is said to be infringing a claim of a patent when they, without permission from the patent owner, import, make, use, offer to sell, or sell the claimed invention, as defined by the claims, within the United States before the term of the patent expires. The owner of a patent—whether utility or design—who believes someone is infringing the exclusive rights of a patent may bring a lawsuit, like this one, to attempt to stop the alleged infringing acts or to recover damages, which generally means money paid by the infringer to the patent owner to compensate for the harm caused by the infringement. The patent owner must prove infringement of the claim of the patent. The patent owner must also prove the amount of damages the patent owner is entitled to receive from the infringer as compensation for the infringing acts.

A party accused of infringing a patent may deny infringement and/or prove that the asserted claim of the patent is invalid. If a party challenges the validity of the patent, you must decide, based on the instructions I will give you, whether the challenger has proven by clear and convincing evidence that the asserted claims of the patent are invalid. I will discuss more of this topic later.

**Source**: 2019 AIPLA Model Patent Jury Instructions, Section II, 1.2

8

### E.   Contentions of the Parties [CONTESTED]

In this case, Shure alleges that ClearOne infringes the design of the '723 patent and sells

several ceiling microphone products using the patented design without permission. **[SHURE**

**PROPOSED LANGUAGE:** Shure seeks compensation from ClearOne in the amount of

ClearOne's total profits on infringing sales and a reasonable royalty].[4] ClearOne denies Shure's

---

[4] [**ClearOne's Position**: ClearOne objects to this instruction for two reasons.  First, ClearOne submits that on Friday, October 8, Magistrate Judge Burke issued a Memorandum Order (D.I. 575) granting ClearOne's motion to exclude the reasonable royalty opinions of Shure's damages expert, Dr. Vander Veen.  Shure has not disclosed an alternate reasonable royalty theory at any point in fact or expert discovery Shure's reliance on ClearOne's expert is misplaced; Shure has the burden of proof, and since Shure has no admissible evidence related to a reasonable royalty, there will be no reason for ClearOne to put forward any evidence related to a reasonable royalty at trial.  Shure should moreover not be allowed to present a new, previously undisclosed reasonable royalty opinion to the jury.  *See MLC Intell. Prop., LLC v. Micron Tech., Inc.*, No. 2020-1413, 2021 WL 3778405, at *9 (Fed. Cir. Aug. 26, 2021) ("[B]ecause Rule 26(a)(1)(A)(iii) requires timely disclosure of damages information, the district court properly excluded the damages information under Rule 37.").  Further, contrary to Shure's suggestion, it is not entitled to reasonable royalty damages if it cannot prove them: "[t]he statute [35 U.S.C. § 284] does not require an award of damages if none are proven[.]" *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1291-92 (Fed. Cir. 2020) (affirming an award of zero damages despite a finding of infringement).  Second, assuming that Shure no longer has a reasonable royalty case, now that ClearOne's counterclaims have been severed, the only damages issue remaining is Shure's request for disgorgement under 35 U.S.C. § 289.  This is an equitable remedy.  *See, e.g., Red Carpet Studios v. Midwest Trading Group, Inc.*, Case No. 12-cv-501, 2021 WL 1172218. *2-3 (S.D. Ohio Mar. 29, 2021) (court, without jury, determining article of manufacture and disgorgement, because "a claim for damages under § 289 is one for equitable relief"); *Texas Advanced Optoelectronic Sols., Inc. v. Renesas Elecs. Am., Inc.*, 895 F.3d 1304, 1324 (Fed. Cir. 2018) ("The apparent fact is that for patent infringement, disgorgement of profits was not historically available at law.").  Accordingly, it (and the article of manufacture determination underlying it) should be decided by the judge, not the jury. *Cf. Am. Calcar v. Am. Honda Motor*, 651 F.3d 1318, 1333 (Fed. Cir. 2011) ("Inequitable conduct is equitable in nature, with no right to a jury, and the trial court has the obligation to resolve the underlying facts of materiality and intent.") (citations omitted).  ] [**Shure's Response**: As Shure has explained, it respectfully disagrees.  Shure incorporates by reference its statements in the Joint Pretrial Order, and in its letter brief filed on October 12, 2021. Regarding reasonable royalty damages, ClearOne is also wrong to state that reasonable royalty theories are out of the case. ClearOne's own damages expert asserts a reasonable royalty theory. And moreover, a reasonable royalty is required by law as the minimum statutory compensation for patent infringement. 35 U.S.C. § 284. The Federal Circuit has explained that even where expert testimony is not available on a reasonable royalty, the factfinder may still consider the available evidence to set a royalty. *Dow Chem. Co. v. Mee Indus.*, 341 F.3d 1370, 1381-1382 (Fed. Cir. 2003). "A party need not

