IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHURE INCORPORATED, and SHURE ACQUISITION HOLDINGS, INC., <br><br> Plaintiffs; <br><br> v. <br><br> CLEARONE, INC., <br><br> Defendant. | Civil Action No. 19-1343-RGA |

MEMORANDUM OPINION

Michael P. Kelly, Brian R. Lemon, Alexandra M. Joyce, McCARTER & ENGLISH, LLP, Wilmington, DE; Gerald F. Ivey, Mareesa A. Frederick, Elizabeth D. Ferrill, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP, Washington, D.C.; Elliot C. Cook, J. Derek McCorquindale, Alexander M. Boyer, David N. Lefcowitz, Luke H. MacDonald, Joseph M. Schaffner, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP, Reston, VA;

    Attorneys for Plaintiffs.

Michael J. Flynn, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE; John C. Hueston, Douglas J. Dixon, Christina V. Rayburn, Sourabh Mishra, HUESTON HENNIGAN LLP, Newport Beach, CA;

    Attorneys for Defendant.

October 25, 2021



ANDREWS, U.S. DISTRICT JUDGE:

Before me are Defendant's objections (D.I. 560) to the Magistrate Judge's oral order (D.I. 544) and Defendant's motion in limine no. 2. (D.I. 578). I have considered Plaintiffs' response to Defendant's objections (D.I. 569) and Plaintiffs' response to Defendant's motion in limine (D.I. 578 at 6-11). Defendant's motion in limine (D.I. 578) is GRANTED. Defendant's objections (D.I. 560) are SUSTAINED IN PART.

The oral order, objections, and motion in limine present several related issues. First, at what point can evidence of copying be presented at trial. Second, whether Shure's infringement expert, Mr. Hatch, can opine on copying. Third, whether Shure can present evidence of ClearOne's alternate designs.

## I. EVIDENCE OF COPYING

ClearOne's motion in limine seeks to "prevent any evidence of alleged 'copying' until Shure's rebuttal case, in response to a ClearOne assertion that Shure's asserted design patent is obvious." (D.I. 578 at 2). ClearOne also objects to the oral order's statement,

> The Court is not convinced that evidence of copying the ornamental aspects of the claimed design would be absolutely irrelevant to the ordinary observer test (because if the facts suggested that the Defendant set out to and actually accomplished the copying of the ornamental aspects of the claimed design, then that might help explain why it is that an ordinary observer would think that the two designs are substantially the same).

(D.I. 544 at (3)).[1]

The question of whether evidence of copying is relevant to infringement does not appear to have been briefed by the parties before ClearOne raised the present objection. Shure asserts that it did argue copying was relevant to infringement in its briefing before the Magistrate Judge.

---

[1] The Magistrate Judge also noted that copying is a secondary consideration relevant to non-obviousness. Its relevance to non-obviousness is well-established, *Liqwd, Inc. v. L'Oreal USA, Inc.*, 941 F.3d 1133, 1137-38 (Fed. Cir. 2019), and undisputed.

2

(D.I. 569 at 1 (citing D.I. 478 at 2)). I think that, at most, Shure's original briefing implies that copying is relevant to infringement. As ClearOne points out, "Shure did not cite any cases suggesting that copying is relevant to the ordinary observer infringement analysis." (D.I. 560 at 2). Thus, I agree with ClearOne that the issue was not argued. The oral order's comment about the relevance of copying to infringement is thus not based on briefing by the parties.

In its response to ClearOne's objections, Shure argues that copying is relevant to infringement and cites this passage from *Egyptian Goddess*: "If the accused design has copied a particular feature of the claimed design that departs conspicuously from the prior art, the accused design is naturally more likely to be regarded as deceptively similar to the claimed design, and thus infringing." *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 677 (Fed. Cir. 2008). ClearOne responds, "Read in context, the inquiry is whether there is a feature that is similar between the designs, not whether the defendant tried to copy." (D.I. 578 at 13). I agree with ClearOne.

