IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

SHURE INCORPORATED, and SHURE
ACQUISITION HOLDINGS, INC.,

Plaintiffs;

v.

CLEARONE, INC.,

Defendant.

Civil Action No. 19-1343-RGA

MEMORANDUM OPINION

Michael P. Kelly, Brian R. Lemon, Alexandra M. Joyce, McCARTER & ENGLISH, LLP,
Wilmington, DE; Gerald F. Ivey, Mareesa A. Frederick, Elizabeth D. Ferrill, FINNEGAN,
HENDERSON, FARABOW, GARRETT & DUNNER, LLP, Washington, D.C.; Elliot C. Cook,
J. Derek McCorquindale, Alexander M. Boyer, David N. Lefcowitz, Luke H. MacDonald,
Joseph M. Schaffner, FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP,
Reston, VA;

Attorneys for Plaintiffs.

Michael J. Flynn, MORRIS, NICHOLS, ARSHT & TUNNELL LLP, Wilmington, DE; John C.
Hueston, Douglas J. Dixon, Christina V. Rayburn, Sourabh Mishra, HUESTON HENNIGAN
LLP, Newport Beach, CA;

Attorneys for Defendant.

October 26, 2021



**ANDREWS, U.S. DISTRICT JUDGE:**

Before me are Plaintiffs' objections (D.I. 605) to the Memorandum Order issued by the

Magistrate Judge on October 8, 2021. (D.I. 575). I have reviewed the Order, the objections, and

Defendant's response. (D.I. 623). For the following reasons, I am overruling Shure's objections.

## I.    BACKGROUND

Shure sued ClearOne for infringement of Shure's patents on an array microphone. (D.I.

64). The Magistrate Judge stayed Shure's utility patent claim pending inter partes review. (*See*

D.I. 53, 391). The parties are set to litigate the remaining design patent, U.S. Patent No.

D865,723 (the '723 Patent), at a trial beginning November 1, 2021.

Shure objects to the Magistrate Judge's Memorandum Order granting ClearOne's motion

to exclude certain opinions of Shure's damages expert Dr. Vander Veen. (D.I. 575). Exclusion

of expert testimony is not dispositive, and thus the standard of review is clear error. Fed. R. Civ.

P. 72(a).

## II.    DISCUSSION

Shure objects to the Memorandum Order's exclusion of Dr. Vander Veen's calculations

for (1) total profits of the BMA CTH product under 35 U.S.C. § 289 and (2) a reasonable royalty

for all products under 35 U.S.C. § 284.

### A. Lost Profits

The Order excluded Dr. Vander Veen's total profits calculation because it calculated lost

profits for a "bundle" of products, rather than just the product at issue—the BMA CTH. (D.I.

575 at 5). In its objections, Shure argues that ClearOne failed to provide the information

necessary to calculate total profits for the BMA CTH. (D.I. 605 at 1). ClearOne responds that it

did produce such information, and even if it had not, the legally flawed estimate must still be excluded.  (D.I. 623 at 3).

I agree with ClearOne.  Dr. Vander Veen's report erred in calculating lost profits for the bundle rather than the BMA CTH product.  The BMA CTH is the relevant "article of manufacture" for § 289.[1]  *See Samsung Elecs. Co. v. Apple Inc.*, 137 S. Ct. 429, 436 (2016) ("[T]he term 'article of manufacture' is broad enough to embrace both a product sold to a consumer and a component of that product, whether sold separately or not.").  Mr. Vander Veen's calculation includes profits attributable to other items in the bundle and therefore must be excluded, as the Magistrate Judge ordered.

To correct the flawed analysis, Shure now offers a supplemental report and argues, "This solution is particularly appropriate in this case, given that the exclusion of Dr. Vander Veen's opinions for the BMA CTH was caused by ClearOne's discovery shortcoming on costs for that product."  (D.I. 605 at 1).  ClearOne replies that it will be prejudiced by allowing Shure to present a new theory when the trial is just "two weeks" away.  (D.I. 623 at 5-7).  The trial is now just days away.

