IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHURE INCORPORATED, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CLEARONE, INC., <br><br> Defendant. | Civil Action No. 19-1343-RGA |

MEMORANDUM ORDER

Before me is ClearOne's request for a bench trial on the issue of disgorgement. (D.I. 615 at 1 n.1; D.I. 624 at 2 n.1). In the parties' joint proposed final pretrial order (D.I. 615) and the joint proposed preliminary jury instructions (D.I. 624), ClearOne asserts that disgorgement under 35 U.S.C. § 289 is an equitable remedy and must be tried to me, not to the jury. (D.I. 615 at 1 n.1; D.I. 624 at 2 n.1). Shure responds that ClearOne has waived this request and that even if disgorgement is an equitable remedy, the relevant "article of manufacture" is a question of fact for the jury. (*Id.*).

I find that disgorgement is an equitable remedy. The Federal Circuit held, in the context of trade secret misappropriation, that the plaintiff had no right to a jury decision on disgorgement. *Texas Advanced Optoelectronic Solutions, Inc. v. Renesas Electronics America, Inc.*, 895 F.3d 1304, 1319 (Fed. Cir. 2018), *cert. denied*, 139 S. Ct. 2741 (2019). The Federal Circuit reached that result relying in part on its analysis of patent law. "The apparent fact is that for patent infringement, disgorgement of profits was not historically available at law." *Id.* at

1324. At least one other district court has denied a jury determination of § 289 disgorgement.[1] *Red Carpet Studios v. Midwest Trading Grp., Inc.*, 2021 WL 1172218 (S.D. Ohio Mar. 29, 2021), *app. docketed*, No. 21-2140 (Fed. Cir. July 13, 2021).

Shure cites to cases where disgorgement has been given to a jury. (D.I. 624 at 3 n.1 (citing *Gavrieli Brands LLC v. Soto Massini (USA) Corp.*, No. 1:18-cv-00462, D.I. 141 at 27 (D. Del. May 3, 2019); *Apple Inc. v. Samsung Elecs.*, 2018 WL 1586276 (N.D. Cal. Apr. 2, 2018); *Columbia Sportswear N. Am. Inc. v. Seirus Innovative Accessories, Inc.*, 2018 WL 1805102 (S.D Cal. Apr. 17, 2018))). Those cases did not address a request for a bench trial. "In an action not triable of right by a jury, the court, on motion or on its own . . . may, with the parties' consent, try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right, unless the action is against the United States and a federal statute provides for a nonjury trial." Fed. R. Civ. P. 39(c)(2).

Shure asserts that ClearOne has waived this request by failing to raise it earlier. (*E.g.* D.I. 615 at 1 n.1). Rule 38 provides, "A party waives a jury trial unless demand is properly served and filed." There is no such rule for a bench trial. Rule 39 addresses "action[s] not triable of right by jury" and requires the parties' consent to give a jury's verdict on the matter "the same effect as if a jury trial had been a matter of right." ClearOne is not consenting to a

---

[1] The cases sometimes refer to "damages" rather than to "disgorgement." They are the same thing in this context.

jury trial on disgorgement.[2] (*E.g.,* D.I. 615 at 1 n.1). Thus, I will hold a bench trial to determine § 289 damages.[3]

The parties also dispute whether the factual question of the relevant article of manufacture[4] must be determined by me or by the jury. This factual question appears to be relevant only to the equitable remedy of disgorgement. Thus, I will not send it to the jury. *Cf. Am. Calcar v. Am. Honda Motor*, 651 F.3d 1318, 1333 (Fed. Cir. 2011) ("Inequitable conduct is equitable in nature, with no right to a jury, and the trial court has the obligation to resolve the underlying facts of materiality and intent.").

IT IS SO ORDERED this 27th day of October 2021.

                                                                         */s/ Richard G. Andrews*
                                                                         United States District Judge

---

[2] Although the submissions make reference to there being no reasonable royalty case and no affirmative counterclaims, the issue of the right to jury trial is independent from whether there are other related jury trial "damages" issues, an issue which I have not yet resolved.

[3] To be clear, the bench trial will take place in conjunction with the jury trial, that is, I will hear testimony after the jury goes home and/or while the jury is deliberating.

[4] Based on the way some earlier issues were presented, I did not think there was any actual dispute over what the "article of manufacture" was. Apparently, though, there is. (*Compare* D.I. 615-1 at 8 of 521 *with id.* at 14 of 521).