IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

SHURE INCORPORATED, et al.,

Plaintiffs,

v.

CLEARONE, INC.,

Defendant.

Civil Action No. 19-1343-RGA

## MEMORANDUM ORDER

At issue is whether Shure can present evidence of a reasonable royalty after the

Magistrate Judge excluded part of Shure's damages expert opinion. (*See* D.I. 615 at 6 n.2).

ClearOne argues that Dr. Vander Veen's reasonable royalty opinion has been excluded and

Shure has not disclosed any alternate royalty theory through fact or expert discovery. *Id.* Shure

responds, "a reasonable royalty is required by law as the minimum statutory compensation for

patent infringement." (*Id.*). On October 26, 2021, Shure submitted a damages proffer

marshalling the evidence it can use to establish a reasonable royalty rate. (D.I. 623). The

evidence includes portions of Dr. Vander Veen's royalty rate analysis, some factual evidence,

and ClearOne's rebuttal expert, Julia R. Rowe, who has opined on a reasonable royalty rate. (*Id.*

at 3-9).

ClearOne presents good arguments for why I should exclude Dr. Vander Veen's

testimony. (D.I. 635 at 2). Since Dr. Vander Veen's *Georgia Pacific* analysis rests upon the

faulty proxy, it is either irrelevant or confusing. Thus, Shure cannot call Dr. Vander Veen to

opine on a reasonable royalty rate. Further, I agree with ClearOne that a presentation of general

factual evidence does not provide sufficient evidence for a reasonable royalty, especially when Dr. Vander Veen's opinion has been excluded.  (D.I. 635 at 4).

I will, however, allow Shure to call ClearOne's expert, Ms. Rowe, if Shure so chooses.  It is within my discretion to allow Shure to call ClearOne's witness even if ClearOne refuses to call her.  *Peterson v. Willie*, 81 F.3d 1033, 1037-38 & n.4 (11th Cir. 1996).  In making this discretionary decision, courts weigh the interests of the party seeking to call the expert and of the court in reaching an informed decision against the possible prejudice to the party who originally retained the expert.  *N5 Techs. LLC v. Cap. One N.A.*, 56 F. Supp. 3d 755, 766 (E.D. Va. 2014).

In this case, ClearOne is unlikely to be prejudiced.  ClearOne is clearly knowledgeable about Ms. Rowe's opinions on the reasonable royalty rate and well prepared to respond to it.  Shure has a strong interest in being able to present evidence of a reasonable royalty to the jury.  Ms. Rowe has reviewed the available evidence and her opinion would help the jury in reaching an informed decision on the matter.  This does not mean, however, that Shure is free to explore any topics with her that it wishes.  Ms. Rowe's testimony must be limited to what was disclosed in her expert report.  *See Penn Nat. Ins. v. HNI Corp.*, 245 F.R.D. 190, 195 (M.D. Pa. 2007).

Allowing Shure to call Ms. Rowe is particularly appropriate as the exclusion of evidence is an "extreme sanction."  *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F.2d 894, 905 (3d Cir. 1977).  Under *Pennypack*, courts in the Third Circuit consider four factors to determine whether exclusion of evidence is appropriate: "(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or other cases in the court, and (4) bad faith or willfulness in failing to comply with the district court's order."  *Id.* at 904-905.

There is minimal prejudice to ClearOne because Shure would be using ClearOne's own damages case. The first and second factor therefore favor Shure. The third factor also weighs in favor of allowing the evidence because the trial will proceed as scheduled and Julia Rowe is already included on ClearOne's witness list. As to the fourth factor, Shure is not acting in bad faith or willfully and is not failing to comply with the pretrial order—rather, Shure and ClearOne are contesting the contents of the pretrial order. Thus, I will allow Shure to call Ms. Rowe if Shure so chooses.

If Shure wants to call Ms. Rowe as a witness,[1] Shure must make that decision and advise ClearOne by October 29, 2021, at 11 a.m. ClearOne is directed to ensure Ms. Rowe is present at trial if Shure represents that Shure is going to call her. If Shure represents that it is going to call Ms. Rowe, Shure is going to be responsible for paying a portion of Ms. Rowe's expert fees, but I cannot presently determine what that portion would be.[2]

IT IS SO ORDERED this 28th day of October 2021.

United States District Judge

---

[1] I do not know whether Shure will choose to call Ms. Rowe. The reasonable royalty and the §289 disgorgement remedies are alternatives; if Shure obtains both, it will have to elect one or the other.

[2] My understanding is that ClearOne intends to call Ms. Rowe as a witness in the bench trial portion of the case. Thus, if Shure calls her as its witness, she will be presenting evidence at different times on behalf of different parties, and I will have to apportion her fees and expenses after the fact (assuming the parties cannot come to an agreement).