# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHURE INCORPORATED, | ) | |
| and | ) | |
| SHURE ACQUISITION HOLDINGS, INC., | ) ) ) | C.A. No.: 19-1343-RGA-CJB |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| CLEARONE, INC. | ) ) | |
| Defendant. | ) | |

# **<u>PRELIMINARY JURY INSTRUCTIONS</u>**


## **TABLE OF CONTENTS**

**Page**

| | | |
|---|---|---|
| I. | PRELIMINARY INSTRUCTIONS | 1 |
| A. | Nature of the Action and the Parties | 2 |
| B. | General Information on Design Patents | 3 |
| C. | Glossary of Patent Terms | 4 |
| D. | Patent Litigation | 5 |
| E. | Contentions of the Parties | 6 |
| F. | Conduct of the Jury | 7 |
| G. | Evidence | 10 |
| H. | Burden of Proof | 12 |
| I. | Evaluating a Witness | 13 |
| J. | Trial Procedure | 14 |

## I. **PRELIMINARY INSTRUCTIONS**

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for your guidance on the nature of the case and on your role as jurors. You will hear the evidence, decide what the facts are and then apply those facts to the law that I will give you. You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial and I will explain to you the legal principles that must guide you in your decisions. You must follow the law that I give you, whether you agree with it or not.

### A. Nature of the Action and the Parties

This is an action arising under the patent laws of the United States. The plaintiff is Shure. The defendant is ClearOne. Shure has brought a patent infringement claim against ClearOne.

The patent involved in this case relates to the ornamental design of microphone arrays for conference rooms. During the trial, the parties will offer testimony to familiarize you with this type of technology and product. Shure is the owner of a design patent, U.S. Patent No. D865,723. Shure's design patent will usually be referred to as "the '723 Patent." Shure's patent claims involve allegations that ClearOne manufactured and sold products using Shure's patented design. ClearOne denies the allegation of infringement, and additionally contends that Shure's '723 Patent is invalid.

### B. General Information on Design Patents

Patents are granted by the United States Patent and Trademark Office.

I will now show you a video that provides a description of the U.S. patent system. The video focuses on the most common type of patent, which concern "inventions," such as the electric light bulb or the telephone.

This case focuses on a different kind of patent: a design patent. A design patent focuses on "ornamental design" and may be granted to anyone who invents a new, original, and ornamental design for an article of manufacture.

While the subject matter of these two types of patents differs, the patents themselves and the application process at the USPTO are similar.

[Play the video].

As you just heard, a patent includes what is called a "specification."  For a design patent, the specification must contain one or more drawings of the design as well as a description of the drawings, and it serves as a single claim.  The "claim" for design patents generally refers to the drawings and how they are described.

### C. **Glossary of Patent Terms**

I have prepared a glossary of patent terms, which might help you. I am not going to read these to you, but you will have these instructions and may refer to them.

**Application**—The initial papers filed by the applicant in the United States Patent and Trademark Office (also called the "USPTO" or "PTO").

**Ordinary skill in the art**—The level of experience, education, or training generally possessed by those individuals who work in the area of the invention before the effective filing date of the patent.

**Patent Examiners**—Personnel employed by the U.S. Patent and Trademark Office, or PTO, in a specific technical area to determine (1) whether the claims are eligible for patenting, (2) whether the claims of a patent application are patentable over the prior art considered by the examiner, and describes the invention with the required specificity.

**Prior Art**—Knowledge that is publicly available before the effective filing date of the patent application.

**Prosecution History**—The written record of proceedings between the applicant and the PTO, including the original patent application and later communications between the PTO and applicant. The prosecution history may also be referred to as the "file history" or "file wrapper" of the patent during this trial.

**References**—Any item of prior art used to determine patentability.

### D. Patent Litigation

Someone is said to be infringing a claim of a patent when they, without permission from the patent owner, import, make, use, offer to sell, or sell the claimed invention, as defined by the claims, within the United States before the term of the patent expires. The owner of a patent who believes someone is infringing the exclusive rights of a patent may bring a lawsuit, like this one, to attempt to stop the alleged infringing acts. The patent owner must prove infringement of the claim of the patent.

