IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHURE INCORPORATED, and SHURE ACQUISITION HOLDINGS, INC., <br><br> Plaintiffs; <br><br> v. <br><br> CLEARONE, INC., <br><br> Defendant. | Civil Action No. 19-1343-RGA |

MEMORANDUM ORDER

Shure sued ClearOne for patent infringement and various business torts. (D.I. 64). Just over six weeks before trial, Shure sent a letter informing the Court that it was withdrawing its business tort claims. (D.I. 548). Upon receiving this letter, the Magistrate Judge ordered the parties to meet and confer "regarding the appropriate disposition of Shure's non-patent claims (e.g. dismissal with or without prejudice)." (D.I. 555). The parties could not agree, and ClearOne filed the present motion to dismiss. (D.I. 562). I now address that motion.

The parties seem to agree that the claims must be dismissed. The real battle is whether the claims should be dismissed with or without prejudice. (D.I. 563 at 10; D.I. 589 at 14). Shure argues that they should be dismissed as moot, pointing to *ArcherDX, LLC v. Qiagen Sciences, LLC*, C.A. No. 18-1019, D.I. 419 (D. Del. July 26, 2021). (D.I. 589 at 14). ClearOne argues that the claims should be dismissed with prejudice and offers some procedural devices through which I might do so.

1

In the normal course of litigation, parties narrow claims and defenses as trial approaches. I have previously found that claims dropped on the eve of trial are dropped with prejudice. *Bio-Rad Labs., Inc. v. 10X Genomics, Inc.*, C.A. No. 15-152-RGA, D.I. 561 at 1 (D. Del. July 9, 2019). In this case, Shure dropped its claims while ClearOne's summary judgment and *Daubert* motions were pending. At Shure's suggestion, the Court denied ClearOne's motions as moot. (D.I. 548, 555, 571, 575).

Shure suggests that a different outcome is appropriate here because the claims were dropped over six weeks before trial, not on "the eve of trial." (D.I. 589 at 10–11). That the claims were not dropped literally hours before trial misses the point. (*Id.* at 11). These claims were poised for a final disposition. Allowing Shure to file a new lawsuit tomorrow asserting these very claims would lead to excessive, duplicative expenses. Shure brought its business claims more than two years before dropping them. (D.I. 19, 548). The parties litigated the claims extensively in this forum. Pretrial exchanges were ongoing, and a dispositive motion was pending. (D.I. 531, 449). Shure informally dropped its business tort claims less than two months before trial without much explanation and failed to formalize that decision.

Shure relies heavily on *ArcherDX*, where the Plaintiffs' withdrawn claims were dismissed as moot. (D.I. 589 at 14). In such discretionary matters, it is unsurprising that different circumstances lead to different outcomes. Here, I think that dismissal with prejudice is appropriate.

ClearOne asks me to dismiss under Rule 41 of the Federal Rules of Civil Procedure and offers arguments on the equitable factors that would go into whether the dismissal should be with prejudice. Shure responds that Rule 41(a) allows dismissal of "an action" rather than individual claims. There is support for Shure's position in the caselaw. *See Perry v. Schumacher Grp. of*

*Louisiana*, 891 F.3d 954, 958 (11th Cir. 2018) ("It is clear from the text that only an '*action*' may be dismissed.").[1] The alternative is to treat the dropping of a claim as an amendment under Rule 15 of the Federal Rules of Civil Procedure. *See id.* Under Rule 15, I have "extensive discretion to decide whether to grant leave to amend after the time for amendment as a matter of course has passed." Wright & Miller, Federal Practice & Procedure Civil 3d, § 1486 (2010). I therefore construe Shure's letter withdrawing its business tort claims as a request to amend its complaint. *See Gronholz v. Sears, Roebuck & Co.*, 836 F.2d 515, 518 (Fed. Cir. 1987) ("Gronholz's dismissal of the patent claim constituted an amendment of his complaint."). I will so treat the motion.

Shure requests that, should I dismiss with prejudice, I order each side to pay their own fees and expenses. (D.I. 598 at 14–15). It seems likely to me that is the main reason for this dispute. That is, whether I hold the claims are dismissed or withdrawn with prejudice, I have a hard time thinking that Shure could ever actually refile the claims without them being barred by claim preclusion principles. Even assuming that I have the power now to decide attorneys' fees or costs issues in relation to this particular dispute, the business tort claims were merely a piece of the bigger dispute between the parties, which has included a trial on a design patent and business tort counterclaims that are still pending. This is not the time to carve out a portion of the case and to decide on attorneys' fees and expenses in relation to that portion.

---

[1] Whatever the caselaw may suggest, my experience is that parties routinely agree to "dismiss" claims and I just as routinely "so order" the agreement. I expect all the judges of this Court do that.

3

Plaintiffs' amendment of the complaint to withdraw the previously asserted Counts II, III, IV, and V is **GRANTED**. The counts are **WITHDRAWN WITH PREJUDICE**. Defendant's motion to dismiss (D.I. 562) is **DISMISSED** as moot.

IT IS SO ORDERED this 27 day of May, 2022.

*/s/ Richard G. Andrews*
United States District Judge