allegations. ClearOne further contends that Shure's '723 patent is invalid, and does not afford Shure any patent rights.

I will give you detailed instructions on the law at the end of this case, and those instructions will control your deliberations and decision.

---

present expert testimony on damages or, as a corollary, on every aspect of damages, such as a single royalty rate." *Bayer HealthCare LLC v. Baxalta Inc*., 989 F.3d 964, 985 (Fed. Cir. 2021). Moreover, ClearOne waived its untimely request to have infringers' profits under 35 U.S.C. § 289 tried separate from the jury because ClearOne failed to include any such request in the parties' pretrial order on October 12, 2021 (D.I. 594) or in any other fashion.  Not only did ClearOne fail to raise such a position, but *both sides* provided proposed jury instructions on the issue of infringers' total profits under 35 U.S.C. § 289.  *See* D.I. 598 at 50-53.  In addition, the related issue of defining the "article of manufacture" is a factual question for the jury, and ClearOne does not contend that determining the "article of manufacture" is an equitable issue. ClearOne's reliance on *Red Carpet Studios* above is unavailing, therefore, because ClearOne has already consented to trying these issues to the jury. *See cf. Red Carpet Studios v. Midwest Trading Group, Inc.*, Case No. 12-cv-501, 2021 WL 1172218, at *7 n.4 (S.D. Ohio Mar. 29, 2021) (noting that past cases trying this issue to the jury were permissible given party consent: "In addition, the Court notes that under Federal Rule of Civil Procedure 39(c)(2): "In an action not triable of right by a jury, the court, on motion or on its own . . may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial."). This is also consistent with the Court's handling of the same issue in *Gavrieli Brands LLC v. Soto Massini (USA) Corp*., No. 1:18-cv-00462, D.I. 141 at 27 (D. Del. May 3, 2019) (final jury instructions for infringers' total profits); *see also Apple Inc. v. Samsung Elecs.*, No. 11-CV-01846, 2018 U.S. Dist. LEXIS 57070, 2018 WL 1586276 (N.D. Cal. Apr. 2, 2018) (the § 289 disgorgement of profits issue was given to the jury); *Columbia Sportswear N. Am. Inc. v. Seirus Innovative Accessories, Inc.*, No. 3:17-cv-01781, 2018 U.S. Dist. LEXIS 64692, 2018 WL 1805102 (S.D Cal. Apr. 17, 2018) (same).]

**F.  <u>Conduct of the Jury [AGREED]</u>**

I have a few words about your conduct as jurors. First, I instruct that during the trial and until you have heard all the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even amongst yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. Many of you use cell phones, smart phones (like iPhones and Android phones) and other electronic devices; laptops, tablets, and other computers to access the internet and communicate with others. You must not talk to anyone about this case through any of those means. You also must not talk the old-fashioned way of just talking. This includes your family and friends. You must not communicate with anyone about the case on any kind of electronic device or through email, text messaging, Reddit, Twitter, Snapchat, internet chat rooms, blogs, or social networking sites such as Facebook. You may not use any similar technology or social media to either get or share information about this case, even if I have not specifically mentioned it here.