The *Egyptian Goddess* quote, in context, is part of the Federal Circuit's explanation of its rejection of the old "point of novelty" test for design infringement. 543 F.3d at 672-79. Under the point of novelty test, "For a design patent to be infringed, ... no matter how similar two items look, the accused device must appropriate the novelty in the patented device which distinguishes it from the prior art." *Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1444 (Fed. Cir. 1984) (cleaned up). In *Egyptian Goddess*, the Court explained that the purpose of the point of novelty test "can be equally well served . . . by applying the ordinary observer test through the eyes of an observer familiar with the prior art." 543 F.3d at 677. The opinion next stated, in the passage cited by Shure, "If the accused design has copied a particular feature of the claimed design that departs conspicuously from the prior art, the accused design is naturally more likely to be

3

regarded as deceptively similar to the claimed design, and thus infringing." *Id.* The "particular feature" that departs from prior art is the focus of the old point of novelty test. The ordinary observer test can account for this focus, according to *Egyptian Goddess*, because the ordinary observer knows the prior art and will find two designs that incorporate the same novel feature to be deceptively similar. Thus, the Federal Circuit's concern with the accused design "copy[ing]" that "particular feature" is based on the similarity of the designs to the ordinary observer, based on analysis of the prior art, the claimed design, and the accused product. The physical embodiments of the claimed design were not at issue. The defendant's "copying" of the claimed design or of the plaintiff's product embodying the claimed design was not at issue. The defendant's intent to copy was also not at issue.

Finally, even if copying were relevant in the way suggested by the Magistrate Judge, it would be far more prejudicial than probative. *Finjan, Inc. v. Blue Coat Sys., Inc.*, 2015 WL 4129193, at *6 (N.D. Cal. July 8, 2015) ("[T]here is significant prejudice associated with this evidence, as a jury may use evidence of copying to unfairly conclude that Defendant's products *infringe* the patents-in-suit."). In the alternative, therefore, copying evidence is excluded in Plaintiff's case-in-chief pursuant to Rule 403.

I therefore sustain ClearOne's objection to the oral order's statement about copying being relevant to infringement and grant ClearOne's motion in limine seeking to exclude copying evidence from Shure's case-in-chief.

## II.   MR. HATCH'S OPINIONS ON COPYING

ClearOne also argues that Mr. Hatch's opinions regarding copying should be excluded altogether. (D.I. 560 at 4; *see* D.I. 446 at 4). First, ClearOne claims that the evidence is not properly the subject of expert testimony. (D.I. 560 at 4). Second, ClearOne argues that the

4

evidence will lead to jury confusion. (*Id.*). Shure responds that Mr. Hatch is not opining on ClearOne's mental state, but that his "testimony will help a jury determine whether ClearOne achieved its stated goal of copying 'from an *industrial design perspective*.'" (D.I. 569 at 3).

Copying is relevant to secondary considerations of nonobviousness. Shure can present its evidence of copying in rebuttal to an obviousness challenge, including Mr. Hatch's opinions. I am not convinced at this point that the evidence would be confusing. Copying is irrelevant to any issue in the case besides for secondary considerations. I therefore overrule ClearOne's objection in this regard.

### III. EVIDENCE OF ALTERNATE DESIGNS

ClearOne's motion in limine also seeks to exclude evidence of alternate designs that ClearOne considered but did not implement. (D.I. 578 at 4.). Shure has not responded to this request. (*See id.* at 8-10 (Shure's response)). ClearOne argues that the evidence is irrelevant and highly prejudicial. (*Id.* at 4). Without any argument from Shure for how such evidence might be relevant, I decline to speculate on Shure's behalf. Thus, I grant ClearOne's motion in limine to exclude evidence of alternate designs considered but not adopted by ClearOne in its design of the accused BMA CT product.

### IV. CONCLUSION

An appropriate order will issue.