The parties dispute whether ClearOne produced documents that could have allowed Shure to disaggregate the profits attributable to the BMA CTH apart from other items in the bundle.  (D.I. 605 at 2-6; D.I. 623 at 3-4).  Regardless of whether ClearOne produced such documents, Dr. Vander Veen's supplemental report is untimely.  The report was filed less than three weeks before trial.  (D.I. 605, Ex. 1).  This is not enough time to depose Dr. Vander Veen, draft and serve a supplemental report in response to Dr. Vander Veen's new opinion, and possibly move to exclude Dr. Vander Veen's opinion under *Daubert*.  (*See* D.I. 623 at 6).

---

[1] Shure does not contest this point in its objections.

3

Finally, as ClearOne points out, the proposed supplemental report is based on documents Shure has had in its possession since Dr. Vander Veen's opening expert report in January 2021. (D.I. 623 at 6-7). Shure was on notice that ClearOne contested Dr. Vander Veen's opinion on the BMA CTH profit calculations since at least April 2021 (when ClearOne moved to preclude the opinion). (D.I. 447; D.I. 448 at 10-11). The time for Shure to attempt to amend its legally flawed damages opinion has come and gone. Thus, Shure's objection is overruled, and Shure may not rely on the supplemental report at trial.

### B. Reasonable Royalty

The Order excluded Dr. Vander Veen's opinions on a reasonable royalty rate. (D.I. 575 at 2-3). Dr. Vander Veen's rate is based on a redesign theory that uses Shure's own redevelopment costs for its redesign of the MXA910 product as a proxy for what ClearOne's redevelopment costs would be. (D.I. 575). Dr. Vander Veen's report asserts that it is appropriate to use Shure's redevelopment costs because they are the "lower bound" of what ClearOne's redesign costs would be. (D.I. 451-2, Ex. 25 ¶ 90). The report lists several reasons why this is so. One of them is "the belief [] that a more extensive modification of the BMA-CT to be non-infringing would be required." *Id.* The Order found that there is no "firm factual foundation" for the statement that a "more extensive modification . . . would be required," and therefore struck the opinion. (D.I. 575 at 2-3).

Shure objects, "As to the specific issue of the MXA910-A development costs being '*more extensive*,' the R&R completely discounted Dr. Vander Veen's explanation on this point in his report[.]" (D.I. 605 at 8). Shure then excerpts several bullet points from Dr. Vander Veen's report that support the proposition that the proxy is "a conservative (*i.e.*, lower) view of damages." (*Id.*). Shure's objection fails to appreciate the Order's reasoning. The Magistrate

Judge criticized Dr. Vander Veen's unsupported statement that a "modification" of ClearOne's product would be "more extensive" than the modification implemented by Shure, not that the overall redevelopment costs would be more extensive. (D.I. 575 at 2-3). A more extensive modification was just one of the reasons Dr. Vander Veen gave for why overall costs would be higher. (D.I. 451-2, Ex. 25 ¶ 90). I find no clear error in the Order's focus on this particular factor. Whether ClearOne's redesign would be more or less extensive than Shure's redesign is the key factor in the accuracy of the proxy.[2]

Shure further objects, "It is also not accurate for the R&R to say that Dr. Vander Veen did not base his understanding of the design-around on any other expert." (D.I. 605). The Order said there is no "firm factual foundation drawn from a technical expert." (D.I. 575 at 3). Dr. Vander Veen's report contains vague references to "discussions [with other experts] related to the types of activities that would likely be required and how that compared to" Shure's redesign. (D.I. 605 at 9 (citing Dr. Vander Veen's deposition testimony)). I agree with the Magistrate Judge that this is not a "firm factual foundation." An expert's testimony cannot be based on "subjective belief or unsupported speculation." *Furlan v. Schindler Elevator Corp.*, 516 F. App'x 201, 205 (3d Cir. 2013) (citations omitted). I therefore overrule Shure's objection to the exclusion of Dr. Vander Veen's opinion on a reasonable royalty rate.

## III. CONCLUSION

An appropriate order will issue.

---

[2] Shure argues that the Dr. Vander Veen's methodology was sound. (D.I. 605 at 7). Shure criticizes the Magistrate Judge for rejecting the methodology. (*Id.*). The Magistrate Judge, however, did not reject the methodology. (D.I. 575 at 2-3). What the Magistrate Judge faulted was the unsupported input into the methodology. Even the best methodology is unreliable if the inputs are unreliable.