A party accused of infringing a patent may deny infringement and/or prove that the asserted claim of the patent is invalid. If a party challenges the validity of the patent, you must decide, based on the instructions I will give you, whether the challenger has proven by clear and convincing evidence that the asserted claims of the patent are invalid.

### E. Contentions of the Parties

In this case, Shure alleges that ClearOne infringes the design of the '723 patent and sells several ceiling microphone products using the patented design without permission. ClearOne denies Shure's allegations. ClearOne further contends that Shure's '723 patent is invalid, and does not afford Shure any patent rights.

F.  **Conduct of the Jury**

I have a few words about your conduct as jurors. First, I instruct that during the trial and until you have heard all the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even amongst yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. Many of you use cell phones, smart phones and other electronic devices to access the internet and communicate with others. You must not talk to anyone about this case through any of those means. You also must not talk the old-fashioned way of just talking. This includes your family and friends.

The lawyers, parties and witnesses are not supposed to talk to you outside the testimony and arguments presented in the courtroom. If any lawyer, party or witness does not speak to you when you pass in the hall, ride in the elevator or the like, it is because they are not supposed to talk with you, not because they are rude. That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything related to the case that is not admitted into evidence. By that I mean if there is something on the internet relating to the case, do not click on it and do not read it.

In addition, do not try to do any independent research or investigation on your own in any matters related to the case or this type of case. Do not do any research on the internet, for example, about microphone design. You are to decide the case upon the evidence presented at trial.

You should not consult dictionaries or reference materials such as the internet or any other electronic sources to obtain information about this case or to help you decide the case. Do not try to find out any information from any source outside what you hear in the courtroom. Do not reach any

7

conclusion as to the claims or defenses until all the evidence is in. Keep an open mind until you start deliberations at the end of the case.

During the trial it may be necessary for me to talk to the lawyers out of your hearing by having a side bar, which is when we meet over there. If that happens, please be patient. We're not trying to keep important information from you. The side bars are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law. We will, of course, do what we can to keep the number and length of these side bars to a minimum. While we meet, I may invite you to stand up and stretch and take a short break or if it's a lengthy issue perhaps even call a recess. I sometimes do not grant an attorney's request for a side bar. Do not consider my granting or denying a request for a side bar as any indication of my opinion of the case or of what your verdict should be.

Now, only the lawyers and I are allowed to ask questions of witnesses. You, however, are not permitted to ask questions of witnesses.

We also have, as you can see, a court reporter, the person in front of the bench here, who will be transcribing the testimony during the course of the trial, but you should not assume that the transcripts will be available for your review during your deliberations, nor should you consider the notes that you or your fellow jurors may take as a kind of written transcript.

Instead, as you listen to the testimony keep in mind that you will be relying on your memory of that testimony during your deliberations.

If you wish, you may take notes during the presentation of evidence and when the attorneys make their arguments to you.  My courtroom deputy will arrange for pens, pencils and paper. Any notes you take, if you choose to take them, are for your own personal use, they are not to be given or read to anyone else.  If you do take notes, take them with you each time you leave the courtroom and leave them in the jury room when you leave at night. Do not take them away from court. At the

conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them to protect the secrecy of your deliberations.

### G. Evidence

The evidence from which you are to find the facts consists of the following: the testimony of witnesses, documents and exhibits and any facts that are stipulated; that is, formally agreed to by the parties.

The following things are not evidence: Statements, arguments and questions of the lawyers for the parties in this case, objections by lawyers, any testimony I tell you to disregard and anything you may see or hear about this case outside of the courtroom.

There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced by the fact an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe the evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence you receive is for a limited purpose only, you must follow that instruction. Certain testimony or other evidence may be ordered struck from the record by me and I may also instruct you to disregard that evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not guess about what a witness might have said or what an exhibit might have shown.