The lawyers, parties and witnesses are not supposed to talk to you outside the testimony and arguments presented in the courtroom. If any lawyer, party or witness does not speak to you when you pass in the hall, ride in the elevator or the like, it is because they are not supposed to talk with you, not because they are rude. That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything related to the case that is not admitted into evidence. By that I mean if there are newspaper articles or radio or a television report relating to the case, do not read the article or watch or listen to the report.

In addition, do not try to do any independent research or investigation on your own in any matters related to the case or this type of case. Do not do any research on the internet, for example, about microphone design. You are to decide the case upon the evidence presented at trial.

You should not consult dictionaries or reference materials such as the internet or any other electronic sources to obtain information about this case or to help you decide the case. Do not try to find out any information from any source outside what you hear in the courtroom. Do not reach any conclusion as to the claims or defenses until all the evidence is in. Keep an open mind until you start deliberations at the end of the case.

During the trial it may be necessary for me to talk to the lawyers out of your hearing by having a side bar, which is when we meet over there. If that happens, please be patient. We're not trying to keep important information from you. The side bars are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law. We will, of course, do what we can to keep the number and length of these side bars to a minimum. While we meet, I may invite you to stand up and stretch and take a short break or if it's a lengthy issue perhaps even call a recess. I also may not always grant an attorney's request for a side bar. Do not consider my granting or denying a request for a side bar as any indication of my opinion of the case or of what your verdict should be.

Now, only the lawyers and I are allowed to ask questions of witnesses. You, however, are not permitted to ask questions of witnesses. If you wish, you may take notes during the presentation of evidence, the summation or arguments of attorneys at end of the case and during my instructions to you on the law. You also get my instructions on the law in writing. My courtroom deputy will arrange for pens, pencils and paper. Any notes you take are for your own personal use, they are not to be given or read to anyone else.

We also have, as you can see, a court reporter, the person in front of the bench here, who

will be transcribing the testimony during the course of the trial, but you should not assume that the transcripts will be available for your review during your deliberations, nor should you consider the notes that you or your fellow jurors may take as a kind of written transcript.

Instead, as you listen to the testimony keep in mind that you will be relying on your memory of that testimony during your deliberations.

Here are a couple other specific points to keep in mind about note taking. It's permitted, it's not required. Each of you may take notes, but no one is required to. And the second thing is do not take your notes away from court. If you do take notes, take them with you each time you leave the courtroom and leave them in the jury room when you leave at night. At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them to protect the secrecy of your deliberations.

**Source**: Revised Preliminary Jury Instructions (D.I. 535) at 3-5, *Ingevity Corp. v. BASF Corp.,* No. 18-CV-1391-RGA, (D. Del. Sep. 1, 2021).

### G.  Evidence [AGREED]

The evidence from which you are to find the facts consists of the following: the testimony of witnesses, documents and other things received as exhibits and any facts that are stipulated; that is, formally agreed to by the parties.

The following things are not evidence: Statements, arguments and questions of the lawyers for the parties in this case, objections by lawyers, any testimony I tell you to disregard and anything you may see or hear about this case outside of the courtroom. There are rules that control what can be received into evidence.

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe the evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence you receive is for a limited purpose only, you must follow that instruction. Certain testimony or other evidence may be ordered struck from the record by me and I may also instruct you to disregard that evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not guess about what a witness might have said or what an exhibit might have shown.

There are two types of evidence that you may use in reaching your verdict: direct evidence and circumstantial evidence. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. An example of direct evidence is when the witnesses testifies about something that the witness knows through his or her own senses, something the witness has seen, felt, touched, heard

14

or did. If a witness testified that she saw it raining outside and you believed her, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be provided is its existence or current condition. Circumstantial evidence is indirect proof, meaning proof of one or more facts from which you can infer or conclude another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining outside. You should consider all of the evidence, both direct and circumstantial, that is presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

**Source**: Revised Preliminary Jury Instructions (D.I. 535) at 5-7, *Ingevity Corp. v. BASF Corp.*, No. 18-CV-1391-RGA, (D. Del. Sep. 1, 2021)

## H.  Burden of Proof [AGREED]

In any civil case, facts must be proven by a required standard of evidence known as the burden of proof. There are two different burdens of proof relevant to this case. The first is called the preponderance of the evidence. The second is called clear and convincing evidence.