There are two types of evidence that you may use in reaching your verdict: direct evidence and circumstantial evidence. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. If a witness testified that she saw it raining outside and you believed her, that would be direct evidence that it was raining. Circumstantial evidence is indirect proof, meaning proof of one

or more facts from which you can infer or conclude another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining outside. You should consider all the evidence, both direct and circumstantial, that is presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

### H. **Burden of Proof**

In any civil case, facts must be proven by a required standard of evidence known as the burden of proof. There are two different burdens of proof relevant to this case. The first is called the preponderance of the evidence. The second is called clear and convincing evidence.

Shure has the burden of proving its patent infringement claim by a preponderance of the evidence.

"Proof by a preponderance of the evidence" means evidence which, as a whole, shows that something is more probable than not. To put it differently, if you were to put the evidence favorable to the party bearing the burden of proof and the evidence favorable to the other party on opposite sides of the scales, the party with the burden would need to make the scales tip somewhat to its side in order to prevail on its claim.

In this case, ClearOne not only denies infringement, but also contends that the asserted claim of the '723 patent is invalid. To prove that the asserted claim of the '723 patent is invalid, ClearOne must meet a different standard, called "clear and convincing evidence."

"Proof by clear and convincing evidence" is evidence that shows that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is a higher burden of proof than proof by a preponderance of the evidence. However, neither standard of evidence requires proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether a party has met their burden of proof, unless otherwise instructed, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## I. **<u>Evaluating a Witness</u>**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility means only whether a witness is worthy of belief. You should consider each witness's biases, prejudices, or interests; each witness's means of knowledge, strength of memory, and opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony. You may believe everything a witness says or only part of it or none of it.

You are also going to hear some testimony from expert witnesses. When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is someone that we often refer to as an expert witness and that person is permitted to state his or her opinion on those technical matters. However, you are not required to accept their opinion. As with any other witness, it's up to you to decide whether to rely upon the testimony of an expert witness. In weighing an expert's testimony, you may consider an expert's qualifications, the reasons for the expert's opinions and the reliability of the information supporting the expert's opinions; as well as the other factors I mentioned in assessing a witness's credibility. Expert testimony should receive whatever weight and credit you think appropriate given all the other evidence in the case. You are free to accept or reject the testimony of experts just as with any other witness.

### J. Trial Procedure

The trial will now begin. We will start with the opening statements. Before we do that, I want to explain the procedures that we will be following during the trial and the format of the trial. This trial, like all jury trials, comes in six phases. We have completed the first phase, which was to select you as jurors.

The second phase is the opening statements. The opening statements of the lawyers are statements about what each side expects the evidence will show. The opening statements are not evidence for you to consider in your deliberations. It's simply an opportunity for the lawyers to explain what they expect the evidence will show. You must make your decision based on the evidence and not the lawyers' statements and arguments.

In the third phase, the evidence will be presented to you. Witnesses will take the witness stand and documents will be offered and admitted into evidence. Shure goes first in presenting its evidence on the issues for which it bears the burden of proof. Witnesses will be questioned by Shure's counsel in what is called direct examination. After the direct examination of a witness is completed, ClearOne has an opportunity to cross-examine the witness. After Shure has presented its evidence, ClearOne will put on its evidence with regard to the issues Shure presented, and also for the issues for which ClearOne bears the burden of proof. Shure will then put on evidence responding to the issues for which ClearOne bears the burden of proof.

The evidence often is introduced piecemeal, meaning that all the evidence relating to an issue may not be presented all at one time but, rather, may be presented at different times during the trial. Wait until all the evidence comes in before you make any decisions. In other words, keep an open mind throughout the entire trial.

In the fourth phase, I will read you the final jury instructions. I will instruct you on the law

that you must apply in this case. I have already explained to you a little bit about the law. In the fourth phase, I will explain the law to you in more detail.

In the fifth phase, the lawyers will again have an opportunity to talk to you in what is called "closing arguments." As with the opening statements, what the lawyers say in the closing arguments is not evidence for you to consider in your deliberations. It is an opportunity for the lawyers to summarize and interpret the evidence for you.

Finally, the sixth phase is the time for you to deliberate and reach a verdict. You will evaluate the evidence, discuss the evidence among yourselves, and decide the issues in this case.