Shure has the burden of proving its patent infringement claim by a preponderance of the evidence.

"Proof by a preponderance of the evidence" means evidence which, as a whole, shows that something is more probable than not. To put it differently, if you were to put the evidence favorable to the party bearing the burden of proof and the evidence favorable to the other party on opposite sides of the scales, the party with the burden would need to make the scales tip somewhat to its side in order to prevail on its claim.

In this case, ClearOne not only denies infringement, but also contends that the asserted claim of the '723 patent is invalid. To prove that the asserted claim of the '723 patent is invalid, ClearOne must meet a different standard, called "clear and convincing evidence."

"Proof by clear and convincing evidence" is evidence that shows that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is a higher burden of proof than proof by a preponderance of the evidence. However, neither standard of evidence requires proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether a party has met their burden of proof, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.


**Sources**: *E.I. Du Pont Nemours and Co. v. Unifrax I LLC*, No. 14-CV-1250-RGA, D.I.  325 (May 15, 2017) (read in open court); *Bayer Healthcare LLC v. Baxalta Inc*., No. 16-CV-1122-RGA, D.I. 364 (Jan. 23, 2019) (read in open court); *Alarm.com, Inc. v. Securenet Tech. LLC*, No. 15-CV-807-

RGA-CJB, D.I. 251 (Jan. 28, 2019) (read in open court);Jury Instructions (D.I. 240) at 7, *U.S. Bank Nat'l Ass'n v. Gunn*, No. 22-cv-01155-RGA (D. Del. Nov. 19, 2014).

## I.   <u>Evaluating a Witness [AGREED]</u>

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility means only whether a witness is worthy of belief. You should consider each witness's biases, prejudices, or interests; each witness's means of knowledge, strength of memory, and opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony. You may believe everything a witness says or only part of it or none of it.

You are also going to hear some testimony from expert witnesses. When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is someone that we often refer to as an expert witness and that person is permitted to state his or her opinion on those technical matters. However, you are not required to accept their opinion. As with any other witness, it's up to you to decide whether to rely upon the testimony of an expert witness. In weighing an expert's testimony, you may consider an expert's qualifications, the reasons for the expert's opinions and the reliability of the information supporting the expert's opinions; as well as the other factors I mentioned in assessing a witness's credibility. Expert testimony should receive whatever weight and credit you think appropriate given all the other evidence in the case. You are free to accept or reject the testimony of experts just as with any other witness.

**Sources**: Revised Preliminary Jury Instructions (D.I. 535) at 9, *Ingevity Corp. v. BASF Corp.*, No. 18-CV-1391-RGA, (D. Del. Sep. 1, 2021); *E.I. Du Pont Nemours and Co. v. Unifrax I LLC*, No. 14-CV-1250-RGA, D.I. 325 (May 15, 2017) (read in open court); *Bayer Healthcare LLC v. Baxalta Inc.*, No. 16-CV-1122-RGA, D.I. 364 (Jan. 23, 2019) (read in open court); *Alarm.com, Inc. v. Securenet Tech. LLC*, No. 15-CV-807-RGA-CJB, D.I. 251 (Jan. 28, 2019) (read in open court).

**J.   Trial Procedure [AGREED]**

The trial will now begin. We will start with the opening statements. Before we do that, I want to explain the procedures that we will be following during the trial and the format of the trial. This trial, like all jury trials, comes in six phases. We have completed the first phase, which was to select you as jurors.

The second phase is the opening statements. The opening statements of the lawyers are statements about what each side expects the evidence will show. The opening statements are not evidence for you to consider in your deliberations. It's simply an opportunity for the lawyers to explain what they expect the evidence will show. You must make your decision based on the evidence and not the lawyers' statements and arguments.

In the third phase, the evidence will be presented to you. Witnesses will take the witness stand and documents will be offered and admitted into evidence. Shure goes first in presenting its evidence on the issues for which it bears the burden of proof. Witnesses will be questioned by Shure's counsel in what is called direct examination. After the direct examination of a witness is completed, ClearOne has an opportunity to cross-examine the witness. After Shure has presented its evidence, ClearOne will put on its evidence with regard to the issues Shure presented, and also for the issues for which ClearOne bears the burden of proof. Shure will then put on evidence responding to the issues for which ClearOne bears the burden of proof. The parties may present the testimony of a witness by having the individual testify live for you or by playing a videotape of the witness's deposition testimony. Both are acceptable forms of testimony. A deposition is the sworn testimony of a witness taken before trial and is entitled to the same consideration as if the witness had testified at trial.

The evidence often is introduced piecemeal, meaning that all the evidence relating to an

issue may not be presented all at one time but, rather, may be presented at different times during the trial. You are to wait until all the evidence comes in before you make any decisions. In other words, keep an open mind throughout the entire trial.

In the fourth phase, I will read you the final jury instructions. I will instruct you on the law that you must apply in this case. I have already explained to you a little bit about the law. In the fourth phase, I will explain the law to you in more detail.

In the fifth phase, the lawyers will again have an opportunity to talk to you in what is called "closing arguments." As with the opening statements, what the lawyers say in the closing arguments is not evidence for you to consider in your deliberations. It is an opportunity for the lawyers to summarize and interpret the evidence for you.

Finally, the sixth phase is the time for you to deliberate and reach a verdict. You will evaluate the evidence, discuss the evidence among yourselves, and decide the issues in this case.

**Sources**: Revised Preliminary Jury Instructions (D.I. 535) at 10-11, *Ingevity Corp. v. BASF Corp.,* No. 18-CV-1391-RGA, (D. Del. Sep. 1, 2021); 2019 AIPLA Model Patent Jury Instructions, Section 3.

Dated: October 20, 2021

Respectfully submitted,

*/s/ Alexandra M. Joyce*
Michael P. Kelly (#2295)
Brian R. Lemon (#4730)
Alexandra M. Joyce (#6423)
405 N. King St., 8th Floor
Wilmington, DE 19801
(302) 984-6300
mkelly@mccarter.com
blemon@mccarter.com
ajoyce@mccarter.com

OF COUNSEL:

Gerald F. Ivey
Mareesa A. Frederick
Elizabeth D. Ferrill
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
(202) 408-4000
gerald.ivey@finnegan.com
mareesa.frederick@finnegan.com
elizabeth.ferrill@finnegan.com

Elliot C. Cook
J. Derek McCorquindale
Alexander M. Boyer
David N. Lefcowitz
Luke H. MacDonald
Joseph M. Schaffner
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190-6023
(571) 203-2700
elliot.cook@finnegan.com
derek.mccorquindale@finnegan.com
alexander.boyer@finnegan.com
david.lefcowitz@finnegan.com
luke.macdonald@finnegan.com
joseph.schaffner@finnegan.com

Vladimir I. Arezina
VIA Legal, LLC
(312) 574-3050
vladimir@arezina.com

***Attorneys For Plaintiffs***
***Shure Incorporated and***
***Shure Acquisition Holdings, Inc.***

*/s/ Michael J. Flynn*
Michael J. Flynn (#5333))
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
mflynn@morrisnichols.com

OF COUNSEL:

Douglas J. Dixon
Christina V. Rayburn
Sourabh Mishra
HUESTON HENNIGAN LLP
620 Newport Center Drive
Suite 1300
Newport Beach, CA  92660
(949) 226-6741

Christine Woodin
HUESTON HENNIGAN LLP
523 West 6th St., Suite 400
Los Angeles, CA 90014
(213) 788-4340

***Attorneys For Defendant***
***ClearOne, Inc.***